IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, ET AL., ) | CIVIL NO. 16-00347 JMS-RLP |
| ) | |
| Plaintiffs, ) | ORDER GRANTING (1) GAURINO |
| ) | DEFENDANTS' MOTION TO COMPEL |
| vs. ) | DISCOVERY RESPONSES TO FIRST |
| ) | REQUEST FOR ANSWERS TO |
| ABNER GAURINO, ET AL., ) | INTERROGATORIES AND TO COMPEL |
| ) | PLAINTIFFS CRAIG B. STANLEY AND |
| Defendants. ) | MILLICENT ANDRADE TO SUBMIT TO |
| ) | DEPOSITIONS UPON ORAL |
| ) | EXAMINATION AND SANCTIONS AND |
| ) | (2) DEFENDANT APT-320, LLC'S |
| ) | MOTION TO COMPEL DISCOVERY FROM |
| ) | PLAINTIFFS |
| _____ ) | |

ORDER GRANTING (1) GAURINO DEFENDANTS' MOTION TO COMPEL
DISCOVERY RESPONSES TO FIRST REQUEST FOR ANSWERS TO
INTERROGATORIES AND TO COMPEL PLAINTIFFS CRAIG B. STANLEY
AND MILLICENT ANDRADE TO SUBMIT TO DEPOSITIONS UPON ORAL
EXAMINATION AND SANCTIONS AND (2) DEFENDANT APT-320,
LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS

Two discovery motions are before the Court: (1) the Gaurino Defendants' Motion to Compel Discovery Responses to First Request for Answers to Interrogatories and to Compel Plaintiffs Craig B. Stanley and Millicent Andrade to Submit to Depositions upon Oral Examination and Sanctions, filed on June 30, 2017; and (2) Defendant APT-320, LLC's Motion to Compel Discovery from Plaintiffs, filed on July 3, 2017 (collectively "Motions").  ECF Nos. 68, 71.  Plaintiffs did not file an Opposition or other response to the Gaurino Defendants' Motion.  Plaintiffs filed an Opposition to APT-320, LLC's Motion stating that their delays were due to health issues and a deterioration of the attorney-client relationship with their prior counsel, and that they

intended to fully comply with the discovery requests and provide dates for their depositions.  See ECF No. 78.  Defendant APT-320 LLC filed a Reply on July 27, 2017, stating that Plaintiffs had failed to respond to discovery or provide dates for their depositions.  See ECF No. 91.  Pursuant to Local Rule 7.2(d), the Court found this matter suitable for disposition without a hearing.  ECF No. 69.  After carefully reviewing the parties' submissions and the relevant legal authority, the Court GRANTS the Motions.

BACKGROUND

This action arises from a real estate transaction that purportedly transferred certain real property from Plaintiffs to Defendants in exchange for shares of stock.  See ECF No. 1.  Plaintiffs allege various claims against Defendants related to this transaction including violations of the Securities Act of 1933, fraud in the offer or sale of securities, fraud in connection with the purchase or sale of securities, fraudulent transfer, common law fraud, and constructive trust.  Id.

The Gaurino Defendants' Motion asks the Court to compel Plaintiffs Craig B. Stanley and Millicent Andrade to respond to the Gaurino Defendant's First Requests for Responses to Interrogatories, served in February 2017, and to provide dates for their depositions, which the Gaurino Defendants have been attempting to schedule since February 2017.  See ECF Nos. 68, 68-

5. Defendant APT-320 LLC's Motion asks the Court to compel Plaintiffs to provide written responses and documents in response to APT-320 LLC's First Request for Production of Documents and to compel Plaintiff Stanley and Plaintiff Andrade to appear for their depositions no later than August 21, 2017.  ECF No. 71.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining whether the discovery is "proportional to the needs of the case," the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.  Pursuant to Rule 37, a party may move for an order compelling discovery if another party fails to respond.  Fed. R. Civ. P. 37(a)(3)(b).

**1. Defendants' Request to Compel Plaintiff to Respond to the Discovery Requests is GRANTED.**

There is no dispute that Plaintiffs failed to provide timely responses to the Gaurino Defendant's First Requests for

Responses to Interrogatories and to Defendant APT-320 LLC's First Request for Production of Documents (collectively, "Discovery Requests"). Accordingly, the Court finds that Plaintiff has waived any objections to the Discovery Requests. See Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 281 (N.D. Cal. 2015) ("It is well established that all grounds for objections to discovery must be stated with specificity in the initial response or the objection is waived." (citation omitted)). The Discovery Requests propounded by Defendants seek documents and information that are relevant to this action. The Court GRANTS Defendants' request to compel Plaintiffs to provide full and complete responses to the Discovery Requests. No later than August 21, 2017, Plaintiffs Craig B. Stanley and Millicent Andrade shall serve full and complete responses to Defendants Abner Gaurino, Aurora Gaurino and Abigail Gaurino's First Request for Responses to Interrogatories. No later than August 21, 2017, Plaintiffs shall serve full and complete responses to and shall serve all documents responsive to Defendant APT-320 LLC's First Request for Production of Documents.

**2.  Defendants' Request to Compel Plaintiffs Craig B. Stanley and Millicent Andrade to Appear for their Depositions is GRANTED.**

There is no dispute that Plaintiffs Craig B. Stanley and Millicent Andrade have failed to provide dates for their

depositions despite Defendants' numerous scheduling attempts and Plaintiffs' indications that they would do so.  See ECF Nos. 78-1, 78-2.  Defendants' request to compel Plaintiffs Craig B. Stanley and Millicent Andrade to appear for their deposition is GRANTED.  No later than August 31, 2017, Plaintiffs Craig B. Stanley and Millicent Andrade shall appear for their depositions at a date, time, and location noticed by Defendants' counsel.

**3. Defendants Are Awarded Their Reasonable Expenses Incurred in Making the Present Motions.**

If a motion to compel is granted, the Court must require the party whose conduct necessitated the motion or the attorney advising that conduct, or both, to pay the moving party's reasonable expenses incurred in making the motion unless the response was substantially justified or other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5).

First, because Plaintiffs did not file an opposition or other response to the Gaurino Defendants' Motion, there is no indication in the record that Plaintiffs' failure to respond to the Gaurino Defendant's Interrogatories or failure to provide deposition dates was substantially justified.  As noted above, the Gaurino Defendants served their Interrogatories in February 2017, and have been working with Plaintiffs to attempt to schedule their depositions since that same time.  The record indicates that the Gaurino Defendants granted Plaintiffs several

extensions of time, but Plaintiffs failed to respond. Accordingly, the Court finds that Plaintiffs' failure to provide discovery to the Gaurino Defendants was not substantially justified and no other circumstances make an award of expenses unjust. No later than August 31, 2017, Plaintiffs shall pay $500.00 to the Gaurino Defendants for the reasonable expenses incurred in bringing the present Motion.

<u>Second</u>, although Plaintiffs filed an Opposition to Defendant APT-320 LLC's Motion, Plaintiffs failed to serve responses, produce documents, or provide dates for their depositions despite their representations to the contrary. See ECF No. 78, 91. Although the Court is sympathetic to Plaintiffs' health issues, Plaintiffs have had ample time to respond to discovery and to work with their new counsel to comply with outstanding requests, but have failed to do so. Accordingly, the Court finds that Plaintiffs' failure to provide discovery to Defendant APT-320 LLC was not substantially justified and no other circumstances make an award of expenses unjust. No later than August 31, 2017, Plaintiffs shall pay $500.00 to Defendant APT-320 LLC for the reasonable expenses incurred in bringing the present Motion.

## CONCLUSION

In accordance with the foregoing, the Court GRANTS (1) the Gaurino Defendants' Motion to Compel Discovery Responses to

First Request for Answers to Interrogatories and to Compel Plaintiffs Craig B. Stanley and Millicent Andrade to Submit to Depositions upon Oral Examination and Sanctions, filed on June 30, 2017; and (2) Defendant APT-320, LLC's Motion to Compel Discovery from Plaintiffs as follows:

    1.   No later than August 21, 2017, Plaintiffs Craig B. Stanley and Millicent Andrade shall serve full and complete responses to Defendants Abner Gaurino, Aurora Gaurino and Abigail Gaurinos' First Request for Responses to Interrogatories.

    2.   No later than August 21, 2017, Plaintiffs shall serve full and complete written responses and all documents responsive to Defendant APT-320 LLC's First Request for Production of Documents.

    3.   No later than August 31, 2017, Plaintiffs Craig B. Stanley and Millicent Andrade shall appear for their depositions at a date, time, and location noticed by Defendants' counsel.

    4.   The Court AWARDS reasonable expenses to Defendants related to bringing the present Motions.  No later than August 31, 2017, Plaintiffs Craig B. Stanley and Millicent Andrade shall pay $500.00 to the Gaurino Defendants.  No later than August 31, 2017, Plaintiffs shall pay $500.00 to Defendant APT-320 LLC.

    IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, AUGUST 8, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge

**ATOOI ALOHA, LLC V. GAURINO., ET AL.; CIVIL NO. 16-00347 JMS-RLP; ORDER GRANTING (1) GAURINO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES TO FIRST REQUEST FOR ANSWERS TO INTERROGATORIES AND TO COMPEL PLAINTIFFS CRAIG B. STANLEY AND MILLICENT ANDRADE TO SUBMIT TO DEPOSITIONS UPON ORAL EXAMINATION AND SANCTIONS AND (2) DEFENDANT APT-320, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS**