CHARLES A. PRICE 5098-0
KOSHIBA PRICE GRUEBNER & MAU
707 Richards Street, Suite 610
Honolulu, Hawaii 96813
Telephone No.: (808) 523-3900
Fascimile No.: (808) 526-9829
cprice@koshibalaw.com

WILLIAM J. PLUM 4839-0
The Plum Law Office, A Law Corporation
P.O. Box 3503
Honolulu, Hawaii 96811
Telephone: (808) 528-0050
Fax (808) 524-3355
wplum@plumlaw.com

Attorneys for Defendants
INVESTORS FUNDING CORPORATION
AND APT-320, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>Plaintiffs,<br><br>ABNER GUARINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an | ) | CIVIL NO. 16-00347 JMS RLP<br><br>STIPULATION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND ORDER; EXHIBIT A |

unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,

Defendants.

---

APT-320, LLC, a Hawaii Limited Liability Company

Third Party Plaintiff,

APARTMENT OWNERS OF DIAMOND HEAD SANDS

Third Party Defendant.

---

STIPULATION TO FILE THIRD PARTY COMPLAINT

IT IS HEREBY STIPULATED AND AGREED, by and between the parties herein, through their respective counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that Defendant and Third Party Plaintiff APT-320 (“APT-320”) may file a third party complaint against ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS (“Third Party Defendant AOAO”). A copy of the third party complaint is attached as Exhibit A.

This stipulation is signed by counsel for all parties who have appeared in this action.  This stipulation may be signed  in counter-parts.

Dated: September 21, 2017

/s/ William J. Plum
William J. Plum
Charles A. Price
Attorneys for Defendant and Third Party
Plaintiff APT-320 LLC


/s/ Robert D. Eheler, Jr.
John R. Remis, Jr.
Robert D. Eheler, Jr.
Attorneys for Defendant
Abigail Lee Gaurino


/s/ Dennis W. Chong Kee
Dennis W. Chong Kee
W. Keoni Shultz
Christoper T. Goodin
Attorneys for ATOOI Aloha LLC,
Craig B. Stanley, as Trustee for
the Edmon Keller and Cleavette Mae
Stanley Family Trust, Craig B. Stanley,
individually,   Millicent   Andrade,
individually


/s/ Thomas D. Yano
Thomas D. Yano
Attorney for Cristeta C. Owan

/s/ Wayne Nasser
Wayne Nasser
Attorney for Fidelity National Title & Escrow

Defendant and Third Party Plaintiff APT-320 shall filed its third party complaint against ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS no later than 9/29/2017.

APPROVED AND SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 22, 2017.

Richard L. Puglisi
United States Magistrate Judge

*Atooi Aloha, LLC, et al. vs. Abner Gaurino, et al.*; Civil No. 16-00347 JMS RLP; STIPULATION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND ORDER

CHARLES A. PRICE 5098-0
KOSHIBA PRICE GRUEBNER & MAU
707 Richards Street, Suite 610
Honolulu, Hawaii 96813
Telephone No.: (808) 523-3900
Fascimile No.: (808) 526-9829
cprice@koshibalaw.com

WILLIAM J. PLUM 4839-0
The Plum Law Office, A Law Corporation
P.O. Box 3503
Honolulu, Hawaii 96811
Telephone: (808) 528-0050
Fax (808) 524-3355
wplum@plumlaw.com

Attorneys for Defendants
INVESTORS FUNDING CORPORATION
AND APT-320, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>Plaintiffs,<br><br>ABNER GUARINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an | CIVIL NO. 16-00347 JMS RLP<br><br>DEFENDANT AND THIRD PARTY PLAINTIFF APT-320, LLC'S THIRD PARTY COMPLAINT AGAINST ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS; SUMMONS; CERTIFICATE OF SERVICE |

EXHIBIT A

unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,

Defendants.

---

APT-320, LLC, a Hawaii Limited Liability Company

Third Party Plaintiff,

APARTMENT OWNERS OF DIAMOND HEAD SANDS

Third Party Defendant.

---

\thirdparty3(a).apt

**DEFENDANT APT-320, LLC'S THIRD PARTY COMPLAINT AGAINST ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS**

Defendant and Third Party Plaintiff APT-320 ("APT-320") brings a third party complaint against Third Party Defendant ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS ("Third Party Defendant AOAO"), alleging as follows:

1. APT-320 is and was at all relevant times herein, a Hawaii limited liability company, with its principal place of business in the City and County of Honolulu, State of Hawaii.

2.      Third Party Defendant AOAO is and was at all relevant times herein a Hawaii association of apartment owners doing business in, and located in, the City and County of Honolulu, State of Hawaii.

3.      On or about July 2, 2014, Defendant ABIGAIL GAURINO ("Defendant Abigail") executed a certain Interest Only Note ("Note"), in favor of Investors Funding Corporation ("IFC"), which Note was assigned to, possessed, and held by APT-320 on April 27, 2016, in the original principal amount of $220,000.00.

4.      The Note is secured by that certain Mortgage, Security Agreement and Financing Statement dated July 2, 2014 ("Mortgage"), executed by ABIGAIL GAURINO, as mortgagor, in favor of IFC, which Mortgage has been assigned to APT-320, as mortgagee, and which Mortgage is recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-53050265. The property which is more fully described in the Mortgage is that certain real property located at 3721 Kanaina Street, #320, Honolulu, Hawaii 96815-4405, identified by Tax Map Key No. (1) 3-1-025-008, CPR No. 0088 ("Mortgaged Property").

5.      The Note is also secured by that certain Assignment of Lessor's Interest In Leases And Rents dated July 2, 2014, recorded in said Bureau of Conveyances as Document No. A-53050266 ("Assignment of Rents"), which covers the Mortgaged Property. The Assignment of Rents has been assigned by IFC to APT-320.

6.      The Note is further secured by a blanket security interest in, among other things, all leases, contracts, insurance policies and proceeds relating to the Mortgaged Property, all personal property located at the Mortgaged Property and all instruments, documents, general intangibles, permits and licenses pertaining to the Mortgaged Property ("Collateral Property"), as evidenced by that certain Security Agreement dated July 2, 2014 ("Security Agreement"), which

Security Agreement has been assigned by IFC to APT-320. The Security Agreement is perfected by that certain UCC Financing Statement recorded in said Bureau of Conveyances as Document No. A-53050267.

7. APT-320 remains the current holder and owner of the Note, Mortgage, Assignment of Rents and Security Agreement.

8. The Note matured on July 11, 2015, and Defendant Abigail has defaulted in the observance and performance of the terms, covenants and conditions set forth in the Note and Mortgage. As a result of said default, the entire amount of said obligation presently unpaid is now due and payable as follows:

| | |
|---|---|
| Principal Balance | $220,000.00 |
| Interest to 8/31/17 | $ 73,031.90 |
| Property Taxes | $ 4,713.23 |
| TOTAL | $297,745.13 |

plus a current per diem interest accrual of $110.00 for each day from August 31, 2017, together with expenses, advances, and reasonable attorneys' fees and costs.

9. By reason of the facts set forth herein, APT-320 is entitled to the foreclosure of the Mortgage and to the sale of the Mortgaged Property therein described.

10. It is provided in the Note and Mortgage that in the event of foreclosure, APT-320 may be awarded all sums secured by the Mortgage, including reasonable attorneys' fees and all costs, expenses or advances made by APT-320 for the benefit or protection of the Mortgaged Property.

11. Third Party Defendant AOAO may have or claim to have an interest in the Mortgaged Property by virtue of common expenses due and owing to Defendant AOAO in

connection with the Mortgaged Property relating to a notice of lien which lien was recorded on May 22, 2017, in the Bureau of Conveyances of the State of Hawaii as Document No. A-63510657, and pursuant to Chapters 514A or B of the Hawaii Revised Statutes, as amended, which interests, if any, are junior or subordinate to APT-320's Mortgage, Assignment of Rents and Security Agreement.

**WHEREFORE, APT-320 prays:**

1.      That process of this court issue commanding the Third Party Defendant AOAO to appear and answer this Third Party Complaint.

2.      That upon a hearing had herein, there be ascertained the total amounts due to APT-320 at the time of judgment under the Note, Mortgage, Assignment of Rents and Security Agreement, including unpaid principal, accrued interest, late charges, expenses, advances and attorneys' fees and that this Court determine and decree:

a.      That there is due and owing to APT-320 by virtue of the terms of the Note, Mortgage, Assignment of Rents and Security Agreement certain sums of money, and that such sums of money together with legal interest, costs and attorneys' fees be declared to be a valid first lien upon Mortgaged Property and Collateral Property; and that this Court affix and determine just and reasonable attorneys' fees for APT-320's attorneys herein;

b.      That this Court determine the priority of all liens and interests in Mortgaged Property and Collateral Property;

c.      That upon the foreclosure sale herein prayed for, Third Party Defendant AOAO, Plaintiffs and Defendant Abigail, and all persons claiming any interests in said Mortgaged Property and Collateral Property, shall be forever barred and foreclosed from all right, title, interests and claims at law or in equity in and to said Mortgaged Property and related Collateral Property covered by the Security Agreement and every part thereof;

d. That this Court appoint a commissioner to take possession of said Mortgaged Property and Collateral Property and that he or she be authorized to sell the same for cash in the manner provided by law and other order of this Court, and that upon confirmation of such sale by this Court, such commissioner be authorized and directed to deliver to the purchaser or purchasers thereof such instruments of conveyance as may be appropriate in the premises;

e. That APT-320 be allowed to become a purchaser at such sale;

f. That after the payments of all necessary expenses of such sale and attorneys' fees, such commissioner be authorized and directed to make application of the proceeds thereof so far as the same may be necessary; first, to the payment of the sums found due and owing to any prior creditor, then, to APT-320 herein, including all its costs and expenses, and if there shall be a surplus, to be applied as the Court deems fit and proper.

3. That if the proceeds of such sale shall be insufficient to pay the aforesaid sums owing to APT-320 and it shall appear that a deficiency exists, judgment be entered for such deficiency against Defendant Abigail, and that APT-320 be allowed to have execution thereof.

4. That the Court issue an order authorizing the issuance of a Writ of Possession and/or Ejectment in the confirmed buyer, commanding the Sheriff or other authorized individual to remove all persons and parties in possession of the Mortgaged Property by, through or under Defendant Abigail, including any tenant(s) occupying the Mortgaged Property, and all of their personal belongings from the Mortgaged Property.

5. That to the extent necessary, the Court declare that IFC and APT-320 are legally protected bona fide purchasers/mortgagees and APT-320's Mortgage is valid and enforceable.

6. That, alternatively, a monetary judgment be entered in favor of APT-320 and against Defendant Abigail for all amounts due and owing under the Note.

7. That APT-320 may have such and other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, September ____, 2017.

William J. Plum
Attorney for APT-320

\17\thirdpty3(a).apt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,

Plaintiffs,

ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,

Defendants.

---

APT-320, LLC, a Hawaii Limited Liability Company

Third Party Plaintiff,

CIVIL NO. 16-00347 JMS RLP

SUMMONS

APARTMENT OWNERS OF )
DIAMOND HEAD SANDS )
)
Third Party Defendant. )
_______________________________ )

\summons 3rd.apt

**SUMMONS**

STATE OF HAWAII

To Third Party Defendant:
APARTMENT OWNERS OF DIAMOND HEAD SANDS

YOU ARE HEREBY summoned and required to file with the court and serve upon Defendant and Third Party Plaintiff APT-320's counsel, William J. Plum, 700 Bishop Street, Suite 2100, Honolulu, Hawaii, 96813, an Answer to DEFENDANT AND THIRD PARTY PLAINTIFF APT-320, LLC'S THIRD PARTY COMPLAINT AGAINST ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer of employee of the United States described in Fed. R. Civ. P. 12(a)(1)(a)(i). If you fail to make an answer within the 21 day limit, judgment by default will be taken against you for the relief demanded.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m., on premises not open to the general public, unless a judge of the above-

entitled court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii;_____________________________.

_________________________________
CLERK OF THE COURT

*Atooi Aloha, LLC, et al. vs. Abner Gaurino, et al.*; United States District Court for the District of Hawaii; Civil No. 16-00347 JMS RLP; SUMMONS

-3-