THOMAS D. YANO  3780
4374 Kukui Grove Street, Suite 204
Lihue, Kaua'i, Hawai'i  96766
Telephone:  (808) 245-8686
Facsimile:  (808) 245-6771
Email:  thomasdyano@gmail.com

Attorney for Defendant
CRISTETA C.OWAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive, <br><br> Defendants. | CIVIL NO. 16-00347 JMS RLP <br><br> DEFENDANT CRISTETA C. OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA OWAN IN THE FIRST AMENDED COMPLAINT [DOS.#30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC. #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT  BY FIDELITY NATIONAL TITLE & ESCROW [DOC #46], FILED ON 6/5/2017; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE |
| APT-320, LLC, a Hawaii Limited Liability Company, <br><br> Third-Party Plaintiffs, <br> vs. <br><br> APARTMENT OWNERS OF DIAMOND HEAD SANDS, <br><br> Third-Party Defendants | *(Caption continued on next page)* |

DEFENDANT CRISTETA C. OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA OWAN IN THE FIRST AMENDED COMPLAINT [DOC.#30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC. #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT  BY FIDELITY NATIONAL TITLE & ESCROW, FILED ON 6/5/2017 [DOC. # 46]

Defendant CRISTETA C. OWAN ("Owan"), by and through her counsel, Thomas D. Yano, move this Court for Summary Judgment on all claims asserted by Plaintiffs Atooi Aloha, LLC, a Nevada Limited Liability company, Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust; Craig B. Stanley, individually, and Millicent Andrade, individually ("Plaintiffs" collectively) against OWAN in the First Amended Complaint filed on May 8, 2017 [DOC. #30] and all cross-claims asserted by Cross Defendant Apt 320, LLC in the Cross Claim filed on June 2, 2017 [Doc. # 40] and all cross-claims asserted by Cross Defendant Fidelity National Title & Escrow of Hawaii, Inc. filed on June 5, 2017 [Doc. #46].

Owan further moves this Court  to determine that Plaintiffs Atooi Aloha, LLC, et al.'s claims are without merit and to award Owan's attorney's fees and costs therefor, and that Pursuant to Rule 54(b) Owan requests that any such Judgment be entered as a final judgment as there is no just reason for delay.

This motion is brought pursuant to Rules 7, 54(b) and 56 of the Federal Rules of Civil Procedure Hawaii Revised Statutes §607-14 54(b)  and LR 7.1 and LR. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and is supported by the attached memorandum in support, declarations, exhibits, and the record and other filings herein and such other and further argument as may be made at the hearing hereon.

DATED: Lihue, Kauai, Hawaii _____12-18-17_____

_Thomas D Yano_

THOMAS D. YANO
Attorney for Defendant, Cross Defendant
CRISTETA C. OWAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually, | CIVIL NO. 16-00347 JMS RLP<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

Plaintiffs,

vs.

ABNER GUARINO, AURORA GUARINO,
INVESTOR FUNDING CORPORATION, as
Trustee for an unrecorded Loan Participation
Agreement dated June 30, 2014; APT-320,
LLC, a Hawai'i limited liability company,
CRISTETA C. OWAN, an individual;
ROMMEL GUZMAN; FIDELITY
NATIONAL TITLE & ESCROW OF
HAWAI'I and Does 1-100 Inclusive,

Defendants.

_____

APT-320, LLC, a Hawaii Limited Liability
Company,

Third-Party Plaintiffs,

vs.

APARTMENT OWNERS OF DIAMOND
HEAD SANDS,

Third-Party Defendants.

_____

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION

Defendants Cristeta C. Owan ("Owan") is entitled to summary judgment on all claims asserted against Owan, Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust (the "Trust"), Craig B. Stanley, individually ("Craig"), and Millicent Andrade, individually ("Millie") (collectively "Plaintiffs") in the

First Amended Complaint filed on May 8, 2017 [Dkt. No. 30.] ("FAC") and all cross-claims by Fidelity ("Fidelity") and all cross-claims by Apt. 320, LLC ("Apt. 302") as none the foregoing state a claim for which relief can be granted.

As a preliminary matter, it appears that Plaintiffs' FAC fails to state a claim for relief against Owan. Rule 8 of the Federal Rules of Civil Procedure requires that Plaintiffs' make specific allegations of wrongdoing against each defendant. Plaintiffs listed eight counts, most of which lumped all Defendants together, without specifically identifying the actions that Owan did or did not do to warrant being identified in that claim. As such, Plaintiffs have failed to state a proper claim against Owan.

On May 8, 2017, Plaintiffs filed their FAC. Plaintiffs' FAC alleges the following claims: (1) Unregistered Offer and Sale Securities Violations of Sections 5(a) and 5(c) of the Securities Act (FAC at ¶¶53-56) ("Count I"), (2) Fraud in the Offer or Sale of Securities Violations of Section 17(a) of the Securities Act (FAC at ¶¶ 52-60) ("Count II"), (3) Fraud in Connection with the Purchase or Sale of Securities Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder (FAC at ¶¶61-63) ("Count III), (4) Common Law Fraud (FAC at ¶¶ 64-66) ("Count IV"), (5) Fraudulent Transfer (FAC at ¶¶ 67-69) (Count "V"), (6) Real Estate Fraud (FAC at ¶¶ 70-73) ("Count VI"), (7) Constructive Trust (FAC at ¶¶ 74-78) ("Count VII"), and (8) Quiet Title (FAC at ¶¶ 79-88) ("Count VIII").

Although Plaintiffs' allegations, including fraudulently inducing Plaintiff Millie to join and buy into Better Living Global Market ("BLGM"), are not based upon true facts or clear as to what they are alleging Defendant Owan did and is culpable for, it is clear what Owan did not do and what Owan is not culpable for as follows.

1. Owan is not a certified public accountant as alleged in paragraphs 28 and 29 of the FAC.
2. Owan did not give a Powerpoint presentation to Millie urging her to purchase shares or units of BLGM as alleged in Paragraph 28 of the FAC and thus, Owan did not represent to Millie that she would triple her investment in three to six months.
3. Owan never said " I know some of you might be skeptical, I was skeptical, but I have investigate this opportunity, and its the real deal. It really works. It's a great investment", as alleged in Paragraph 30 of the FAC.

4. Owan did not did sit next to Abner and Aurora Guarino during the Powerpoint presentation nor did she do a question and answer session with the audience. After the PowerPoint presentation as alleged in Paragraph 31 of the FAC.

5. Owan did not give a "great endorsement" by claiming "BLGM was a safe deal that really worked" as alleged in paragraph 32 of the FAC and consequently, Owan could not and did not fraudulently induce Millie purchase any BLGM "units". And, even if, assuming arguendo, Owan made these types of statements, which she did not, they would not constitute fraudulent misrepresentations but rather expressions of Owan's opinion.

6. It is noteworthy that twice during her oral deposition Millie stated that it was her own decision to join and purchase BLGM units. (See deposition transcript, Exhibit "A")

7. Owan had nothing to do with the transfer of Apt 320, LLC and thus, the Cross-Claims by Fidelity and Apt.320, LLC are not applicable to Owan.

Thus, in summary, neither Plaintiffs allegations or claims nor Cross-Claim Defendants' allegations state any claims for which relief can be granted, directly against Owan.

II.   STATEMENT OF THE FACTS

A. THE PRESENTATIONS OF BLGM
1. On or about  Sunday, September 29, 2013, Defendant Cristeta C. Owan ("Owan") accommodated her friend, Mrs. Maria Celeste Papa ("Celeste")'s request to host the first presentation of the Better Living Global Market ("BLGM") business opportunity conducted by Mr. and Mrs. Abner ("Abner") and Aurora ("Aurora") Guarino at her bookkeeping, tax preparation office in Lihue, Kauai, Hawaii.
   a. See Declaration of Cristeta C. Owan ("Decl. of Owan") which is attached and incorporated into Owan's Concise Statement of Facts ("CSF") which is being filed concurrently herewith., Paragraph 2, 3, and 5
   b. See Decl. of Rose, which is attached and incorporated into Owan's Owan's CSF, Paragraph 2
   c. See Decl. of Celeste, which is attached and incorporated into Owan's CSF, Paragraph 9
   d. See Decl. of Emily, which is attached and incorporated into Owan's CSF, Paragraph 2

2. Aurora was the main speaker and Abner assisted by showing the members of the audience his and Aurora's impressive earnings from BLGM on his notebook computer in the Guarinos' BLGM back office.
   a. See Decl. of Cristeta, Paragraph 2 and 4, which are attached and incorporated into Owan's CSF,  which is being filed concurrently herewith.

      b.  See Decl. of Rose, Paragraph 7 and 8, which is attached and incorporated into Owan's Concise Statement of Facts ("CSF") which is being filed concurrently herewith.
      c.  See Decl. of Celeste, Paragraph 11
      d.  See Decl. of Emily, Paragraph 4

3. Plaintiff Millicent Andrade ("Millie") was also in the audience that day as she was invited to this meeting by Mrs. Rosaly Domenden ("Rose").
      a.  See Dec. of Cristeta, Paragraph 2 and 4
      b.  See Dec. of Rose, Paragraph 6
      c.  See Dec. of Celeste, Paragraph 11
      d.  See Dec. of Emily, Paragraph 5 and 6

4. Cristeta did not participate in the BLGM presentation, she was in the audience with Millie and several other persons.
      a.  See Dec. of Cristeta, Paragraph 7
      b.  See Dec. of Rose, Paragraph 7
      c.  See Dec. of Celeste, Paragraph 11 and 12
      d.  See Dec. of Emily, Paragraph 5

5. Immediately following the main presentation Millie went up to ask questions of Aurora.
      a.  See Dec. of Cristeta, Paragraph 8
      b.  See Dec. of Rose, Paragraph 9

6. Shortly thereafter several attendees remember Millie abruptly leaving the meeting room left the meeting.
      a.  See Dec. of Cristeta, Paragraph 8
      b.  See Dec. of Emily Paragraph 8
      c.  See Dec. of Rose Paragraph 10

7. Aurora asked Cristeta if she (Aurora ) may have said something to upset Millie. Evidently not, Millie had gone to get her check book from her car.
      a.  See Dec. of Cristeta, Paragraph 9
      b.  See Dec. of Rose, Paragraph 10

8. Shortly thereafter Rose saw Millie signing her checkbook on the stairway railing outside the door of Cristeta's office.
      a.  See Dec. of Rose, Paragraph 11

9. Upon inquiry Millie told Rose that she had decided to join and to sign up for "the max of course!"
      a.  See Dec. of Rose, Paragraph 12

10. This statement compelled Rose to join and invest in BLGM as she was Millie's sponsor or upline since she had invited Millie to this meeting.

a.  See Dec. of Rose, Paragraph 13

11. On or about October 1, 2013, Millie went to see Cristeta without an appointment to ask Cristeta to help her understand what the best BLGM deal (See Decl. of Owan which is attached and incorporated into Owan's CSF).

12.  On or about September 30, 2017 Celeste sent an email copy of the BLGM powerpoint presentation ("BLGM Presentation") which Aurora had used to explain the BLGM business opportunity on September 29, 201, to several members of the audience on September 29, 2017 including Owan who then forwarded it to Millie. (See Exhibit "C "which is attached and incorporated into Owan's CSF).

13. On pages 9, 10, 11, 12 and 13 of the BLGM presentation it states that "This is for illustration purposes only and no specific income is guaranteed or implied" (See Exhibit "C "which is attached and incorporated into  Owan's CSF).

14. Pages 14 &15 the BLGM presentation contain the cautionary note : "Purchase units responsibly.  Do not purchase more units that you can afford.  Estimates only- not a guarantee of income" (See Exhibit " C " which is attached and incorporated into Owan's CSF).

15. Page 17 of the BLGM presentation contains several "Don't" and "Do" instructions, including, without limitation; Don't . . . .  Make income claims" and Do explain that every business has inherent risk" (See Exhibit "C" which is attached and incorporated into Owan's CSF).

16. On or about Monday, September 30, 2017 or Tuesday, October 1, 2013, Millie came to Cristeta's office unannounced and without any appointment but obviously anxious and excited to ask Cristeta to help her to understand what the "best deal" was for BLGM (See Decl. of Owan).

17. Thus, Cristeta accommodated Millie by analyzing what they had seen and heard of the BLGM opportunity.  After going over the options Millie exclaimed "That's it then" referring to a 50 BLGM unit package and then left Cristeta's office (See Decl. of Owan).

18. Cristeta was shocked to learn that Millie had that much money to buy into the BLGM business opportunity. Millie stated twice that it was her own decision to join and invest in BLGM (See Decl. of Owan).

19. By email dated October 2, 2013 Millie wrote to Cristeta , inter alia, "Aloha Cris, Thanks for the [BLGM] powerpoint – I will make sure I comprehend what the author is trying to convey here.  I have already

spoken with Aurora and Abner earlier this morning and have sent in my seed money for 50 units VP. . . . . He [Abner] estimates that it will take me approx. 2.5 months to receive the original investment.  That is fine by me. . . . . Shalom.  Millie" (See Exhibit "B " which is attached and incorporated by reference to Defendant Owan's CSF thereto).

20. Cristeta was not a party to Millie's many direct communications with Aurora and Abner Guarino at that time (See Decl. of Owan)

21. The price of fifty units of BLGM on October 2, 2017 was approximately $37,500.00 U. S. dollars (See Decl. of Owan).

22. Millie sent her checks for these BLGM units and more directly to Abner and Aurora Guarino in California (See Decl. of Owan).

23. During Millie's deposition she states twice that joining and buying BLGM units was "my decision". See Millie's Oral Depo transcript – page(s) ____, and Line(s) _____). (See Owan's exhibit "A" which is attached and incorporated by reference to Defendant Owan's CSF thereto.)

24. Cristeta had no involvement in the Apt320 LLC real estate transfer for BLGM units transaction. (See Decl. of Owan.)

25. During Millie's deposition she states that she is not alleging Cristeta had any involvement with the conveyance of Apt. 320, LLC. (See Millie's Oral Depo transcript – page(s) 254, Line(s) 1-5).

26. During Millie's deposition she states that she is not seeking any property from Owan in connection with the conveyance of Apt. 320, LLC. See Millie's Oral Depo transcript – (page 269, Lines 22-24).

III.   THE STANDARDS OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d.265 (1986).   In this case

there are many factually unsupported claims being made by Plaintiff Millie as set forth in Owan's Concise Statement of Facts ("CSF") which is being filed concurrently herewith.

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n* 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp*, 477 U.S. at 323. If the moving party satisfies its burden, the nonmoving party must set forth "significant probative evidence" in support of its position. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). In this case, although the question as to whether Owan fraudulently induced Millie to.

IV.   ARGUMENTS

I.   All Claims and Cross-Claims regarding the transfer of Apt 320 LLC are not applicable to Owan.

    a.   Owan had no involvement with the transfer or conveyance or refinancing of Apt. 320, LLC (paragraph 31of the Owan Decl. )

    b.   Millie agreed that she is not alleging that Owan did in any way have anything to do with the Apt. 320, LLC transfer. (Depo Transcripts, page 254, ll1-5)

    c.   Plaintiff Millie is not seeking any property from Owan. (Depo transcripts, page 269, lines 22 to 24)

II.   Owan did not fraudulently induce Millie to join or to buy into BLGM.

    a.   Owan could not have made any representations at the time that Millie decided to join and buy into BLGM, i.e., immediately after the first BLGM presentation on Kauai conducted by Aurora and Abner Guarino on or about Sunday, September 29, 2013.  Owan was in the same audience as Millie on that day.

    b.   Plaintiffs' allegations that Owan gave the BLGM presentation on September 29, 2013 is insupportable under the eye witness accounts of at

least three (3) other persons who were at the same meeting. All three (3) state that the meeting was conducted by Mrs. Aurora Guarino with her husband, Abner Guarino, assisting by showing their audience the substantial earnings they had made with BLGM as displayed in his notebook computer. All three (3) eye witnesses state that Millie was also in attendance on September 29, 2013. See Decl.s of Rose, Celeste and Emily which are attached to Owan's CSF.

c. Owan denies ever saying what Millie alleges in paragraph 30 of the FAComplaint ("FAC") i.e., it [BLGM] is the real deal. It really works. It's a great investment." However, even if we assume, arguendo, that Owan made these statements, which she did not, they do not constitute fraudulent inducements.

d. The false representation, to be actionable, must relate to past or existing material fact, and not the happening of a future event. Generally, fraud can not be predicated upon statements [that] are promissory in nature at the time they are made and [that] relate to future actions or conduct. A promise relating to future action or conduct will be actionable, however, if the promise was made without the present intent to fulfill the promise[.] Honolulu Fed. Sav. & Loan Ass'n v. Murphy, 7 Haw. App.196,201-2, 753 P. 2d 807,81d1-12 (1988) In this case, even if Owan made the alleged statements, which she did not, Owan's statements were her opinion and not promissory in nature. Moreover, even if Owan made these statements, which she did not, she made no promises.

e. If there is any remaining aspect of the requirement to conduct one's own due diligence under the now diminished doctrine of Caveat Emptor Owan asserts that it should apply in this case. Millie was/is an experienced network marketer. (See Paragraph 3 of the Rose Decl.). In addition, Owan sent Millie a copy of the BLGM Powerpoint presentation on or before October 2, 2013 which contained the usual disclaimers , i.e., "This is for illustration purposes only and no specific income is guaranteed or implied" Thus, Millie knew or should have known that all businesses including BLGM carry risk and that there are no guarantees in any business venture and thus should be stopped from now blaming Owan for her own decision to join and buy into BLGM.

III. Insofar as Owan did not sell any BLGM units directly to Millie the FAC does not state a claim upon which relief can be granted regarding the sale(s) of securities. Immediately following the first BLGM presentation Millie communicated directly with Aurora and Abner Guarino and apparently she

purchased her BLGM units from Auroa an Abner Guarino (See Exhibit "B" attached and incorporated by reference hereto this CSF). Millie states in her October 2, 2013 email to Owan that "I have already spoken with Aurora and Abner earlier this morning and have sent in my seed money for 50 units VP." This is just a few days after the first BLGM meeting on Kauai.

In view of the foregoing and Owan's Concise Statement of Facts, and attachments Defendant CRISTETA C. OWAN ("OWAN"), by and through her counsel, Thomas D. Yano, prays that this Court grant Owan Summary Judgment on all claims asserted by Plaintiffs Atooi Aloha, LLC, a Nevada Limited Liability company, Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust; Craig B. Stanley, individually, and Millicent Andrade, individually against OWAN in the First Amended Complaint filed on May 8, 2017 [DOC. #30], all cross-claims asserted by Cross Defendant Apt 320, LLC in the Cross Claim filed on June 2, 2017 [Doc. # 40] and all cross-claims asserted by Cross Defendant Fidelity National Title & Escrow of Hawaii, Inc. filed on June 5, 2017 [Doc. #46].

Owan further requests that this Court find Plaintiffs Atooi Aloha, LLC, et al.'s claims are without merit as against Owan and award Owan's attorney's fees and costs therefor, and that Pursuant to Rule 54(b) Owan requests that any such Judgment be entered as a final judgment as there is no just reason for delay.

Respectfully submitted.

DATED: Lihu'e, Kaua'i, Hawai'i December 18, 2017.

/s/ Thomas D. Yano

THOMAS D. YANO
Attorney for Defendant
Cristesta C. Owan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually, <br><br> Plaintiffs, <br> vs. <br><br> ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive, <br><br> Defendants. | CIVIL NO. 16-00347 JMS RLP <br><br> CERTIFICATE OF SERVICE |
| APT-320, LLC, a Hawaii Limited Liability Company, <br><br> Third-Party Plaintiffs, <br> vs. <br><br> APARTMENT OWNERS OF DIAMOND HEAD SANDS, <br><br> Third-Party Defendants. | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be served on the following parties by United States mail, postage prepaid to the following address:

DENNIS W. CHONG KEE, Esq.
W. KEONI SHULTZ, Esq.
CHRISTOPHER T. GOODIN, Esq.
dchongkee@cades.com
wshultz@cades.com
cgoodin@cades.com

LAWRENCE C. ECOFF, Esq.
ALBERTO J. CAMPAIN, Esq.
GINNIN G. KIM, Esq.
ecoff@ecofflaw.com
camapain@ecofflaw.com
kim@ecofflaw.com

Attorneys for Plaintiffs
ATOOI ALOHA, LLC, CRAIG B.STANLEY,
as Trustee for THE EDMON KELLER and CLEAVETTE
MAE STANLEY FAMILY TRUST;
CRAIG B. STANLEY, Individually; and
MILLICENT ANDRADE, individually
Attorneys for Plaintiffs
jrrhnl@aol.com
rdelawoffice@gmail.com

JOHN R. REMIS JR., Esq.
ROBERT D. EHELER, JR., Esq,
jrrhnl@aol.com
rdelawoffice@gmail.com

Attorneys for Defendants
ABNER GAURINO, AURORA GAURINO,
And ABIGAIL GAURINO

WAYNE P. NASSER, Esq.
FRANCIS P. HOGAN, Esq.
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII

Attorneys for Defendants
ABNER GAURINO, AURORA GAURINO,
And ABIGAIL GAURINO

WAYNE P. NASSER, Esq.
FRANCIS P. HOGAN, Esq.
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII

CHARLES A. PRICE, Esq.
cprice@koshibalaw.com

WILLIAM J. PLUM, Esq.
wplum@plumlaw.com

Attorneys for Defendants
APT-320, LLC and INVESTORS
FUNDING CORPORATION


PAMELA J. SCHELL, Esq.
Anderson Lahne & Fujisaki
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
pschell@alf-hawaii.com


DATED:  Lihue, Kauai, Hawaii _____ *12 - 18 - 17* _____

THOMAS D. YANO
Attorney for Defendant, Cristeta C. Owan