CADES SCHUTTE
A Limited Liability Law Partnership

DENNIS W. CHONG KEE        5538-0
W. KEONI SHULTZ            7467-0
CHRISTOPHER T. GOODIN      8562-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
FAX: (808) 521-9210
Email: dchongkee@cades.com

ECOFF CAMPAIN & TILLES, LLP
A Limited Liability Partnership
LAWRENCE C. ECOFF, *Pro Hac Vice*
ALBERTO J. CAMPAIN, *Pro Hac Vice*
GINNI G. KIM, *Pro Hac Vice*
280 S. Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (310) 887-1850
FAX: (310) 887-1855
Email: ecoff@ecofflaw.com

Attorneys for Plaintiffs
ATOOI ALOHA, LLC
CRAIG B. STANLEY, as Trustee for
THE EDMON KELLER AND CLEAVETTE MAE
STANLEY FAMILY TRUST;
CRAIG B. STANLEY, Individually; and
MILLICENT ANDRADE, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,<br><br>　　　　　Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>**PLAINTIFFS OPPOSITION TO GAURINO DEFENDANTS' JOINDER TO FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC. AND ROMMEL GUZMAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST FIDELITY AND GUZMAN IN THE FIRST AMENDED COMPLAINT [#30] FILED ON 5/8/17; CERTIFICATE OF SERVICE**<br><br>HEARING;<br>DATE:　January 22, 2018<br>TIME:　9:00 a.m.<br>JUDGE:　The Honorable<br>　　　　　J. Michael Seabright |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>　　　　　Third-Party Defendant. | |

- 1 -

**MEMORANDUM IN OPPOSITION TO GAURINO DEFENDANTS' JOINDER TO FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC. AND ROMMEL GUZMAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST FIDELITY AND GUZMAN IN THE FIRST AMENDED COMPLAINT [#30], FILED ON 5/8/17**

Come now, PLAINTIFFS in opposition to the GAURINO DEFENDANTS Joinder to the Motion for Summary Judgment filed by DEFENDANTS FIDELITY NATIONAL TITLE & ESCROW, INC. AND ROMMEL GUZMAN, as follows:

## I. INTRODUCTION

This case is about Plaintiffs who are the victims of a Ponzi scheme orchestrated by Defendants Abner and Aurora Gaurino, who solicited Plaintiff Millicent Andrade to purchase shares or "units" in a Ponzi pyramid scheme through the pretense of investing in a penny auction site run out of Hong Kong returning three times the amount invested within 90 days. The Gaurinos defrauded Plaintiffs by offering Andrade worthless "shares" in a Ponzi scheme in consideration for the transfer of cash and real property worth nearly $500,000. Title to the real property was transferred to, and remains in the name of, Defendant Abigail Gaurino. The Guarinos have refused and continue to refuse to return the cash or the real property to Plaintiffs. Accordingly, the Gaurinos are liable to Plaintiffs.

## II. FACTUAL BACKGROUND

Plaintiff Craig Stanley ("Stanley") is the Trustee ("Trustee Stanley") of the Edmon Keller Stanley and Cleavette Mae Stanley Trust dated August 1, 1991 (the "Trust'). Plaintiff Millicent Andrade ("Andrade") is Stanley's fiancée. Atooi Aloha, LLC ("Atooi") was, and is, a Nevada limited liability company. (PLA000111-115) Atooi's managing members are Stanley and Andrade. *Id.*

On August 3, 2012, Trustee Stanley conveyed title to the Property to Atooi Aloha LLC, a Hawaii limited liability company ("Atooi Hawaii") via a Quitclaim Deed. \*\*(FNT 50) Atooi Hawaii is not, and was never, a Hawaii limited liability company. (FNT00057; GUZ Exh. 44) The name "Atooi Aloha LLC" was registered only as a trade name in Hawaii. (*Id.*; Guzman depo. 36:20-22.)

On or about September 29, 2013, Andrade attended a seminar held at Defendant Cristeta Owan's ("Owan") office in Lihue, Kauai. (Concise Statement of Facts ("CSF") 1.) At the seminar, a PowerPoint presentation was given by Owan, Abner ("Abner")[1] and Aurora ("Aurora") Gaurino (collectively, the "Gaurinos"). *Id.* Attendees were encouraged to purchase "units" of BLGM and told that they would triple their investment within 90 days. (CSF 2.) Andrade was specifically told by Owan, Aurora, and Abner that she would triple her investment.

---

[1] The Gaurinos are referred to by their first names to avoid confusion, and not to impart any disrespect.

- 3 -

*Id.* Based on the Gaurinos' representations, Andrade on behalf of the Trust decided to purchase BLGM units and provided the following payments to the Gaurinos:

- October 2, 2013: $9767 check to "Bliss 4 Life"
- October 2, 2013: $8,250 check to "Cash"
- October 3, 2013: $8,250 check to "Cash"
- October 9, 2013, $5,000 to "So Chau Pui"
- October 21, 0213-November 14, 2013: $30,000 to the Gaurinos via Chase Bank account Quick Pay.

(CSF 3.) The foregoing monies were used to purchase 77 units. (CSF 4.) The Trust never received the triple returns on the 77 units purchased. (CSF 5.)

Thereafter, Andrade and the Gaurinos discussed Andrade purchasing 333 units in exchange for title to the Property. The Gaurinos told Andrade that they would return the Property to Andrade and take the units back if Andrade was not happy with the transaction. (CSF 6.) However, at the time Aurora made this representation, she knew that BLGM members could not transfer units from one member to another – only commissions could be transferred. The only way to possibly transfer units from one member to another was to physically go to Hong Kong. (CSF 7.) Indeed, Aurora never transferred actual units to Andrade; she simply transferred her electronic commissions to Andrade that were used to purchase new units. *Id.* Once these new units were purchased, however, they could not be transferred to another member. *Id.*

Based on Aurora's representations, on February 13, 2014, Atooi entered into escrow to purchase 333 units of BLGM (allegedly worth approximately $429,000) from the Gaurinos in exchange for the transfer of the Property to the Gaurinos' daughter, Abigail Gaurino ("Abigail"). (CSF 8.) Andrade was told that within 90 days, the 333 units worth $429,000 would triple in value to over $1.2 million. *Id.* When the units did not triple in value after 90 days, Andrade was told to wait and let the stocks "mature." (CSF 9.)

Approximately after a month after escrow closed, Andrade requested the return of the Property, as promised by the Guarinos. CSF 10.) Contrary to their agreement, in addition to the return of the 333 units, Aurora demanded an additional $100,000 to pay for units that Aurora had to purchase to transfer to Andrade because Aurora did not have the 333 units to transfer at that time. (CSF 11.)

### III. <u>LEGAL ARGUMENT</u>

#### a. <u>Summary Judgment Standard</u>

Summary judgment may only be rendered if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See *Porter v. Cal. Dept. of Corrections*, 419 F.3d 885, 891 (9th Cir. 2004); FED. R. CIV. P. 56. The moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In

order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. *Id.*

A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *State of Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ruling on summary judgment. *Id.* Accordingly, the court must examine all of the evidence in the light most favorable to the non-moving party. *Porter*, 419 F.3d at 891.

### b. **Plaintiffs State A Claim For Relief Against The Gaurinos**

#### i. The FAC Sufficiently Puts The Gaurinos On Notice To Satisfy FRCP Rule 8

"…[T]he federal rules do not require plaintiffs to plead either facts or law." *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F.3d 991, 994. Indeed, Fed. R. Civ. Proc. Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. Pro. Rule 8. "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.* (2002) 534 U.S. 506, 508. Moreover, "[r]ule 8 does not prohibit [collective] allegations against multiple defendants." *Clayton v. City of Middletown* (D.Conn. 2006) 237 F.R.D. 538, 540.

In *Jackson v. Corr. Corp. of Am. (D.D.C. 2008) 564 F.Supp.2d 22, 26* ("*Jackson*"), a plaintiff inmate filed suit against a defendant medical services provider, alleging that he was deprived of prescribed medications for 19 consecutive days by the prison's medical staff in January and February of 2006. The Court held that while the plaintiff did not specifically allege wrongful conduct by the provider itself, it took judicial notice that the provider was the medical contractor for the prison at that time, and that the allegations of negligence against the medical staff were sufficient to put the provider on notice of the claims against it stemming from the deprivation of the plaintiff's medication on specific dates by the medical staff.

Plaintiffs' FAC goes above and beyond the minimal requirements held to be sufficient in *Jackson*. Here, the FAC puts the Guarinos on more than sufficient notice of Plaintiffs' claims, and upon what those claims are grounded by specifically alleging wrongful conduct by the Gaurinos. The following allegations are just some of the specific allegations against the Gaurinos:

- ABNER and AURORA discussed the investment opportunity with MILLICENT ANDRADE. ABNER and AURORA GUARINO told MILLICENTANDRADE that they would guarantee any investment she made, or any business she was part of made, would receive triple the amount invested within 90 days. He went on to say: "In fact if you are not satisfied with the business opportunity, I will purchase the units you buy." (FAC, ¶ 31.)

- Relying on the above representations and guarantees of ABNER and AURORA GUARINO, and the great endorsement by CRISTETA C. OWAN who claimed it was a safe deal that really worked, and the slick

PowerPoint Presentation, Plaintiff MILLICENT ANRADE subsequently said she was willing to purchase shares or "units" of BLGM from Defendants ABNER and AURORA GAURINO. (FAC, ¶ 32.)

- On February 13, 2014, ATOOI ALOHA, LLC, a Hawai`i limited liability company, a non-existent entity, entered into an escrow to purchase 333 shares of BLGM (allegedly worth approximately $429,000) from ABNER and AURORA GUARINO in exchange for transferring the Diamond Head Sands condominium property owned by ATOOI ALOHA, LLC at 3721 Kanaiana Street #320, Honolulu, HI 96815-4405 (TMK (1)3-1-025-008-0088) ("Diamond Head Sands Property") to ABNER and AURORA GUARINO's daughter, ABIGAIL GUARINO. (FAC, ¶ 37.)

- Plaintiffs have transferred cash and property worth roughly $496,267 to ABNER, AURORA GAURINO and ABIGAIL GAURINO (the GAURINOS") as a result of the unregistered offer and sale of securities by GAURINOS. (FAC, ¶ 39.)

- Plaintiffs CRAIG B. STANLEY as Trustee of the EDMON KELLER and CLAVETTE MAE STANLY TRUSTS has transferred cash and property worth roughly $496,267 to the GAURINOS as consideration for worthless shares in a Ponzi Scheme. (The real property was worth about $500,000, and the cash they paid for the share other than involving the house was approximately $65,000. (FAC, ¶ 40.)

- Defendants ABNER and AURORA GAURINO told Plaintiffs that they would probably be able to recover their investment within three to six months but were guaranteed to recover their investment within 9 months. (FAC, ¶ 42.)

- Defendants ABNER and AURORA GAURINO told Plaintiffs that if they ever wanted their cash or real property returned to them, Defendants ABNER and AURORA GAURINO would do so immediately. (FAC, ¶ 43.)

- On October 27, 2014, ANDRADE requested the return of the Diamond Head Sands Property. Defendants refuse to return the Diamond Head Sands Property. (FAC, ¶ 44.)

- Plaintiffs have requested the return of their cash and real property from the Gaurino Defendants. (FAC, ¶ 45.)

- The Gaurino Defendants have refused to return the Plaintiffs' cash and real property. (FAC, ¶ 46.)

Moreover, in each and every count, the Gaurinos are specifically identified individually or collectively. Based on the foregoing, it is clear that the FAC fulfills the requirements of FRCP Rule 8 and puts Abner, Aurora and Abigail Gaurino on sufficient notice of Plaintiffs' claims, and upon what they are based. The motion must be denied.

### c. Plaintiffs Craig B. Stanley As Trustee And Atooi Aloha, LLC Have Standing

In order to have standing, a plaintiff must meet three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *De La Torre v. CashCall, Inc.* (N.D.Cal. Nov. 23, 2016, No. 08-cv-03174-MEJ) 2016 U.S.Dist.LEXIS 162809, at *8. "An injury in fact is an invasion of a legally protectable interest which is both 'concrete and particularized,' as well as 'actual or imminent, not conjectural or hypothetical.'" *Cent. Delta Water Agency v. United States* (9th Cir. 2002) 306 F.3d 938, 946-947.

Here, Trustee Stanley, in his capacity of the Trust, has standing, as he meets all elements of standing. First, the Trust has suffered injury in fact because the Trust tendered payments totaling $61,267 for the purchase of 77 units.

Accordingly, there is a causal connection between the injury in fact suffered by the Trust and the Gaurinos' conduct. As a direct result of the fraudulent representations made by the Guarinos, the Trust lost $61,267 in cash.

Atooi was the lawful owner of the Property. Atooi entered into an agreement to transfer title to the Property in exchange for 333 units, based upon the Gaurinos' promise that the units would triple in value to over $1.2 million. (CSF 8.) The Gaurinos further promised that they would take the units back if Andrade was unhappy with the transaction. (CSF 6.) However, when the units did not triple in value within 90 days, the Gaurinos refused to return the Property or the monies upon Andrade's requests. (CSF 5, 9-11.)

The foregoing representations by the Gaurinos were fraudulent because at the time they were made, Aurora knew that she would not be transferring actual units to Atooi, because it could not be done. (CSF 7.) Instead, Aurora would transfer her electronic commissions to Atooi, which would then be used to purchase new units. Aurora knew that the units were not transferrable between members. *Id.* Despite this knowledge, she and Abner promised Andrade that they would happily accept the units back if Atooi was unsatisfied with the transaction. (CSF 6.)

Second, there is a causal connection between the injury in fact suffered by Atooi and the Gaurinos' conduct. As a direct result of the fraudulent representations made by the Guarinos, Atooi lost title to the Property.

Based on the foregoing, Plaintiffs Trustee through its Trustee Stanley and Atooi have standing, and the motion must be denied.

## IV. <u>CONCLUSION</u>

Based on all of the foregoing, Plaintiffs respectfully request that the Court deny The Guarino Defendants Joinder to Defendants Fidelity National Title & Escrow of Hawaii, Inc. and Rommel Guzman's motion for summary judgment.

DATED: Honolulu, Hawai'i, January 2, 2018.

    CADES SCHUTTE
    A Limited Liability Law Partnership

    */s/ Dennis W. Chong Kee*
    DENNIS W. CHONG KEE
    W. KEONI SHULTZ
    CHRISTOPHER T. GOODIN

    and

    LAWRENCE C. ECOFF, *Pro Hac Vice*
    ALBERTO J. CAMPAIN, *Pro Hac Vice*
    GINNI G. KIM, *Pro Hac Vice*

    Attorneys for Plaintiffs
    ATOOI ALOHA, LLC, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, Individually; and MILLICENT ANDRADE, Individually; and
    Third Party Cross-Claim Defendants CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST and CRAIG B. STANLEY, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>       Plaintiffs,<br><br>v.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,<br><br>       Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>**CERTIFICATE OF SERVICE** |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>       Third-Party Defendant. | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing document were duly served upon the following parties by CM/ECF on January 2, 2018:

>JOHN R. REMIS, JR., ESQ.
>P.O. Box 38112
>Honolulu, HI 96837
>JRRHNL@aol.com
>   and
>ROBERT D. EHELER, JR., ESQ.
>Pauahi Tower at Bishop Square
>1003 Bishop Street, Suite 2700
>Honolulu, HI 96813
>rdelawoffice@gmail.com
>
>Attorneys for Defendants
>ABNER GAURINO, AURORA GAURINO
>and ABIGAIL GAURINO and
>Third Party Cross-Claim Defendant
>ABIGAIL LEE GAURINO
>
>CHARLES A. PRICE, ESQ.
>Koshiba Price Gruebner & Mau
>707 Richards Street, Suite 610
>Honolulu, HI 96813
>cprice@koshibalaw.com
>   and
>WILLIAM J. PLUM, ESQ.
>The Plum Law Office, ALC
>P.O. Box 3503
>Honolulu, HI 96811
>wplum@plumlaw.com

Attorneys for Defendants
INVESTORS FUNDING CORPORATION
and APT-320, LLC; and
Third Party Plaintiff/Third Party
Counterclaim Defendant APT-320, LLC

WAYNE P. NASSER, ESQ.
FRANCIS P. HOGAN, ESQ.
Ashford & Wriston
First Hawaiian Bank
999 Bishop Street, Suite 1400
Honolulu, HI 96813
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII, INC.

THOMAS D. YANO, ESQ.
4374 Kukui Grove Street
Suite 204
Lihue, HI 96766
thomasdyano@gmail.com

Attorney for Defendant
CRISTETA C. OWAN

PHILIP L. LAHNE, ESQ.
PAMELA J. SCHELL, ESQ.
Anderson Lahne & Fujisaki LLP
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, HI 96813
plahne@alf-hawaii.com
pshcell@alf-hawaii.com

        Attorneys for Third Party Defendant, Third Party Counterclaimant and Third Party Cross-Clamant ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS

DATED:  Honolulu, Hawaiʻi, January 2, 2018.

        CADES SCHUTTE
        A Limited Liability Law Partnership

        */s/ Dennis W. Chong Kee*
        DENNIS W. CHONG KEE
        W. KEONI SHULTZ
        CHRISTOPHER T. GOODIN

        and

        LAWRENCE C. ECOFF, *Pro Hac Vice*
        ALBERTO J. CAMPAIN, *Pro Hac Vice*
        GINNI G. KIM, *Pro Hac Vice*

        Attorneys for Plaintiffs
        ATOOI ALOHA, LLC, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, Individually; and MILLICENT ANDRADE, Individually; and
        Third Party Cross-Claim Defendants CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST and CRAIG B. STANLEY, Individually

- 4 -