CADES SCHUTTE
A Limited Liability Law Partnership

DENNIS W. CHONG KEE      5538-0
W. KEONI SHULTZ          7467-0
CHRISTOPHER T. GOODIN    8562-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
FAX:  (808) 521-9210
Email:  dchongkee@cades.com

ECOFF CAMPAIN & TILLES, LLP
A Limited Liability Partnership
LAWRENCE C. ECOFF, *Pro Hac Vice*
ALBERTO J. CAMPAIN, *Pro Hac Vice*
GINNI G. KIM, *Pro Hac Vice*
280 S. Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:  (310) 887-1850
FAX:  (310) 887-1855
Email:  ecoff@ecofflaw.com

Attorneys for Plaintiffs
ATOOI ALOHA, LLC
CRAIG B. STANLEY, as Trustee for
THE EDMON KELLER AND CLEAVETTE MAE
STANLEY FAMILY TRUST;
CRAIG B. STANLEY, Individually; and
MILLICENT ANDRADE, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,<br><br>Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CRISTETA OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA OWAN IN THE FIRST AMENDED COMPLAINT [DOS. #30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT BY FIDELITY NATIONAL TITLE & ESCROW [DOC #46], FILED ON 6/5/17; CERTIFICATE OF SERVICE** |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>Third-Party Defendant. | HEARING;<br>DATE:  January 22, 2018<br>TIME:  9:00 a.m.<br>JUDGE:     The Honorable<br>              J. Michael Seabright |

- 2 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT CRISTETA OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA WAN IN THE FIRST AMENDED COMPLAINT [DOS. #30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT BY FIDELITY NATIONAL TITLE & ESCROW [DOC #46], FILED ON 6/5/17**

Comes now, PLAINTIFFS in opposition to the GAURINO DEFENDANTS Joinder to the Motion for Summary Judgment filed by DEFENDANTS FIDELITY NATIONAL TITLE & ESCROW, INC. AND ROMMEL GUZMAN, as follows:

## I.   **INTRODUCTION**

This case is about Plaintiffs who are the victims of a Ponzi scheme orchestrated by Defendants Abner and Aurora Gaurino, who solicited Plaintiff Millicent Andrade to purchase shares or "units" in a Ponzi pyramid scheme through the pretense of investing in a penny auction site run out of Hong Kong returning three times the amount invested within 90 days. The Gaurinos defrauded Plaintiffs by offering Andrade worthless "shares" in a Ponzi scheme in consideration for the transfer of cash and real property worth nearly $500,000.

Defendant Cristeta Owan aided and abetted in the Gaurinos' fraudulent misrepresentations to Plaintiffs. The presentation where Andrade was solicited was held at Owan's office, which lent an air of credibility to the presentation. Moreover, Owan admits that she helped Andrade to determine which investment package would be the best investment. As a result of Owan's assistance, the Gaurinos ultimately defrauded Plaintiffs by selling Andrade worthless "shares" in a Ponzi

- 3 -

scheme in consideration for the transfer of cash and real property worth nearly $500,000. Title to the real property was transferred to, and remains in the name of, Defendant Abigail Gaurino. The Guarinos have refused and continue to refuse to return the cash or the real property to Plaintiffs.

Title to the real property was transferred to, and remains in the name of, Defendant Abigail Gaurino. The Guarinos have refused and continue to refuse to return the cash or the real property to Plaintiffs. Accordingly, the Gaurinos and Owan are liable to Plaintiffs.

## II.   FACTUAL BACKGROUND

Plaintiff Craig Stanley ("Stanley") is the Trustee ("Trustee Stanley") of the Edmon Keller Stanley and Cleavette Mae Stanley Trust dated August 1, 1991 (the "Trust'). Plaintiff Millicent Andrade ("Andrade") is Stanley's fiancée. Atooi Aloha, LLC ("Atooi") was, and is, a Nevada limited liability company. Atooi's managing members are Stanley and Andrade.

On or about September 29, 2013, Andrade attended a seminar held at Defendant Cristeta Owan's ("Owan") office in Lihue, Kauai. (Concise Statement of Facts ("CSF") 1.)  At the seminar, a PowerPoint presentation was given by Owan, Abner ("Abner")[1] and Aurora ("Aurora") Gaurino (collectively, the "Gaurinos"). *Id*. Attendees were encouraged to purchase "units" of BLGM and told that they would triple their investment within 90 days. (CSF 2.)

---

[1] The Gaurinos are referred to by their first names to avoid confusion, and not to impart any disrespect.

Owan conducted the presentation at the meeting she attended, assisted by the Gaurinos, upon which Andrade relied upon. (CSF 3.) Owan lent an air of credibility to the presentation and the information presented because of what she did for a living, and the meeting was held in her office. (CSF 4.) Owan specifically represented and guaranteed to Andrade that the investment would pay three times the amount invested. (CSF 5.)

Based on the Gaurinos' and Owan's representations, Andrade on behalf of the Trust decided to purchase BLGM units a few days after Owan's presentation. (CSF 6.) During this time, Owan facilitated the fraud perpetrated upon Plaintiffs by doing the following:

- Andrade wrote four checks to the Gaurinos for the purchase of units. Owan instructed Andrade to write in "So Chau Pui" on the $5,000 check. (CSF 7.) Andrade then gave the check to Owan so that Owan could give it to the Gaurinos. *Id.*

- Owan helped Andrade "analyze" the BLGM offerings. (Declaration of Cristeta Owan ("Owan Decl."), ¶¶ 20-22.) Owan also admits that Andrade would often drop by unannounced and that she made time "to help [Andrade] figure things out about BLGM." (Owan Decl., ¶ 30.)

- On October 1, 2013, Owan forwarded a PowerPoint presentation to Andrade. (Owan Decl., ¶ 18.) Owan forward a second PowerPoint presentation a few days later on October 6, 2013, instructing Andrade to use that one instead. (CSF 8.)

- Owan continued to solicit Andrade by inviting her to a second meeting after Andrade purchased the first $50,000 worth of units. Further, when the triple return did not materialize on the units Andrade first purchased, Owan told Andrade to wait for payment. (CSF 9.)

- Owan also facilitated Andrade's meetings with the Gaurinos. On October 9, 2013, Owan told Andrade that the Gaurinos would be going to her office that day, and told Andrade to go there at 11:30 a.m. (CSF 10.)

## III.   LEGAL ARGUMENT

### a.   Summary Judgment Standard

Summary judgment may only be rendered if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See *Porter v. Cal. Dept. of Corrections*, 419 F.3d 885, 891 (9th Cir. 2004); FED. R. CIV. P. 56. The moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. *Id.*

A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *State of Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003). "In considering a motion for summary judgment, a court must resolve all disputed issues of fact in favor of the non-moving party. '[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Walker v. Potter* (D.Haw. 2009) 629 F.Supp.2d 1148, 1164 (internal citations omitted). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences

from the facts are jury functions, not those of a judge ruling on summary judgment. *State of Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Campbell*, supra. Accordingly, the court must examine all of the evidence in the light most favorable to the non-moving party. *Porter*, 419 F.3d at 891.

### b. <u>Plaintiffs State A Claim For Relief Against Cristeta Owan</u>

i.  The FAC Sufficiently Puts Cristeta Owan On Notice To Satisfy FRCP Rule 8

"…[T]he federal rules do not require plaintiffs to plead either facts or law." *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F.3d 991, 994. Indeed, Fed. R. Civ. Proc. Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. Pro. Rule 8. "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.* (2002) 534 U.S. 506, 508. Moreover, "[r]ule 8 does not prohibit [collective] allegations against multiple defendants." *Clayton v. City of Middletown* (D.Conn. 2006) 237 F.R.D. 538, 540.

In *Jackson v. Corr. Corp. of Am. (D.D.C. 2008) 564 F.Supp.2d 22, 26* ("*Jackson*"), a plaintiff inmate filed suit against a defendant medical services provider, alleging that he was deprived of prescribed medications for 19 consecutive days by the prison's medical staff in January and February of 2006. The Court held that while the plaintiff did not specifically allege wrongful conduct by the provider itself, it took judicial notice that the provider was the medical

contractor for the prison at that time, and that the allegations of negligence against the medical staff were sufficient to put the provider on notice of the claims against it stemming from the deprivation of the plaintiff's medication on specific dates by the medical staff.

Plaintiffs' FAC goes above and beyond the minimal requirements held to be sufficient in *Jackson*. Here, the FAC puts Owan on more than sufficient notice of Plaintiffs' claims, and upon what those claims are grounded by specifically alleging wrongful conduct by Owan. The following allegations are the specific allegations made against Owan:

- On or around Sunday, September 29, 2013, Defendants ABNER and AURORA GUARINO and Defendant CRISTETA C. OWAN, a certified public accountant ("CPA") gave [a] PowerPoint presentation ("PowerPoint presentation") to, Plaintiff MILLICENT ANDRADE and other attending the seminar, urging them to purchase shares, also referred to herein as "units" of BLGM, and represented that they would triple their investment in three to six months. (FAC, p 28.)

- The PowerPoint Presentation took place at the offices of CRISTETA C. OWAN, a Certified Public Accountant located at 4374 Kukui Grove St., Number 202, Lihue, Hawai'I 96766. (FAC, p 29.)

- Defendant CRISTETA OWAN started off the presentation by saying: "I know some of you might be skeptical, I was skeptical, but I have investigated this opportunity, and it's the real deal. It really works. It's a great investment." (FAC, p 30.)

- During the power point presentation, ABNER and AURORA GAURINO were sitting next to CRISTETA C. OWAN. After the PowerPoint presentation was over, ABNER and AURORA GAURINO, and CRISTETA C. OWAN did a question and answer session with the audience, and then went around the room to meet with potential investors, including

MILLICENT ANDRADE. (FAC, p 31.)

- Relying on the above representations and guarantees of ABNER and AURORA GAURINO, and the great endorsement by CRISTETA C. OWAN who claimed it was a safe deal that really worked, and the slick PowerPoint Presentation, Plaintiff MILLICENT ANDRADE subsequently said she was willing to purchase shares or "units" of BLGM from Defendants ABNER and AURORA GAURINO. (FAC, p 32.)

Based on the foregoing, it is clear that the FAC fulfills the requirements of FRCP Rule 8 and puts Owan on sufficient notice of Plaintiffs' claims, and upon what they are based. The motion must be denied.

### c. There Is A Genuine Issue Of Material Fact As To Owan's Role In The Fraudulent Inducement Of Andrade To Purchase BLGM Units

There is a genuine dispute of material fact as to Owan's role in the fraudulent inducement of Andrade to purchase BLGM units. Only one material fact need be in dispute to deny a motion for summary judgment. To begin with, Owan's own motion and evidence makes clear that there are several areas in which the facts are disputed. Disputed facts must be resolved in favor of the non-moving party. *Walker v. Potter*, supra, 629 F.Supp.2d 1148, 1164.

Owan declares that the every BLGM presentation that was held at her office was conducted by Aurora and supported by Abner. (Owan Decl., ¶ 4.) This fact is disputed, requiring the denial of the motion.  Owan conducted the presentation at the meeting she attended, assisted by the Gaurinos, upon which Andrade relied upon. (CSF 3.) Andrade testified that Owan lent an air of credibility to the

presentation and the information presented because of what Owan did for a living, and the meeting was held in her office. (CSF 4.)

That Owan conducted the presentation is confirmed in an October 13, 2013 email where Andrade stated, "I thank the Lord that you and Rose shared this opportunity with me."[2] (CSF 3). Indeed, the same email indicates that Owan also convinced another individual named "Tassie" into buying 7 units at this time. *Id.*

Owan also declares that she never told Andrade that there were any guarantees of return on the purchase of units. (Owan Decl., ¶ 25.) This fact is also disputed, requiring denial of the motion. Owan specifically represented and guaranteed to Andrade that the investment would pay three times the amount invested. (CSF 5.)

Based on just these disputed material facts, it is clear that Owan actively engaged in the fraudulent inducement of Andrade into purchasing BLGM units. The above disputed facts must be resolved in Plaintiffs' favor as the non-moving party. Based thereon, Owan's motion must be denied.

It is also clear that Andrade relied on Owan's representations to deciding the purchase the units.   Andrade purchased the units a few days after Owan's presentation.  (CSF 6.) Andrade's testimony is corroborated by the dates on the checks. Again, the Court must resolve this disputed fact in Plaintiffs' favor.

---

[2] Andrade's email to Owan appears to be a response to a request by Owan for money to help yet another individual to join the business.

Not only are there genuine disputes of material facts, there are undisputed facts supporting Plaintiffs' claims that Owan was complicit in perpetrating the fraud against Andrade, and ultimately, Plaintiffs:

- Owan instructed Andrade to write in "So Chau Pui" on the $5,000 check. (CSF 7.) Andrade then gave the check to Owan so that Owan could give it to the Gaurinos. *Id.*

- Owan helped Andrade "analyze" the BLGM offerings. (Owan Decl. ¶¶ 20-22.) Owan also admits that Andrade would often drop by unannounced and that she made time "to help [Andrade] figure things out about BLGM." (Owan Decl., ¶ 30.)

- On October 1, 2013 Owan forwarded a PowerPoint presentation to Andrade. (Owan Decl., ¶ 18.) Owan forward a second PowerPoint presentation a few days later on October 6, 2013, instructing Andrade to use that one instead. (CSF 8.)

- Owan continued to solicit Andrade by inviting her to a second meeting after Andrade purchased the first $50,000 worth of units. Further, when the triple return did not materialize on the units Andrade first purchased, Owan told Andrade to wait for payment. (CSF 9.)

- Owan facilitated Andrade's meetings with the Gaurinos. On October 9, 2013, Owan told Andrade that the Gaurinos would be going to her office that day, and told Andrade to go there at 11:30 a.m. (CSF 10.)

- Owan admits that she also invested and lost approximately $30,000 (Owan Decl., ¶33), but Owan never states *when* she became a member. If Owan was already an existing member when Andrade attended the September 29, 2013 meeting, she had the incentive to convince new potential members to invest.

Taking the above disputed material facts, as well as the undisputed material facts, it is clear that the Court cannot render summary judgment in favor of Owan. Owan is liable for fraud based upon her statements to Andrade. "Under Hawai'i

law, the elements of a fraud claim are that: '(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them.'" *Dias v. Fannie Mae* (D.Haw. 2013) 990 F.Supp.2d 1042, 1058. Here, Owan made false representations of the returns Andrade would see on the purchases of units, with knowledge of their falsity (or without such knowledge), with the intent that Andrade rely on them, and Andrade did rely on such representation by purchasing units. As such, Owan is liable to Plaintiffs for fraud.

Owan is also liable for aiding and abetting the Gaurinos for the fraud perpetrated against Plaintiffs. The elements of an aiding and abetting claim are that a defendant had: (1) the specific intent to facilitate the commission of crime by another; (2) the requisite intent of the underlying substantive offense; (3) participated or assisted in the commission of the underlying substantive offense; and (4) someone committed the underlying substantive offense. *Pedrina v. Han Kuk Chun* (D.Haw. 1995) 906 F.Supp. 1377, 1423. Here, Owan's conduct meets all the requirements of aiding and abetting the Guarinos in defrauding Plaintiffs. Owan told Andrade she would triple her investment, facilitated Andrade's purchase by instructing Andrade in connection with the $5,000 check to So Chau Pui, continuously helping Andrade "analyze" BLGM's offerings, forwarding BLGM PowerPoint presentations to Andrade, continuing to invite Andrade to

meetings, and facilitating meetings with the Gaurinos. At the very least, Owan is liable for aiding and abetting the perpetration of fraud against Plaintiffs.

In summary, there are genuine disputes of material facts, as well as undisputed material facts supporting Plaintiffs' claims. Based on the foregoing, the motion must be denied.

## IV.  **CONCLUSION**

Based on all of the foregoing, Plaintiffs respectfully request that the Court deny Cristeta Owan's motion for summary judgment.

DATED:  Honolulu, Hawai'i, January 2, 2018.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Dennis W. Chong Kee*
DENNIS W. CHONG KEE
W. KEONI SHULTZ
CHRISTOPHER T. GOODIN
and
LAWRENCE C. ECOFF, *Pro Hac Vice*
ALBERTO J. CAMPAIN, *Pro Hac Vice*
GINNI G. KIM, *Pro Hac Vice*

Attorneys for Plaintiffs
ATOOI ALOHA, LLC, CRAIG B.
STANLEY, as Trustee for THE EDMON
KELLER AND CLEAVETTE MAE
STANLEY FAMILY TRUST; CRAIG B.
STANLEY, Individually; and MILLICENT
ANDRADE, Individually; and
Third Party Cross-Claim Defendants
CRAIG B. STANLEY, as Trustee for THE
EDMON KELLER AND CLEAVETTE
MAE STANLEY FAMILY TRUST and
CRAIG B. STANLEY, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, an Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually, | CIVIL NO. 16-00347 JMS RLP **CERTIFICATE OF SERVICE** |

   Plaintiffs,

    v.

ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 Inclusive,

   Defendants.

APT-320, LLC, a Hawaii Limited Liability Company,

   Third-Party Plaintiff,

    v.

APARTMENT OWNERS OF DIAMOND HEAD SANDS,

   Third-Party Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the

foregoing document were duly served upon the following parties by CM/ECF on

January 2, 2018:

> JOHN R. REMIS, JR., ESQ.
> P.O. Box 38112
> Honolulu, HI 96837
> JRRHNL@aol.com
>
> And
>
> ROBERT D. EHELER, JR., ESQ.
> Pauahi Tower at Bishop Square
> 1003 Bishop Street, Suite 2700
> Honolulu, HI 96813
> rdelawoffice@gmail.com
>
> Attorneys for Defendants
> ABNER GAURINO, AURORA GAURINO
> and ABIGAIL GAURINO and
> Third Party Cross-Claim Defendant
> ABIGAIL LEE GAURINO
>
> CHARLES A. PRICE, ESQ.
> Koshiba Price Gruebner & Mau
> 707 Richards Street, Suite 610
> Honolulu, HI 96813
> cprice@koshibalaw.com
>
> and
>
> WILLIAM J. PLUM, ESQ.
> The Plum Law Office, ALC
> P.O. Box 3503
> Honolulu, HI 96811
> wplum@plumlaw.com

Attorneys for Defendants
INVESTORS FUNDING CORPORATION
and APT-320, LLC; and
Third Party Plaintiff/Third Party
Counterclaim Defendant APT-320, LLC

WAYNE P. NASSER, ESQ.
FRANCIS P. HOGAN, ESQ.
Ashford & Wriston
First Hawaiian Bank
999 Bishop Street, Suite 1400
Honolulu, HI 96813
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII, INC.

THOMAS D. YANO, ESQ.
4374 Kukui Grove Street
Suite 204
Lihue, HI 96766
thomasdyano@gmail.com

Attorney for Defendant
CRISTETA C. OWAN

PHILIP L. LAHNE, ESQ.
PAMELA J. SCHELL, ESQ.
Anderson Lahne & Fujisaki LLP
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, HI 96813
plahne@alf-hawaii.com
pshcell@alf-hawaii.com

Attorneys for Third Party Defendant, Third
Party Counterclaimant and Third Party
Cross-Clamant ASSOCIATION OF
APARTMENT OWNERS OF DIAMOND
HEAD SANDS

DATED:  Honolulu, Hawaiʻi, January 2, 2018.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Dennis W. Chong Kee*
DENNIS W. CHONG KEE
W. KEONI SHULTZ
CHRISTOPHER T. GOODIN

and

LAWRENCE C. ECOFF, *Pro Hac Vice*
ALBERTO J. CAMPAIN, *Pro Hac Vice*
GINNI G. KIM, *Pro Hac Vice*

Attorneys for Plaintiffs
ATOOI ALOHA, LLC, CRAIG B.
STANLEY, as Trustee for THE EDMON
KELLER AND CLEAVETTE MAE
STANLEY FAMILY TRUST; CRAIG B.
STANLEY, Individually; and MILLICENT
ANDRADE, Individually; and
Third Party Cross-Claim Defendants
CRAIG B. STANLEY, as Trustee for THE
EDMON KELLER AND CLEAVETTE
MAE STANLEY FAMILY TRUST and
CRAIG B. STANLEY, Individually