THOMAS D. YANO  3780
4374 Kukui Grove Street, Suite 204
Lihue, Kaua'i, Hawai'i  96766
Telephone: (808) 245-8686
Metrofax:   (877) 888-7657
Email: thomasdyano@gmail.com

Attorney for Defendant
CRISTETA C.OWAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually,<br><br>Plaintiffs,<br>vs.<br><br>ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive,<br><br>Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CRISTETA C. OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA OWAN IN THE FIRST AMENDED COMPLAINT [DOS.#30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC. #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT  BY FIDELITY NATIONAL TITLE & ESCROW [DOC #46], FILED ON 6/5/2017; MEMORANDUM IN SUPPORT OF REPLY; CERTIFICATE OF SERVICE" FILED ON 1/2/18 |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>Third-Party Plaintiffs,<br>vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>Third-Party Defendants | HEARING:<br>DATE:   January 22, 2018<br>TIME:    9:00 a. m.<br> JUDGE: Honorable  J. Michael Seabright |

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CRISTETA C. OWAN'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFFS AGAINST CRISTETA OWAN IN THE FIRST AMENDED COMPLAINT [DOC.#30] FILED ON 5/8/17 AND ALL CLAIMS ASSERTED BY CROSS-DEFENDANT APT 320, LLC [DOC. #40] FILED ON 6/2/17 AND ALL CLAIMS ASSERTED BY CROSS DEFENDANT BY FIDELITY NATIONA. L TITLE & ESCROW, FILED ON 6/5/2017 [DOC. # 46]" FILED ON 1/2/18"

  Defendant CRISTETA C. OWAN ("Owan"), by and through her counsel, Thomas D. Yano, hereby submits her Reply to Plaintiffs Opposition To Owan's Motion For Summary Judgment on all claims asserted by Plaintiffs Atooi Aloha, LLC, a Nevada Limited Liability company, Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust; Craig B. Stanley, individually, and Millicent Andrade, individually ("Plaintiffs" collectively) against OWAN in the First Amended Complaint filed on May 8, 2017 [DOC. #30] and all cross-claims asserted by Cross Defendant Apt 320, LLC in the Cross Claim filed on June 2, 2017 [Doc. # 40] and all cross-claims asserted by Cross Defendant Fidelity National Title & Escrow of Hawaii, Inc. filed on June 5, 2017 [Doc. #46] ("Reply To Opposition To MSJ") filed herein on 1/2/18 ("Opposition To Defendant Owan's MSJ").

  This Reply is brought pursuant to Rules 7, 15, 54(b) and 56 of the Federal Rules of Civil Procedure and LR 7.1, L. R. 10.3 and LR. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and is supported by the attached memorandum in support, declarations, exhibits, and the record and other filings herein and such other and further argument as may be made at the hearing hereon.

DATED: Lihue, Kauai, Hawaii   _January 9, 2018_

            _/s/ Thomas D. Yano_
            THOMAS D. YANO
            Attorney for Defendant, Cross Defendant
            CRISTETA C. OWAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually,<br><br>Plaintiffs,<br>vs.<br><br>ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive,<br><br>Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>MEMORANDUM IN SUPPORT OF REPLY TO OPPOSITION TO DEFENDANT OWAN'S MOTION FOR SUMMARY JUDGMENT |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>Third-Party Plaintiffs,<br>vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>Third-Party Defendants. | |

MEMORANDUM IN SUPPORT OF REPLY TO OPPOSITION TO DEFENDANT OWAN'S MOTION FOR SUMMARY JUDGMENT

I.  Defendant-Cross-Defendant Cristeta C. Owan ("Owan") hereby requests Partial Summary Judgment in favor of Owan for any and all claims and alleged damages related to the subject real property transaction between Plaintiffs and Defendant-Third-Party-Plaintiffs, Apt. 320, LLC ("Apt.320, LLC"), et al.

3

Defendant Owan's Concise Statement of Facts [Doc. No. 203] ("CSF") No. 1 submitted in support of Owan's Motion For Summary Judgment ("Owan's MSJ") [Doc. No. 202] both filed herein on December 18, 2017 states as follows:
"Defendant Cristeta C. Owan ("Owan") had no involvement with the Apt.320LLC real property transaction and Plaintiff, Millicent Andrade ("Millie") is not alleging Owan had any involvement with the Apt, 320, LLC real property transaction and she is not seeking to recover anything from Owan therefor."

Thus, since Owan's CSF #1 in support of her MSJ has not been refuted it stands admitted as stated per Local Rule 56.1 (g). Per Local Rules - rule 56.1 (g).

According to Local Rule 56.1 (g) **Admission of Material facts.**

"For purposes of a motion for Summary Judgment, material facts set forth in a moving party's concise Statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."

Consequently, since Plaintiff's have not refuted and/or even addressed Defendant Cristeta C. Owan ("Owan")'s Concise Statement of Facts No. 1 Defendant Owan's CSF #1 is deemed admitted, Defendant Owan hereby requests that this Court grant Owan Partial Summary Judgment on any and all claims and alleged damages related to the real property transaction involving Apartment 320 LLC and any damages therefor.

II. Owan requests that those portions of Plaintiff's Opposition to Owan's MSJ that constitute amendments to Plaintiffs' First Amended Complaint [Doc. No. 30] filed herein on May 8, 2017 ("FAC") be disregarded and/or stricken as improper, untimely and highly prejudicial to Owan for, inter alia, purposes of the <u>Owan's instant MSJ</u>.

A. Plaintiffs' new allegations of Owan's alleged guarantees of business income and/or return on investments and aiding and abetting the Gaurino Defendants in fraudulently inducing Plaintiffs into joining and investing into Better Living Global Movement ("BLGM") are in fact, untimely, improper and highly prejudicial amendments to Plaintiffs' FAC.
1. These amendments to Plaintiffs' FAC were submitted in violation of this Court's Rule 16 Scheduling Conference Order [ Doc. 119] which was filed on August 18, 2017, (" Rule 16 Order") includes a September 29, 2017 deadline to, inter alia, file motions to amend pleadings. Paragraph 5 of the Rule 16 Order states in relevant part as follows.
"5. All motions to join additional parties or to amend the pleadings shall be filed by September 29, 2017."

Thus, Owan asserts that Plaintiffs attempt to include amendments to their FAC at this time are untimely and in violation of this Court's Rule 16 Order and could/should be disregarded and/or stricken for purposes of Owan's instant MSJ therefor.

2. Plaintiffs untimely filed amendments should also be disregarded and/or stricken, inter alia, for purposes of Owan's instant MSJ as Plaintiffs did not comply with the requirements of Rule 15 of the Federal rules of Civil Procedure ("FRCP").

According to Rule 15 of the FRCP ;

> "(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier,
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

In this case, Plaintiffs did not obtain Defendant Owan's written consent nor this Court's leave before filing its amendments to its FAC as regard by Rule 15 of the FRCP.

The untimely inclusion of new allegations, i.e., that Owan; a) offered a <u>guarantee</u> of business income and/or returns on investments from the alleged pyramid scheme entitled Better Living Global Movement ("BLGM") and b) that Owan was adding and abetting the Guarino Defendants' alleged fraudulent inducement of Plaintiff Millie Andrade to join and invest in BLGM should not be considered as they are in fact amendments to the FAC that are not properly before this Court at this time and because they have not be allowed by leave of court in accordance with Rule 15 FRCP.

3. Plaintiffs' attempted inclusion of new amendments to their FAC should also be disregarded and/or stricken as they are highly prejudicial to Owan due to the untimeliness of their submittal, i.e., eight (8) months after the FAC was filed on May 8, 2017 and one week before Owan's Reply to Plaintiff's Opposition to Owan's MSJ is due on January 9, 2018. This is also very prejudicial to Defendant Owan as these new allegations come in after Defendant Owan filed MSJ and she is unable per Local Rule 56.1 (g) to address these new allegations without leave of court to submit supplemental Declarations or Exhibits in a timely manner and/or with adequate preparation time herein.

Plaintiffs have amended its original allegations in their FAC. In the FAC, Plaintiff stated that Defendant Owan, a) along with the Guarino Defendants, inter alia, "<u>represented</u> that they [attendees] would triple their investment in three to six months." (Paragraph 28 of the FAC) and b) made a "<u>great endorsement</u> " to the "guarantees of Abner and Aurora Guarino" (Paragraph 32 of the FAC). Now Plaintiff is alleging that "Owan specifically represented <u>and guaranteed</u> to Andrade that the investment would pay three times the amount invested (Plaintiff's CSF #3) .

Prior to these untimely amendments Plaintiffs' had limited their allegations regarding guarantees to include references to only Abner Guarino and Aurora Guarino who, allegedly, inter alia,;

a) "guaranteed Millicent Andrade she would triple her investment in 90 days." (page 2 of the FAC within the Introduction Section of the FAC) and b) stated that "ABNER and AURORA GUARINO told MILLICENT ANDRADE would guarantee any investment she made, or any business she was part of made, would triple the amount invested within 90 days. He [Abner] went on to say: "In fact if you are not satisfied with the business opportunity, I will purchase the units you buy." (Paragraph 31 of the FAC) and c) "Relying on the guarantees of ABNER and AURORA GUARINO, and the great endorsement by CRISTETA C. OWAN who claimed it was a safe deal that really worked, . . . " (Paragraph 32 of the FAC)

Significantly, Plaintiffs' originally filed FAC did not contain any such allegations against Owan.

In addition, nowhere in its FAC do Plaintiffs allege that Owan aided and abetted the Guarino Defendants in fraudulently inducing Plaintiff Millie to join and invest in BLGM. This is the first untimely and prejudicial mention of any such brand new allegation against Owan.

The distinction between representations and endorsements and guarantees is very significant both factually and legally.

In view of the foregoing, Owan hereby requests that these untimely, improper and highly prejudicial amendments to Plaintiff's FAC and all of the subsequently related entries or submittals be disregarded and/or stricken for purposes of Owan's MSJ.

In addition to the foregoing Owan believes that the inclusion of the new amendments and revised allegations in Plaintiffs Opposition are internally inconsistent with the allegations within its FAC, at times inaccurate and outright misstated and thus lack credibility. Consequently, Owan asserts that Owan's argument that there are no genuine issues of material fact remains valid as explained hereinbelow.

In view of the foregoing, Defendant Owan hereby requests that this court either disregard or strike all of Plaintiff's improper and untimely amendments and all related submittals or entries for purposes, inter alia, of the instant MSJ by Owan.

III.     Notwithstanding the foregoing, Owan's Reply to Plaintiff's Opposition to Owan's MSJ per numbered item are as follows.

Owan prefaces her individual comments per Plaintiffs' CSF items by asserting that Plaintiffs' Opposition to Defendant Owan's MSJ, without the new, improper, untimely and highly prejudicial amendments would not negate Owan's prima facie submittals that demonstrate that there are no Genuine issues of Material fact nor would it sustain the burden of proving that a reasonable jury could find for Plaintiff given Plaintiff

Millie's inconsistent and incredible testimony vis-à-vis the original allegations in the FAC.

1. Plaintiff's CSF #1. States as follows:
"On or about September 29, 201, Andrade attended a seminar held at Defendant Cristeta Owan's ("Owan") office in Lihue, Kauai. At the seminar, a PowerPoint presentation was given by Owan, Abner ("Abner")[1] and Aurora ("Aurora" Gaurino (collectively, the "Guarinos")."

The section of Plaintiff Millie Andrade ("Millie")'s deposition transcripts cited by Millie's counsel (page 12: lines10-16 to 16: line 9) does not state a date (only 2014 then 2013) nor does it state that Owan conducted the meeting on 9/29/2013. In fact Owan is not mentioned at all. To the contrary, what the transcript immediately following the pages and lines cited by Plaintiffs' counsel Millie states;

(Page 16, line 10) A. The Gaurinos
Q. Okay. Is that the first time you met the Gaurinos?
A. Yes
Q. When you say "the Gaurinos" can you identify who was there?
A. Yes. Abner and Aurora.
Q. And what was the nature of the introduction to the Gaurinos?
(Mr. ECOFF) Object to the fore, but you can aswer.
(The Witness) They were conducting the meeting.
Q. They were conducting the meeting?
(Page 16, line 17) A. (Witness nods.)

In addition, according to the declarations of three (3) eyewitnesses of the 9/29/2013 BLGM presentation as set forth below, the entire BLGM presentation on 9-29-13 was conducted only by Aurora and Abner Gaurino.

First, according to paragraphs 6,7, and 8 of Mrs. Rosaly Domenden's ("Rose") declaration attached to Owan's CSF in support of Defendant's MSJ, Rose states as follows:
"6. At this meeting, we met Mr. Abner and Mrs. Aurora for the first time and we listened about the presentation Better Living Global Market ("BLGM").
7. Cristetta joined us in the audience.
8. Aurora made the main presentation and Abner would show members of the audience his impressive earnings from BLGM in his BLGM "back office" on his notebook computer."

Second, in her declaration, attached to Owan's CSF in support of Owan's MSJ, Mrs. Maria Celeste Papa paragraphs 11 and 12 states as follows:

---

7

"11. Aurora Gaurino conducted the entire meeting with her husband Abner who went around to show the invitees the Gaurinos impressive earnings from the BLGM business they were sharing.
12. Cristetta did not make any presentations of BLGM at this first group meeting."

Third, in paragraphs 5, 6, and 7 of her declaration, attached to Owan's CSF in support of Defendant's MSJ, Emily Mariano states as follows:

"5. The presentation was conducted by visitors from the mainland. Their names were Abner and Aurora Guarino.
6. At the end of Aurora's presentation, her husband, Abner Guarino also gave support and more details about the business and shared with us their substantial earnings from this business called Better Living Global Market "BLGM").
7. Cristeta did not make the BLGM presentation that day."

Finally, in paragraphs 2, 4, and 6 of Defendant Owan's own declaration, attached to Owan's CSF in support of Defendant's MSJ, paragraphs 2 and 4 states as follows:

"2. When I first met Millicent ("Millie") Andrade over the Better Living Global Market ("BLGM") business opportunity she was a guest of a acquaintance of mine, Mrs. Rosaly ("Rose") Domenden at the first BLGM group presentation conducted by Mr. & Mrs. Abner ("Abner") and Aurora ("Aurora") Guarino in my office in Lihue on or about Sunday, September 29, 2013.

4. This first presentation and several subsequent BLGM presentations were all conducted by Aurora and supported by Abner with displays of his and Aurora's earnings from BLGM on his notebook computer in their BLGM back office.

6. I was in the audience along with Rose, Celeste and Millie and several other persons at this first BLGM meeting on Kauai in my office."

In view of the foregoing corroborating testimony submitted by independent eye witnesses vis-à-vis Plaintiff Millie's inconsistent and varying testimony, it would seem most likely that Owan did not give or assist in the BLGM presentation on 9/29/13 and that, as stated. Owan was in the audience with Millie on 9-29-13.

2.  Plaintiff's CSF #2 states as follows:
"Attendees were encouraged to purchase "units" of BLGM and told that they would triple their investment within 90 days. Andrade testified that she was specifically told by Owan, Aurora, and Abner that she would triple her investment. "

Among the three (3) sections of Millie's deposition cited by her counsel only one makes any reference to Owan, i.e., (page 43: line 25 to page 44: lines 1-8) however,

Millie does not specify the date but in this instance only refers vaguely and ambiguously to "the first meeting" as set forth below.

"Q. What did you know when you bought the stock?
A. That it was going to pay three times the amount of my investment.
Q. And how did you come to that understanding?
A. I was told.
Q. By whom?
A. Cristeta, Aurora, and Abby—or Abner Gaurino.
Q. When were you told that?
A. The first meeting."

Owan submits, even if Owan stated that Millie could or would get paid three (3) times the amount of her investment, which she unequivocally denies, such a statement was/is not a guarantee nor does it constitute fraud in the inducement. Moreover, if allowed Owan will state under oath that even when she later conducted meetings she would stay within the confines of the subject power point presentation which does not contains any reference to earning three (3) times one's investment or that this could be accomplished within ninety days. It does however contain the disclaimer that "This is for illustration purpose only and no specific income is guaranteed or implied." On almost every page.

It is worth noting that in the Introduction and paragraph 31 of Plaintiffs' FAC it states that members could triple their investment in 90 days which is inconsistent with paragraph 28 of the same FAC in which it states that the Guarino Defendants and Owan "represented" that they would triple their investment in three to six months." (underlining added)

3.      Plaintiff's CSF #3 states as follows:
"Owan conducted the presentation at the meeting she attended, assisted by the Gaurinos, upon which Andrade relied upon."

None of the excerpts of Millie's deposition cited below specify the date of the presentation referred to. This is significant as there were multiple meetings in the relevant period. Thus, the lack of a specific date renders this testimony vague and ambiguous. Also, Owan forwarded the subject paper powerpoint presentation to Millie upon Millie's request on or about October 1, 2013. (See Owan's Exhibit "B" attached to Owan's CSF in support of Owan's MSJ wherein Millie states "Thanks for the powerpoint" on October 2, 2013 and also paragraph 18 of Owan's Declaration submitted in support of Owan's MSJ.)

Again, the testimony cited from the deposition transcript page 173 lines 6 to 16 does not specify the date of the presentation referred to.
(Page 173, lines 6 to 16)

Q. Was it sent to you in paper format like this?
A. Email.
Q. But you saw this at some point at the first meeting?
A. As a PowerPoint.
Q. Okay. So explain to me where it was projected at Ms. Cristeta Owan's office?
A. Where?
Q. Yes. How did you see it?
A. I can't remember. Probably on a screen.
Q. And who made the presentation?
A. Cristeta Owan.
Q. Did the Gaurinos make any presentation that you describe as a PowerPoint?
A. They—they were actually, you know, going back and forth with information, Cristeta and Aurora. "

First, this is inconsistent with Millie's earlier testimony above that the Guarinos were conducting the 9-29-13 BLGM meeting. Second, if allowed Owan would state under oath that she does not remember anything but the paper version of the subject powerpoint presentation and as stated above, and that when Owan did conduct a BLGM opportunity meeting with Aurora it was not earlier than November, 2013.

4.   Plaintiff's CSF #4 states as follows:
Owan lent an air of credibility to the presentation and the information presented because of what she did for a living, and the meeting was held in her office.

Presumably, Millie's statement that Owan's office lent an air of credibility is reference to the repeated erroneous statement by Plaintiffs that Owan is a CPA. Owan has informed Plaintiffs repeatedly that she is not a CPA. Owan is a tax preparer as can easily be verified. If allowed Owan will state this under oath. Moreover, if allowed Owan will point out that when asked where the meeting was held during her deposition, Millie stated that it was held at Owan's "tax office".

5.   Plaintiff's CSF #5 states as follows:
"Owan specifically represented and guaranteed to Andrade that the investment would pay three times the amount invested."

It is worth noting that although Plaintiff Millie's counsel now states that Owan "represented and guaranteed" (depo: page 44: lines1-8).the section cited does not include the word guaranteed in connection with Owan or at all for that matter.
In the introduction to Millie's FAC, Plaintiff Millie states "ABNER and AURORA GUARINO guaranteed MILLICENT ANDRADE she would triple her investment in 90 days". There is no mention of Defendant Owan.

10

In paragraph 28 of the FAC, it states in relevant part that ABNER and AURORA GAURINO and Defendant CRISTETA C. OWAN "represented" that they would triple their investment in 3-6 months". It does not state that Owan "guaranteed" anything.

In paragraph 31 of the FAC, states that :

"31. ABNER and AURORA GUARINO told MILLICENT ANDRADE that they would guarantee any investment she made, or any business she was part of made, would receive triple the amount invested in 90 days. He [Abner Gaurino] went on to say: "in fact if you are not satisfied with the business opportunity, I will purchase the units you buy" ( brackets added)
T
Significantly, there is no mention of Owan or that Owan guaranteed anything.

Paragraph 32 of the FAC, states in relevant part as follows:

"relying on the above representations and <u>guarantees of Abner and Aurora Garino</u>, and the <u>great endorsement of Cristetta C. Owan</u>, who claimed it was a safe deal that really worked, and the slick powerpoint presentation, Plaintiff Millicent Andrade subsequently said that she was willing to purchase shares or "units" of BLGM from Defendants Abner and Aurora Gaurino".

Again, there is no mention of Owan making any guarantees. And, even a "great endorsement" is not a guarantee nor does it constitute fraud in the inducement.

6.    Plaintiff's CSF #6 states as follows:
"Based on the Gaurinos' and Owan's representations, Andrade on behalf of the Trust decided to purchase BLGM units a few days after Owan's presentation."

Although Owan agrees with the fact that Millie did purchase BLGM units a few days after the 9-29-13 BLGM presentation Owan categorically denies that it was because of anything Owan did or said. Some of the undisputed facts which are now deemed admitted per Local rule 56.1 (g) are as follows:

None of the checks submitted went to Owan.

Owan did not sell any BLGM units to Millie. (paragraph 29 of Owan's Declaration in support of Owan's MSJ)

All three of the first checks submitted by Millie are dated between October 2, 2013 and October 9, 2013 payable to the Guarino Defendants dba "Bliss 4 Life", "Cash" or "So Chau Pui" per instructions from the Guarino Defendants. (See FAC paragraphs 33, 34 & 35)

Likewise, according to paragraph 36 of the FAC the six (6) additional checks totaling $30,000.00 were also sent directly to the Guarino Defendants "using its Chase Bank accounts Quick Pay electronic transfer function."

If allowed, Owan will state under oath that she had no involvement with Millie's checks which were sent directly to the Guarino defendants, including the check to So Chau Pui nor with any other subsequent transactions involving Millie.

11

7.  Plaintiff's CSF #7 states as follows:
"Owan instructed Andrade to write in "So Chau Pui" on a $5,000 check. Andrade then gave the check to Owan so that Owan could give it to the Gaurinos."

If this court grants Owan leave to file a Supplemental Declaration to address these new allegations Owan will Declare under penalty of perjury that she had no involvement with Millie's transactions between Millie and the Guarino Defendants, including, without limitation, this transaction regarding a So Chau Pui. Consequently, all of the depo transcripts cited contain false or mistaken testimony by Millie with the exception of a partial truth, i.e., that Millie was told by Cristeta and the Guarinos. All other communications were only between Millie and the Guarino Defendants.

Reference is made to Owan's Exhibit "B" attached to her CSF in support of Owan's MSJ wherein Millie communicates regarding her direct email communication with the Guarino Defendants as early as October 2, 2013. In relevant part, the 10-2-13 email states :

"Thanks for the power point – I will make sure I comprehend what the author is trying to convey here. I have already spoken to Aurora and Abner earlier this morning and have sent in my seed money for 50 units VP. Once Abner receives my seed money(sent by priority mail to be rec'd by Thurs. . . . . He [Abner] estimates that it will take me approx.. 2.5 months to receive the original investment. That is fine by me. "

8.  Plaintiff's CSF #8 states as follows:
"Owan forward[ed] a second PowerPoint presentation a few days later on October 6, 2013, instructing Andrade to use that one instead." (redactions and brackets added)

If this court grants Owan leave to file a Supplemental Declaration to address these new allegations Owan will Declare under penalty of perjury that it is noteworthy that Owan sent the first version of the paper Powerpoint presentation per Millie's request and the second as a courtesy follow up to all of her downline at the time. Owan did not push anything upon Millie, Millie requested it. Moreover, every version of the subject powerpoint contains the aforesaid same, clear disclaimers on the bottom of almost ever page.

9.  Plaintiff's CSF #9 states as follows:
"Owan continued to solicit Andrade by inviting her to a second meeting after Andrade purchased the first $50,000 worth of units. Further, when the triple return did not materialize on the units Andrade first purchased, Owan told Andrade to wait for payment."

10. Plaintiff's CSF #10 states as follows:
"On October 9, 2013, Owan told Andrade that the Gaurinos would be going to her office that day, and told Andrade to go there at 11:30 a.m."

With regard to both Plaintiffs' CSF # 9 and #10 Owan did not solicit or invite Millie to any further BLGM meetings. Millie made these arrangements directly with the Guarino Defendants. Plaintiffs exhibit "D" dated October 8, 2017 states;

"Hi Cris: Aurora called earlier and informed me that she would be contacting youfor ETA. Can you let me know when I should be at the office as she is going to help me to input my units into the system. Should be fun! Please keep me posted. Thanks, Shalom: Millicent Andrade"

Owan finds it rather disingenuous of Millie's counsel to characterize these emails as Owan soliciting Millie. The truth is that Owan, as usual throughout the subject period, is just accommodating everyone's requests to use her office a s meeting place. Owan did not invite Millie, she didn't have to, Millie always invited herself to Owan's office, and almost always without making an appointment.
Owan believes it is worth sharing her observation that these amendments only came out after Plaintiffs retained new counsel on or about July 17, 2017 and that her testimony during her deposition on August 30, 2017 seemed to conform to the elements necessary to support her allegations whether they were internally consistent or not. Moreover, Plaintiff Millie's present counsel are at times inaccurate, and/or actually misstate the evidence in what appears to be an attempt to conform the evidence to match the requirements needed to prove Plaintiff's allegations.
Significantly, Millie's testimony in deposition on page 39, lines 15 to 22 belies Plaintiffs' CSF #9 & #10 as follows:

(page 39, lines 15 to 22)
Q. What arrangements - - how did you know that they were going to be in Hawaii? You know they live in California.
A. Cristeta called.
A. Cristeta Owan.
A. Yes.
Q. And what did she say to you?
A. She invited me to another meeting.

In addition, Owan did not, as alluded to by Millie's counsel, tell Millie to buy more stock or BLGM units. Millie testified that the Guarino Defendants told Millie to "invest more" on page 38, lines 15 to 18.

(15) THE WITNESS: " I was told to  invest more."
(16) BY MR. REMIS:
(17) Q. By whom?
(18) A. "By the Guarinos"

13

      Although current case law may preclude this court from judging or ruling on the credibility of the parties for purposes of an MSJ there should be no bar to the court's looking at the totality of the circumstances and the evidence, observations and arguments presented herein with the application of common sense to determine, e.g., whether a reasonable jury could find in favor of Millie and her newly amended allegations against Owan in this case.

      In view of the foregoing, Owan prays that this Court will Grant Owan's MSJ as to all claims by all parties against Owan herein.

      Respectfully submitted.

DATED: Lihu'e, Kaua'i, Hawai'i January 9, 2018.

/s/ Thomas D. Yano
THOMAS D. YANO
Attorney for Defendant
Cristesta C. Owan

\

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually, <br><br>   Plaintiffs, <br>vs. <br><br>ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive, <br><br>   Defendants. | CIVIL NO. 16-00347 JMS RLP <br><br> CERTIFICATE OF SERVICE |
| APT-320, LLC, a Hawaii Limited Liability Company, <br><br>   Third-Party Plaintiffs, <br>vs. <br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS, <br><br>   Third-Party Defendants. | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be served on the following parties by CM/ECF and/or United States mail, postage prepaid to the following addresses:

15

DENNIS W. CHONG KEE, Esq.
W. KEONI SHULTZ, Esq.
CHRISTOPHER T. GOODIN, Esq.
dchongkee@cades.com
wshultz@cades.com
cgoodin@cades.com

LAWRENCE C. ECOFF, Esq.
ALBERTO J. CAMPAIN, Esq.
GINNIN G. KIM, Esq.
ecoff@ecofflaw.com
camapain@ecofflaw.com
kim@ecofflaw.com

Attorneys for Plaintiffs
ATOOI ALOHA, LLC, CRAIG B.STANLEY,
as Trustee for THE EDMON KELLER and CLEAVETTE
MAE STANLEY FAMILY TRUST;
CRAIG B. STANLEY, Individually; and
MILLICENT ANDRADE, individually
Attorneys for Plaintiffs
jrrhnl@aol.com
rdelawoffice@gmail.com

JOHN R. REMIS JR., Esq.
ROBERT D. EHELER, JR., Esq,
jrrhnl@aol.com
rdelawoffice@gmail.com

Attorneys for Defendants
ABNER GAURINO, AURORA GAURINO,
And ABIGAIL GAURINO

WAYNE P. NASSER, Esq.
FRANCIS P. HOGAN, Esq.
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII

Attorneys for Defendants
ABNER GAURINO, AURORA GAURINO,
And ABIGAIL GAURINO

WAYNE P. NASSER, Esq.
FRANCIS P. HOGAN, Esq.
wnasser@awlaw.com
fhogan@awlaw.com

Attorneys for Defendants
ROMMEL GUZMAN and
FIDELITY NATIONAL TITLE &
ESCROW OF HAWAII

CHARLES A. PRICE, Esq.
cprice@koshibalaw.com

WILLIAM J. PLUM, Esq.
wplum@plumlaw.com

Attorneys for Defendants
APT-320, LLC and INVESTORS
FUNDING CORPORATION


PAMELA J. SCHELL, Esq.
Anderson Lahne & Fujisaki
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
pschell@alf-hawaii.com


DATED: Lihue, Kauai, Hawaii   January 9, 2018

_____
THOMAS D. YANO
Attorney for Defendant,
Cristeta C. Owan