THOMAS D. YANO #3780
4374 Kukui Grove Street, Suite 204
Lihue, Kauai, Hawaii 96766
Telephone: (808) 245-8686
Metro Fax: (877) 888-7657
E-mail: thomasdyano@gmail.com

Attorney for Defendant
CRISTETA C. OWAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, DEFENDANT OWAN C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive,<br><br>　　　　　　Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>DEFENDANT CRISTETA C. OWAN'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br><br><br><br>Final Pretrial Conference:<br>2/13/2018 at 9:30 a.m.<br>Judge: Honorable Richard L. Puglisi<br><br><br>Trial: March 28, 2018 at 9:00 a.m.<br>Judge: Honorable J. Michael Seabright |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>　　　　　　Third-Party Plaintiffs,<br>vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>　　　　　　Third-Party Defendants | *(Caption continued on next page)* |

<u>DEFENDANT CRISTETA C. OWAN'S FINAL PRETRIAL STATEMENT</u>

Comes now Defendant, Cross-Defendant CRISTETA C. OWAN ("Defendant Owan"), by and through her undersigned counsel, THOMAS D. YANO, and hereby submits her Final Pretrial Statement pursuant to Rule 16.6 of the Local Rules of the United States District Court for the State of Hawaii.

**A.　PARTY**

This Final Pretrial Statement is submitted on behalf of Defendant Owan.

**B.　JURISDICTION AND VENUE**

This Court has jurisdiction over this case as the case involves questions of Federal law, including § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. This Court also has jurisdiction based on the parties' Diversity of Citizenship and because the amount of controversy exceeds $75,000.00.

Venue is appropriate under 18 U. S. C. § 1391 because a substantial part of the alleged events and/or omissions of the claim(s) made by Plaintiffs occurred in the District of Hawaii and because the real property that forms the primary subject matter herein is situated in the District of Hawai'i.

**C.　SUBSTANCE OF ACTION**

This case involves two (2) distinctly separate triable matters.

First, Plaintiff Millicent Andrade ("Plaintiff Andrade")'s allegations that she was fraudulently induced to join and invest in a company called Better Life Global Marketing ("BLGM"). Second, Plaintiff Andrade's allegations that the Guarino Defendants, and only the Guarino Defendants, induced Plaintiff Andrade to exchange BLGM units for real property in Honolulu. On this second matter, it is noteworthy that Plaintiff Andrade stated in her deposition on or about August 30, 2017, inter alia, that she is not making any claims against Defendant Owan in connection with the subject real property transactions nor is she seeking any recovery or damages from Defendant Owan in connection with the subject real property transaction(s). (Plaintiff Andrade's Depo transcripts, page 254, lines 1 – 5 and page 269, lines 7-11 and lines 22-24) We address each of these matters as follows.

1. **<u>Was Plaintiff Andrade fraudulently induced to join and invest in the BLGM business opportunity.</u>**

First, with regard to Plaintiff Andrade's allegation that Defendant Owan, in concert with the Guarino Defendants, fraudulently induced Plaintiff Andrade to join and invest in to a company called Better Living Global Movement 9"BLGM") Plaintiff Andrade pled in her First Amended Complaint ("FAC") on May 8, 2017 (Doc. No. 30) that it was only Defendants Aurora Guarino and Abner Guarino, husband and wife ("Guarino Defendants") who "guaranteed" Plaintiff Andrade certain returns of business income within either three (3) to six (6) months or 90 days (Paragraph 31 of the FAC) depending on which paragraph one read in the FAC. Plaintiff Andrade does not mention that Defendant Owan guaranteed anything in her original FAC. (Doc. No. 30)

The only allegations contained in the FAC with regard to Defendant Owan were ; a) that Owan, "represented " that they would triple their investment in three to six months." (paragraph 28 of the FAC) (Doc No. 30), b) that Defendant Owan "started off the presentation by saying "I know some of you might be skeptical, I was skeptical, but I have investigated this opportunity, and it's the real deal. It really works. It's a great investment." (paragraph 29 of the FAC), and c) "Relying on the above representations and guarantees of ABNER and AURORA GUARINO, and the great endorsement by CRISTETA C. OWAN who claimed it was a safe deal that really worked . . . Plaintiff MILLICENT ANDRADE subsequently said she was willing to purchase shares or "units" of BLGM from Defendants ABNER and AURORA GAURINO". (paragraph 32 of the FAC)   However, after the appearance of substitute counsel Dennis Chong Kee of the Cades Schutte firm in Honolulu (Doc. No. 76) and the appearance of three (3) attorneys from new attorneys from Beverly Hills, California pursuant to the grant of their respective Motions to appear Pro Hac Vice for three (3) (Doc. No.s 79, 80 & 81) by Magistrate Judge Richard L. Puglisi on July 14, 2017 (Doc. No. 88) Plaintiff Andrade added new allegations.

Although Plaintiff Andrade states in her Concise And Separate Statement Of Facts ("CSF") CSF #5 (Doc. 216) that "Owan specifically represented and guaranteed to Andrade that the investment would pay three times the amount invested", the testimony cited by Plaintiff

3

Andrade's attorneys (Andrade depo. 44:1-8) does not state anything about a "guarantee". And, in any event, Defendant Owan denies all such allegations.

In addition, subsequent to her deposition, Plaintiff Andrade's new attorneys misstate Defendant Owan's Declaration and misconstrue an email between Defendant Owan and Plaintiff Andrade to support the theory of Plainitff Andrade's case.

Plainiff's new attorneys write that "Owan declares that [the] every BLGM presentation that was held at her office was conducted by Aurora and supported by Abner (Owan Decl Para. 4). However, in fact, paragraph 4 of Defendant Owan's Declaration states "The first several BLGM presentations were all conducted by Aurora and supported by Abner with displays of his and Aurora's earnings from BLGM on his notebook computer in ther BLMG back office." There is no mention of all of these meetings being held at Defendant Owan's office. Thus, as Plaintiff also insists that the meeting Plaintiff attended was conducted by Defendant Owan and assisted by the Guarinos, Plaintiff Andrade must be referring to a meeting that occurred much later than the first meeting on September 29, 2013. And, although it is true that Defendant Owan did conduct BLGM presentations assisted by the Guarinos, it was not until several weeks after the first BLGM presentation. Moreover, Defendant Owan unequivocally denies ever making any "guarantees" of income or return on investment.

Significantly, the initial Complaint filed by Plaintiffs' first attorneys, Michael Jay Green and Brian K. Mackintosh, which does not even name Defendant Owan, was filed on June 26, 2016 (Doc. No. 1), over eleven (11) months before the filing of Plaintiff Andrade's FAC.

## 2. **Was Plaintiff Andrade fraudulently induced to sell her and/or her fiance's family's real property to the Guarino Defendants in exchange for BLGM units.**

Second, with regard to the subject real property transaction(s) wherein Plaintiff Andrade and the Guarino Defendants exchanged Plaintiff Andrade's real property for BLGM "units" Defendant Owan had no involvement with these transactions. And, in fact, Plaintiff Andrade testified during her deposition on August 30, 2017, inter alia, that she is not making any claims against Defendant Owan in connection with the subject real property transactions nor is she seeking any recovery or damages from Defendant Owan in connection with the subject real property

transaction(s). (Andrade depo, page 269, lines 22-24) Thus, Defendant Owan would like to bifurcate this matter from the allegations regarding Plaintiff Andrade being fraudulently induced to join and invest in BLGM and request that she be dismissed summarily from any involvement related to the subject real property transaction(s) between Plaintiff Andrade, the Guarino Defendants and/or the new third party Defendants from California, i.e.,

In addition to the foregoing issues, on June 2, 2017, Defendants APT. 320, LLC filed a Cross-Claim against, inter alia, Defendant Owan (Doc. No. 40) apparently in connection with a transaction or transactions with Plaintiffs and the Guarino Defendants of which Defendant Owan had/has no personal knowledge or involvement. However, it is Defendant Owan's understanding that Defendant Apt.320. LLC is presently considering a Notice of Withdrawal of its Cross-Claim against Defendant Owan which would render this matter moot.

Also in addition to the foregoing issues, on June 5, 2017, Defendants ROMMEL GUZMAN and FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I filed a Cross-Claim against, inter alia, Defendant Owan .(Doc. No. 46) apparently in connection with the transaction or transactions with Plaintiffs and the Guarino Defendants of which Defendant Owan had/has no personal knowledge or involvement. However, it is Defendant Owan's understanding that Defendant Fidelity and Guzman is presently willing to sign a Stipulated Dismissal of its Cross-Claim against Defendant Owan which will render this matter moot.

### UNDISPUTED FACTS

1.) It is undisputed that Defendant Owan granted the Guarino Defendants, Abner & Defendant Aurora's request to use her office to make presentations for persons interested in the Better Living Global Movement ("BLGM") business opportunity which included Defendant Owan and Plaintiff Andrade at the first meeting.

2.) It is undisputed that Plaintiff Andrade joined and invested in BLGM on or about September 29, 2013.

3.) It is undisputed that Plaintiff Andrade invested even more money into BLGM between October 2, 2013 and November 15, 2013.

4.) It is undisputed that Defendant Owan had no personal knowledge or involvement in any transaction(s) related to the subject real property for BLGM "units" which was conducted directly between the Guarino Defendants and Plaintiff Andrade, et al.

E. **DISPUTED FACTUAL ISSUES**

1.) It is disputed, that on or about September 29, 2013 or at any time Defendant Owan:
- made a "great endorsement" by stating ;
"I know some of you might be skeptical, I was skeptical, but I have investigated this opportunity, and it's the real deal. It really works. It's a great investment ".

2.) It is disputed that Defendant Owan guaranteed Plaintiff Andrade any specific income or return on investment from BLGM.

3.) It is disputed that Defendant Owan knowingly and with intent fraudulently induced Plaintiff Andrade to join or invest in BLGM.

4.) It is disputed that Defendant Owan ever represented and/or guaranteed that Plaintiff Andrade would make three (3) times her investment into BLGM within 90 days, 3 months or six (6) months.

F. **RELIEF PRAYED**

Plainitff Andrade seeks damages against the Guarino Defendants and Defendant Owan for a) allegedly being fraudulently induced to join and invest into the BLGm business opportunity and b) damages and the return of the subject property as against the Guarino Defendants for allegedly being fraudulently induced to sell her and her fiance's real property for BLGM Units.

Defendant Owan prays that she be dismissed from this action with prejudice and that she be awarded her attorney's fees and costs and such other and further relief as is fair and just in this case.

G. **.POINTS OF LAW**

1. **Plaintiff Andrade alleges that she was fraudulently induced to join and invest in the BLGM business opportunity.**

On the first point of law, Fraud requires knowledge or scienter and the intent to defraud.

And, in general, fraud can not be predicated upon statements that are promissory in nature at the time they are made and that relate to future actions or conduct. A promise relating to future actions or conduct will be actionable , however, if the promise was made without the present intent to fulfill the promise. See, e.g., Pancakes of Hawaii, Inc. vs. Pomare Properties, corp. , 944 P. 2d. 97, ICA Hawaii (1997) In this case, even if Defendant Owan made any type of promise, which she did not, Defendant Owan lacked both the requisite knowledge about the BLGM business opportunity and thus also the intent to defraud Plaintiff Andrade during the time Plaintiff Andrade alleges Defendant Owan worked in concert with the Guarino Defendants to fraudulently induce Plaintiff Andrade to a) join and b) invest in the BLGM business opportunity, i.e., during and immediately after the first BLGM business opportunity presentation held in Defendant Owan's office in Lihue on Kauai on September 29, 2017.

Defendant Owan was a member of the same first audience with Plaintiff Andrade on September 29, 2017 to learn about the BLGM business opportunity at the first of such presentations on Kauai. The only persons who had the requisite knowledge of the BLGM business opportunity at that first meeting on Kauai when Plaintiff Andrade decided to join and in fact went back to her vehicle to get her check book to invest into BLGM that night, were the Guarino Defendants who, according to Defendant Owan and three (3) other eye witnesses, conducted the first several BLGM business opportunity meetings on Kauai, including the very first meeting on September 29, 2017. These same eye witnesses from the same initial audience before the Guarino Defendants also declared under oath that Defendant Owan did not make any presentation during or after that first BLGM presentation and that it was presented exclusively by Aurora Guarino and assisted by her husband, Abner Guarino who showed the members of that audience his and Aurora's earnings in Hong Kong dollars from the BLGM business on his notebook computer. (See the Declarations of Rosaly Domenden, Maria Celeste Papa, Emily Mariano and Defendant Owan which are attached and incorporated by reference thereto Defendant Owan's MSJ (Doc. No. 202)

It is significant to note that Plaintiff Andrade only added the allegation that Defendant Owan, in concert with the Guarino Defendants, "guaranteed" Plaintiff Andrade that she would earn three (3) times her investment from BLGM in 90 days or six (6) months occurred within her Concise And Separate Statement of Facts in Support of Plaintiff Andrade's Opposition to

Defendant Owan's MSJ ("Plaintiff Andrade's CSF") filed on January 2, 2018. (Doc. No. 216) This was over seven months after she filed her FAC on May 8, 2017 and over five (5) months after she obtained new counsel on July 14, 2017. From Defendant Owan's review of the records herein it appears that the first time Plaintiff Andrade mentions that Defendant Owan guaranteed anything was in her Concise And Separate Statement of Facts ("CSF") in Support of her Opposition to Defendant Owan's MSJ. And, curiously, none of the excerpts of Plaintiff Andrade's depositions cited by her new counsel actually state that Defendant Owan guaranteed anything. However, as part of Plaintiff Andrade's CSF Plaintiff Andrade and/or her new attorneys state that Defendant Owan "specifically represented and guaranteed to Andrade that the investment would pay three times the amount invested". (CSF #5 of Plaintiff's CSF in support of Plaintiffs' Opposition to Defendant Owan's MSJ. (Doc. No. 216) The excerpt of Andrade's depo cited, (Andrade's depo 44: 1-8) does not even contain the word "guarantee".

It is also noteworthy that Plaintiff Andrade's new attorneys misquote and thus misconstrue Defendant Owan's Declaration to support Plaintiff Andrade's theory of her case by stating the Defendant Owan states '"Owan declares that every BLGM presentation that was held at her office was conducted by Aurora and supported by Abner." (Owan Decl. Para.4) What Defendant Owan actually states in her Declaration is "The first presentation and several subsequent BLGM presentations were all conducted by Aurora and supported by Abner with displays of his and Aurora's earnings from BLGM on his notebook computer in their BLGM back office". (See Declaration of Cristeta C. Owan attached and incorporated by reference to Defendant Owan's CSF filed herein on December 18, 2017 (Doc. No. 203).

In addition, Plaintiff Andrade's attorneys also misrepresent that Defendant Owan invited Plaintiff Andrade to attend further BLGM presentations when it was actually Plaintiff Andrade that invited herself to subsequent BLGM meetings by, inter alia, direct communications with the Guarino Defendants and taking advantage of Defendant Owan's accommodating nature. Defendant Owan was responding to Plaintiff Andrade's inquiry as to when the Guarino Defendants were going to be on Kauai again. Defendant Owan was simply again accommodating Plaintiff Andrade's request and not vice-versa. The email cited by Plaintiff Andrade's new attorneys was initiated by Plaintiff Andrade wherein on October 8, 2013 Plaintiff Andrade states in relevant part : "Hi Cris: Aurora called earlier and informed me that

they are arriving tomorrow. She told me she would be contacting you for ETA. Can you let me know when I should be at the office as she is going to help me to input my units into the system.". Defendant Owan replies by stating "Hi Millie, I'm still up, yes! Expected to come in at 11:30 Am in the office. Comeby!" (see Exhibit "D"attached to Plainitff Andrade's CSF in Support of Plainitff's Opositio to Defednat Owan's MSJ) And yet, Plaintiff Andrade's new attorneys argue on page 11 of their Opposition to Defendant Owan's MSJ (Doc. No. 215) that "Owan continued to solicit Andrade by inviting her to a second meeting after Andrade purchased the first $50,000.00 worth of units." in support of their argument that Defendant Owan further enticed Andrade to attend more BLGM meetings. If anyone invited Plaintiff Andrade it was the Guarino Defendants or Plaintiff Andrade herself and not Defendant Owan.

In addition to the foregoing, Plaintiff Andrade also testified twice during her deposition that joining BLGM was "her own decision". See the transcripts of Plaintiff Andrade's oral deposition on August 30, 2017 a) Page 61, lines 23 & 24 and b) page 258, lines 2-4). In view of the foregoing it is doubtful that a reasonable jury could find that Defendant Owan fraudulently induced Plainitff Andrade to join and invest in BLGM. Defendant Owan should not be held liable for Plaintiff Andrade's own, knowing and voluntary decision to join and invest into BLGM.

2. **<u>Plaintiff Andrade alleges that she was fraudulently induced to sell her and/or her fiance's family's real property for BLGM units.</u>**

With regard to Plaintiff Andrade's allegations regarding the real property transactions it is undisputed that Plaintiff Andrade is not suing Defendant Owan in any way with regard to the subject Real Property transaction(s) nor is Plaintiff Andrade seeking any damages from defendant Owan in connection with the subject real property transactions. (See Plaintiff Andrade's oral Deposition transcripts at page254 – lines 1-5 and page 269- lines 7-11 and lines 22-24)

H. **PREVIOUS MOTIONS**

On April 14, 2017 Motion to Amend/Correct Complaint was filed by Plaintiffs then attorney Brian K. Mackintosh (Doc. No. 25)

The Motion To Amend Plaintiffs' Complaint was granted by Magistrate Judge Richard L. Puglisi on May 5, 2017. (Doc. No. 29)

Plaintiffs Amended Complaint was filed on May 8, 2017 (Doc. No. 30)

June 30, 2017 Motion for Discovery to Compel was filed by Guarino Defendants (Bob Eheler) (Doc. 68)

July 3, 2017 Motion for Discovery from Plaintiffs was filed by APT 320, LLC (Charles Price)

On July 12, 2017 Plaintiff's initial attorneys Michael Jay Green and Brian K. Mackintosh filed a Withdrawal and Substitution of counsel on or about July 12, 2017 (Doc. No. 76) This was signed and granted by Magistrate Richard L. Puglisis on the same date (Doc. No. 76)

On July 13, 2017 Motions to appear Pro Hac Vice were filed by attorney Lawrence C. Ecoff (Doc. No. 79), attorney Alberto J. Campain (Doc. No. 80) and attorney Ginni G. Kim (Doc. No. 81)

On July 14, 2017 Magistrate Judge Richard Puglisi signed an Order Granting all three (3) Motions to appear for Plaintiffs Pro Hac Vice. (Doc. 88)

On August 8, 2017 Order Granting Motions To Compel by Guarino Defendants and Apt. 320, LLC were Granted by Judge Puglisi. (Doc. No. 92)

On September 26, 2017 a Third Party Complaint was filed by APT 320. LLC against AOAO Of Daimond Head Sands (Doc. No. 145)

On September 29, 2017 the Guarino Defendants filed a Motion To file a Third Party Complaint (to add Defendant, Mr. Verlin Sangianco, his real estate company, Westrend Realty and principal broker Beverly G. Alvarez, the Principal broker for Westrend Realty. (Doc. No. 149) The Motion Was Granted

On October 23, 2017 Defendant Owan filed a Motion to Continue Rule 16 Scheduling Order deadline to file dispositive Motions (Doc. No. 161)

On October 25, 2017 MSJ and for IDF was filed by Charles A. Price (Doc. No. 164)

On October 25, 2017 MSJ was filed by Defendant Fidelity and Guzman (Doc. No. 166)

On October 30, 2017 Magistrate Judge Puglisis granted Guarino Defendants Motion for Leave to File Third Party Complaint (Doc. No. 182)

On October 31, 2017 Magistrate Judge Puglisi GRANTED Defendant Owan's Motion To Extend Rule 16, Order Deadline to file dispositive Motions (but only as to Defendant Owan) up to December 22, 2017,. (Doc. No. 183)

On November 6, 2017 Guarino Defendants filed their Third Party Complaint vs. Verlin Lim Sangcianco, Westrend Realty, Inc., and Beverly G. Alvarez (Doc. No. 187)

On November 7, 2017 Guarino Defendants filed a Motion For Joinder to Defendnats Fidelity and Guzman (Doc. No. 191)

On December 18, 2017 Defendant Owan filed a Motion for Summary Judgment (Doc. No. on December 18, 2017)

On January 31, 2018 an Order Re MSJs and IDF was issued and filed by Judge Michael Seabright (Doc. No. 238) MSJs by Apt.320LLC and Fidelity were Granted and MSJ by Owan was Denied and Joinder by Guarino Defendants was Denied.

On February 5, 2018 the Guarino Defendants' attorney, Mr. John Remis filed a Motion to continue Trial (Doc. No. 242)

## I. **WITNESSES TO BE CALLED**
### a. **Expert Witneses**

Insofar as Discovery and potential litigation regarding, inter alia, the new Third Party Defendants Verlin Sangcianco, Westrend Realty and Beverly G. Alvarez is pending and incomplete it is unknown at this time if any expert witnesses would/could be needed therefor. Nonetheless insofar as Defendant Owan had no involvement with the real property transactions(s) she does not anticipate needing to call any Expert Witnesses to address the real property transaction(s) between Plaintiff Andrade and the Guarino Defendants.

With regard to Plaintiff Andrade's aforesaid newly added allegations which were made subsequent to the filing of her FAC Defendant Owan is not sure if she will need any expert witnesses to address the related issues therefor at this time.

In view of the foregoing, although the need for expert witnesses appears unlikely, Defendant Owan hereby respectfully reserves the right to amend and/or supplement this Pretrial Statement with regard to expert witnesses pending the completion of the aforesaid discovery

and/or any possible further litigation with regard to the real property transactions or BLGM which involve the new Third party Defendants from California.

### b. Lay Witnesses

Although discovery and potential litigation as to third Party Defendants Verlin Lim Sangcianco, Westrend Realty and Beverly G. Alvarez, is incomplete and Defendant Owan Defendant has no involvement with the real property transaction(s) herein, Defendant Owan hereby respectfully reserves the right to amend and/or supplement her list of Lay witnesses within her Pretrial Statement pending the completion of aforesaid discovery and/or potential further litigation therefor.

At present, Defendant Owan intends to call the following lay witnesses.

1. Rosaly Domenden who will testify, inter alia, that;
    a. Defendant Owan did not conduct or assist in the first BLGM business opportunity meeting on September 29, 2013, and
    b. The first BLGM business opportunity meeting was conducted exclusively by Aurora Guarino and assisted by her husband, Abner Guarino, who showed the attendees the Guarino's impressive earnings from BLGM in Hong Kong dollars on his notebook computer, and
    c. On or about September 29, 2013 I was invited by a Celeste Papa to attend a meeting at the office of Paradise Tax Office in Lihue, Kauai, Hawai'i.
    d. I, in turn invited Ms. Millicent ("Millie") Andrade to this meeting because we both do network marketing.
    e. Millie was hesitant at first so I told her "we are just there to listen with an open mind, and if you want, you can leave your checkbook in you rcar because I don't know what it's all about".
    f. Nonetheless, Millie decided to come and I met her at the Paradise Tax Office.
    g. At this meeting we were introduced to Mr. Abner an d Mrs. Aurora Guarino for the first time and we listened to their presentation about Better Living Global Market ("BLGM")
    h. Aurora made the main presentation while Abner would show members of the audience his earnings from BLGM in his BLGM "back office" on his notebook computer.
    i. When the presentation was over Millie seemed interested and she went to ask the Guarinos some questions and conversed with them for quite a while.
    j. While I was having a few refreshments in the lobby area Millie passed by me and said "now I have to go down and get my checkbook from my car". I was shocked when I heard this statement.
    k. The next thing I remember was seeing Millie writing a check on the stairway railings next to me.

    l. I remember that since Millie signed up so quickly that night it compelled me to sign up that day as well because I had invited Millie so I had to sign up so she would sign up under me.

2. Maria Celeste Papa, who will testify, inter alia, that:

    a. Defendant Owan did not conduct or assist in the first BLGM business opportunity meeting on September 29, 2013, and
    b. The first BLGM business opportunity meeting was conducted exclusively by Aurora Guarino and assisted by her husband, Abner Guarino, who showed the attendees the Guarino's impressive earnings from BLGM in Hong Kong dollars on his notebook computer,
    c. Towards the end of September, 2013 a friend of mine from California called me on Kauai and told me he wanted to se me to show me something.
    d. On the following day I picked him up at the Lihue airport together with a couple by the names of Abner and Aurora Guarino.
    e. At first we went to a restaurant to eat lunch but the restaurant was full and noisy so I decided to call and ask Cristeta Owan if I could use her office to meet with some friends.
    f. Cristeta agreed and so we went to her office to meet.
    g. Cristeta was busy and actually left for a while to do her business errands at that time.
    h. When Cristeta returned to her office it was late so she only had a short time to talk to Mr. & Mrs. Guarino about this new business.
    i. Then I had to take the Guarinos back to the airport on that same day in the afternoon/evening.
    j. About a week later on or about September 29, 2013 Mr. & Mrs. Guarino and my friend were invited back to Kauai to give another presentation.
    k. The meeting was again held in Cristeta Owan's office.
    l. That meeting was the Guarinos second trip to Kauai but the first time they were able to meet a group.
    m. Aurora Guarino conducted the entire meeting.
    n. Cristeta did not do any presentations of BLGM at the first group meeting.
    o. In fact, Cristeta did not even know many of the people that I had invited to her office for the meeting.
    p. Cristeta was/is just a very accommodating hostess for her friends like me.

3. Emily Mariano, who will testify, inter alia,

    a. Defendant Owan did not conduct or assist in the first BLGM business opportunity meeting on September 29, 2013, and
    b. The first BLGM business opportunity meeting was conducted exclusively by Aurora Guarino and assisted by her husband, Abner Guarino, who showed the attendees the Guarino's impressive earnings from BLGM in Hong Kong dollars on his notebook computer, ,

c. On or about September 29, 2013 I was invited by Mrs. Celeste Papa to attend a meeting to evaluate a business presentation in Mrs. Cristeta Owan's office.
d. I knew many of the attendees.
e. Cristeta Owan, our hostess, and Millicent Andrade ("Millie") were also in the audience.
f. The presentation was conducted by visitors from the mainland. Their names were Abner and Aurora Guarino.
g. At the end of Aurora's presentation, her husband, Abner Guarino also gave support and more details about the business and shared with us their substantial earnings from this business called Better Living Global Market "BLGM").
h. Cristeta did not make the BLGM presentation that day..
i. After the presentation we all stayed for refreshments and many of us noticed that Milicent "Millie" Andrade, who had been talking to Aurora, left abruptly.
j. Rosaly Domenden told us that Millie was going to get her checkbook from her car so she could get into this business that night.
k. In less than thirty (30) minutes Millie was back and full of excitement telling people that she was going to sign up.
l. A few days later I also heard that Millie had signed up for the biggest package BLGM had to offer.
m. It was common knowledge at that time that Millie was a big hitter in BLGM.
n. We all knew/know BLGM is like any other business, i.e. there is always a risk and no guarantee.

**J.     EXHIBITS, SCHEDULES AND SUMMARIES**

Defendant Owan plans to submit, inter alia, all of her previously submitted Exhibits herein, including, without limitation, those exhibits "A", "B", "C" and "D" attached and incorporated by reference to her Separate And Concise Statements Of Facts In Support Of Defendant's Motion For Summary Judgment (Doc. No. 203).

Exhibit "A" are selected pages of Plaintiff Andrade's oral deposition which will be submitted to present Plaintiff Andrade's statements under oath as set forth hereinabove.

Exhibit "B" is an email trail between Plaintiff Andrade, Defendant Owan and Declarant Maria Celeste Papa dated between September 30, 2013 and October 2, 2013. This will be submitted to prove, inter alia, that; a)Plaintiff Andrade was already in direct communication with the Guarino Defendants on or before October 1, 2013, b) that Plaintiff Andrade had already sent in money to buy 50 BLGM units directly to the Guarino Defendants before October 1, 2013, c) Defendant Owan forwarded the

Powerpoint Presentation to Plaintiff Andrade as soon as she received it on or about September 30, 2013, the day after the first BLGM presentation on Kauai, and d) that Defendant Abner Guarino had told Plaintiff Andrade that "it will take approximately 2.5 months to receive the original investment". This Exhibit "B" is also submitted to show that Plaintiff Andrade pledged to "make sure I comprehend what the author (of the Powerpoint) is trying to convey here". Which shows that Plainitiff Andrade had received and reviewed the contents of the Power point brochure at the same time that Defendnat Owan received and reviewed the contents of the Powerpoint brochure which pages contains the disclaimer that " This is for illustration purposes only and no specific income is guaranteed or implied" is stated on pages 9 through 13 of said Powerpoint brochure.

Exhibit "C" is the so called Powerpoint Presentation which is submitted to illustrate for the jury that Plaintiff Andrade received all of the usual cautionary notes and disclaimers prior to her deciding to join and invest into BLGM on her own decision.

Exhibit "D" is pages 9 and 10 of the FAC which is being submitted to show, discuss and explain Plaintiff Andrade's allegations against Defendant Owan.

Defendant Owan will also submit Exhibit "D" which is attached to Plaintiff Andrade's Opposition to Defendant Owan's CSF which is an email that purportedly proves that Defendant Owan invited Plaintiff Millie to another BLGM meeting on October 9, 2013. A more careful reading of this email will demonstrate for the jury that Defendant Owan did not invite Plaintiff Andrade to the meeting. Plaintiff Andrade was in communication with the Guarino Defendants and either the Guarino Defendants invited her or she invited herself.

In addition to the foregoing exhibits Defendant Owan hereby respectfully reserves the right to add exhibits which may be needed to rebut the aforesaid newly added allegations or matters which may come to light in connection with the discovery and potential litigation with regard to the Third party Defendants from California.

### K.     **FURTHER DISCOVERY OR MOTIONS**

Further discovery and/or Motions are anticipated with regard to Third Party Defendants Defendants Verlin Lim Sangcianco, Westrend Realty and Beverly G. Alvarez. Motions may also be filed in connection with the third Party Defendants from California. Thus, Defendant

Owan respectfully reerves the right to amend and/or supplement this Pretrial Statement up to the completion of discovery and/or litigation, if any, with regard to Plaintiff Andrade's new allegations and/or matters related to the new Third Party Defendants from California..

### L.     STIPULATIONS

Defendant Owan hereby submits that a Stipulated Dismissal without Prejudice is presently being prepared by and between Defendnat Owan and Defendants Fidelity and Guzman.

### M.     AMENDMENTS, DISMISSALS

It is Defendant Owan's understanding that Defendant Apt. 320, LLC is presently considering a Notice of Withdrawal or Dismissal of its Cross-Claim against Defendant Owan.

Defendant Owan may need to, inter alia, amend her pleadings or seek the dismissal of certain claims in light of Plaintiff Andrade's recently submitted new allegations and/or in connection with the third party Defendants from California. No Dismissal of parties are anticipated at this time.

### N.     SETTLEMENT DISCUSSIONS

Defendant Owan has not participated in any Settlement Discussions with any party to date.

### O.     AGREED STATEMENT

Defendant Owan does not believe any agreed statement between the remaining parties is likely at this time.

### P.     BIFURCATION, SEPARATE TRIAL OF ISSUES

Defendant Owan hopes to have the issues regarding Plaintiff Andrade's claims regarding her being fraudulently induced to join and invest into BLGM and Plaintiff Andrade's claim that she was fraudulently induced to enter into the subject real property transaction(s) be bifurcated from each other.

### Q.     REFERENCE TO A MASTER OF MAGISTRATE JUDGE

Neither reference to a Master or a Magistrate Judge appears to be necessary in this case at this time.

**R.    APPOINTMENT OR LIMITATION OF EXPERTS**

Neither appointment or limitation of experts appears to be necessary or appropriate in this case at this time. However, Defendant Owan respectfully reserves the right to amend and/or supplement this provision pending the conclusion of all potential discovery and/or litigation in connection with the new third party Defendants from California.

**S.    ESTIMATE OF TRIAL TIME**

Defendant Owan is unable to estimate the length of trial at this time. This is especially true due to the anticipated yet unkown scope of Discovery with regard to third party Defendants Verlin Sangcianco, Westrend Realty and Beverly G. Alvarez in connection with the subject real property transaction(s).

**T.    CLAIMS OF PRIVILEGE OR WORK PRODUCT**

There have been no specific claims of Privilege or Work Product to date, however, Defendant Owan hereby respectfully reserves the right to amend and/or supplement her responses to this provision pending the conclusion of any and all discovery and/or litigation. .

**U.    MISCELLANEOUS**

Other than a continuance of the jury trial date and adjustments to the Rule 16 Scheduling Order in accordance therefor there do not appear to be any other matters that need to be addressed at this time.

DATED: Lihue, Kauai, Hawaii, February 6, 2018.

_/s/ Thomas D. Yano_
THOMAS D. YANO
Attorney for Defendant
CRISTETA C. OWAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, A Nevada Limited Liability Company, CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually, MILLICENT ANDRADE, individually,<br><br>                Plaintiffs,<br>vs.<br><br>ABNER GUARINO, AURORA GUARINO, INVESTOR FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawai'i limited liability company, DEFENDANT OWAN C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAI'I and Does 1-100 Inclusive,<br><br>                Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>CERTIFICATE OF SERVICE |
| APT-320, LLC, a Hawaii Limited Liability Company,<br><br>              Third-Party Plaintiffs,<br>vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>              Third-Party Defendants | *(Caption continued on next page)* |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I caused a true and correct copy of DEFENDANT CRISTETA C. OWAN'S FINAL PRETRIAL STATEMENT to be served upon

the following parties by either Facsimile, United States Mail, postage prepaid and/or Electronically to:

        DENNIS W. CHONG KEE, ESQ.
        W. KEONI SHULTZ, ESQ.
        CHRISTOPHER T. GOODIN, ESQ.
        Cades Schutte Building
        1000 Bishop Street, Suite 1200
        wshultz@cades.com
        cgoodin@cades.com

and

        ECOFF CAMPAIN & TILLES, LLP
        A Limited Liability Law Partnership
        LAWRENCE C. ECOFF, *Pro Hac Vice*
        ALBERTO J. CAMPAIN, *Pro Hac Vice*
        GINNI G. KIM, *Pro Hac Vice*
        280 S. Beverly Drive, Suite 504
        Beverly Hills, CA 90212
        Attorneys for Plaintiffs
        ATOOI ALOHA, LLC, CRAIG B. STANLEY,
        as Trustee for THE EDMON KELLER and
        Cleavette Mae Stanley Family Trust; CRAIG
        B. STANLEY, Individually; and MILLICENT
        ANDRADE, Individually
        ecoff@ecofflaw.com
        camapain@ecofflaw.com
        kim@ecofflaw.com

        JOHN R. REMIS, JR., ESQ.
        P.O. Box 38112
        Honolulu, Hawaii 96837
        jrrhnl@aol.com

and

        ROBERT D. EHELER, JR., ESQ.
        1003 Bishop Street, Suite 2700
        Honolulu, Hawaii 96813
        Attorneys for Defendants
        ABNER GAURINO, AURORA GAURINO
        and ABIGAIL GAURINO
        rdelawoffice@gmail.com

WAYNE NASSER, ESQ.
FRANCIS P. HOGAN, ESQ.
First Hawaiian Center, Suite 1400
999 Bishop Street
Honolulu, Hawaii 96813
Attorneys for Defendants
FIDELITY NATIONAL TITLE & ESCROW
OF HAWAII, INC. and ROMMEL GUZMAN
wnasser@awlaw.com
fhogan@awlaw.com

CHARLES A. PRICE, ESQ.
Koshiba Price & Gruebner
707 Richards Street, Suite 610
Honolulu, Hawaii 96813
cprice@koshibalaw.com

and

WILLIAM J. PLUM, ESQ.
The Plum Law Office, ALC
P.O. Box 3503
Honolulu, Hawaii 96811
Attorneys for Defendants
INVESTORS FUNDING CORPORATION
and APT-320, LLC
wplum@plumlaw.com

PAMELA J. SCHELL, Esq.
Anderson Lahne & Fujisaki
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
pschell@alf-hawaii.com

DATED: Lihue, Kaua'i, Hawai'i, February 6, 2018.

_____
THOMAS D. YANO
Attorney for Defendant
CRISTETA C. OWAN