IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Atooi Aloha, LLC, et al., | ) | CIVIL NO. 16-00347JMS-RLP |
| | ) | |
|       Plaintiffs, | ) | ORDER SETTING SETTLEMENT |
| | ) | CONFERENCE |
|   vs. | ) | |
| | ) | |
| | ) | |
| Abner Gaurinol, et al., | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

      Pursuant to LR 16.5(b), all parties and their lead counsel are hereby ORDERED TO APPEAR before the undersigned on July 16, 2018 at 10:00 a.m., Chambers of Magistrate Judge Richard L. Puglisi.  Each party or a designated representative with final settlement authority, other than an attorney of record, must personally attend the settlement conference.  If a defendant is insured, an adjuster or other representative of that defendant's insurer with final settlement authority must personally attend the settlement conference.[1]

---

[1] "Final settlement authority" means that the insurance representatives at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person should have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference.  <u>Id.</u> at 486.  A limited or sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 279 F.3d 590, 595-97 (8th Cir. 2001).

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  Accordingly, before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  Specific proposals and counter proposals shall be made.  If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

Each party shall provide the undersigned a confidential settlement conference statement at least 7 days before the conference, no later than January 9, 2018.  The statements shall outline the settlement negotiations to date.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

At the settlement conference, the parties, by counsel, shall give a brief (5 minute) presentation outlining the factual and legal highlights of their case.  Then separate, confidential

caucuses will be held with each party and the party's representative(s).

The order for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 9, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel

are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A. FORMAT**

    1.    Parties with final settlement authority **must** be personally present.

    2.    The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

    3.    Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

**B. ISSUES**

    1.    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue. What is your most persuasive argument?

    2.    What remedies are available resulting from this litigation or otherwise?

    3.    Is there any ancillary litigation pending/planned which affects case value?

    4.    Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    5.    Do attorneys fees or other expenses affect settlement? Have you communicated this to the other side?

**C. AUTHORITY**

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

**D. NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

**E. CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4.  If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5.  If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.