CHARLES A. PRICE 5098
Koshiba Price & Gruebner
707 Richards Street, Suite 610
Honolulu, HI  96813
Telephone:  (808) 523-3900
Fax:  (808) 526-9829
cprice@koshibalaw.com

WILLIAM J. PLUM 4839
The Plum Law Office, A Law Corporation
P.O. Box 3503
Honolulu, HI  96811-3503
Telephone:  (808) 528-0050
Fax:  (808) 524-3355
wplum@plumlaw.com

Attorneys for Defendant/Third-Party Plaintiff APT-320, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, a Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100 inclusive,<br><br>    Defendants. | CIVIL NO. 16-00347 JMS RLP<br><br>**FORECLOSURE DECREE; EXHIBIT "A"** |

```
APT-320, LLC, a Hawaii Limited  )   (Caption Continued)
Liability Company,              )
                                )
     Third-Party Plaintiff,     )
                                )
     vs.                        )
                                )
APARTMENT OWNERS OF DIAMOND HEAD)
SANDS                           )
                                )
     Third Party Defendant.     )
_____)
18\or-msj25.apt
```

**FORECLOSURE DECREE**

On January 31, 2018, this court entered an order entitled Order re: Motions for Summary Judgment and Motion for Interlocutory Decree of Foreclosure, ECF No. 238, which order is incorporated herein by reference.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Defendant Abigail Gaurino ("Defendant Abigail") is the owner of that fee simple property located at 3721 Kanaina Street,#320, Honolulu, Hawaii, TMK: (1) 3-1-025-008 CPR No. 0088 (the description of the property is set forth in Exhibit A attached hereto and is also attached as Exhibit A to the Mortgage, Security Agreement and Financing Statement dated July 2, 2014 ("Mortgage"), which Mortgage was recorded on July 11, 2014 in the Bureau of Conveyances of the State of Hawaii as Document No. A-53050265), and sometimes referred to as the "Property," which Property is the subject of this Foreclosure Decree.

2. The Mortgage in favor of Defendant Investors Funding Corporation ("Defendant IFC") is a valid lien upon the premises described therein, and is superior to that of the interests in the Property that may be claimed by Plaintiffs Atooi Aloha LLC,

Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust, Craig B. Stanley, individually, Millicent Andrade, individually, and Third Party Defendant Association of Apartment Owners of Diamond Head Sand ("Third Party Defendant AOAO").

3. Defendant IFC has assigned all of Defendant IFC's interest in the Note and Mortgage to Apt-320. The Assignment was recorded in the Bureau of Conveyances on April 27, 2016.

4. The Mortgage shall be foreclosed upon, a commissioner appointed ("Commissioner"), and the Property shall be sold in a manner allowed by law.

5. Pursuant to the terms of the Note and the Mortgage, the following is due and owing: principal of $220,000, interest of $73,031.90 (calculated to August 31, 2017, and accruing at the rate of $110 for each day thereafter), property taxes of $4,713.23, plus further expenses, charges, and costs, and attorney's fees, as may be proper and allowed, through the closing of the sale authorized by this court and a deficiency judgment is entered against Defendant Abigail (if a deficiency judgment is necessary).

6. The Mortgage provides under Section I that the mortgagee may be the purchaser at any foreclosure sale.

7. The Commissioner shall hold all proceeds of sale of the Property and net rental receipts or other income generated from the Property subject to the directions of this court. After payment according to such directions, the

Commissioner shall file an accounting of his or her receipts and expenses.

 8. The Commissioner appointed by this court in this matter is Thomas J. Wong, at 220 S. King St., Ste. 1600, Honolulu, HI 96813, (808) 521-1456. The Commissioner shall hold all equitable and legal title to the Property, and is authorized and directed to take possession of the Property, to rent the Property pending foreclosure, keep the Property in good working order for a tenant if so rented, and to sell the Property at a foreclosure sale to the highest bidder at public sale by auction (without an upset price), after notice of such sale first being given by Commissioner pursuant to Hawaii Revised Statutes ("H.R.S.") §667-20 and §667-20.1. The notice shall give the date, time, and place of sale and an intelligible description of the Property, and shall disclose all of the terms of sale herein mentioned.

 9. The Commissioner shall have authority to hold open houses at the Commissioner's discretion. The Commissioner shall have further authority to continue the sale from time to time at the Commissioner's discretion.

 10. The Commissioner is also authorized, at the Commissioner's discretion, to entertain offers on the Property for a private sale and to submit such offers to the court. Any sale of the Property shall not be final until approved and confirmed by the court at a further hearing. No bond shall be required of the Commissioner.

11. The Commissioner shall be awarded a reasonable fee as the Commissioner to be subsequently determined by the court. In the event the Commissioner refuses, or becomes unable to act as the Commissioner, the court shall appoint another without further notice of hearing.

12. The Commissioner's fees and costs shall be deemed to be a first lien on the Property.

13. Excess proceeds, if any, after payment of prior liens, including the Commissioner's fees and costs, and the APT 320, LLC mortgage debt and its approved fees and costs of foreclosure, shall be deposited with the Clerk with distribution pending further order of this court. The court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

14. Defendant Abigail, Plaintiffs Atooi Aloha LLC, Craig B. Stanley, as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust, Craig B. Stanley, individually, Millicent Andrade, individually, and Third Party Defendant AOAO, and all persons claiming by, through or under them are hereby perpetually barred of and from any and all right, title, and interest in the Property or any part thereof. Furthermore, any parties' interest that arise from and after the date of the filing of the Notice of Pendency of Action on August 22, 2017 in this action by Defendant Apt-320, are hereby forever barred and foreclosed of and from any and all right, title and interest in and to the Property, provided that this paragraph shall not apply to or serve to invalidate the condominium property regime

common interest in the property as set forth in the governing documents of Third Party Defendant Association of Apartment Owners of Diamond Head Sands.

15. At the hearing to consider confirmation of the foreclosure sale, or at further hearing as the court may specify, the court shall hear proof of a claim of any other party, and shall determine the priority among the claims of the other parties besides Defendant Apt-320, as appropriate, and there shall be determined the amount of the fee of the Commissioner and the amount of the attorney's fees.

16. Defendant Apt-320 and all other parties are hereby authorized to purchase at the foreclosure sale. The successful bidder at the foreclosure sale is to make a down payment to the Commissioner in an amount not less than 10% of the highest successful bid price, such payment to be in cash or by way of certified or cashier's check, provided that Defendant Apt-320 may satisfy the down payment by way of offset up to the amount of Defendant Apt-320's secured debts. At the court's discretion, the 10% down payment may be forfeited in full or in part if the purchaser shall fail to pay the balance of the purchase price as hereinafter set forth. In no event, shall the purchaser be liable for damages greater that the forfeiture of the 10% down payment.

17. The balance of the purchase price, including the down payment, shall be paid to the Commissioner upon approval and confirmation of the sale, provided that after all prior liens are satisfied, Defendant Apt-320 may satisfy

the balance of the purchase price by way of offset up to the amount of Defendant Apt-320's secured debt in the event Defendant Apt-320 is the purchaser at the foreclosure sale.

18.  Costs of conveyance, including conveyance tax, the costs of any escrow, securing possession of the Property, and recording of such conveyance and any orders of the court, shall be at the expense of such purchaser.

19.  Third Party Defendant AOAO's rights pursuant to H.R.S. § 514B-146(b), (g), and (h) are not extinguished by Apt-320's Motion for Summary Judgment and Interlocutory Decree of Foreclosure Against Plaintiffs and Cross-Claim Against Defendant Abigail Gaurino.

DATED:  Honolulu, Hawaii, March 1, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Atooi Aloha, LLC v. Gaurino, et al.*, Civ No. 16-00347 JMS-RLP, Foreclosure Decree

## EXHIBIT "A"

FIRST:

Apartment No. 320 (hereinafter called the "Apartment") comprising a portion of "DIAMOND HEAD SANDS", a condominium project (hereinafter called the "Project") as described in and established by Declaration of Horizontal Property Regime dated November 12, 1974, recorded in the Bureau of Conveyances of the State of Hawaii, in Liber 10334, Page 417, as the same may have been amended from time to time (hereafter called the "Declaration") as shown on the plans of the project recorded in said Bureau as Condominium Filed Plan No. 392, as the same may have been amended from time to time (hereinafter called the "Condominium Map").

TOGETHER WITH an exclusive easement to use the parking stall having the same number as the Apartment as set forth in the Declaration, as amended, and as shown on the Condominium Map.

TOGETHER WITH non-exclusive easements for ingress and egress and support of the Apartment through the common elements and for repair of the Apartment through all other apartments in the Project and through the common elements.

SECOND:

An undivided 1.037% interest in all common elements of the project including the land upon which said project is located as established for said Apartment by the Declaration, as amended, or such other percentage interest as hereinafter established for said apartment by any amendments of the Declaration, as tenant in common with the other owners and tenants thereof.

Being all of the property conveyed by the following:

Apartment Deed

Grantor: Atooi Aloha LLC, a Hawaii limited liability company
Grantee: Abigail Lee Gaurino, a single woman, as sole and separate property, as Tenant in Severalty
Dated: February 13, 2014
Recorded: February 20, 2014 in the Bureau of Conveyances of the State of Hawaii, as Document No. A-51640502

The land(s) upon which said Condominium Project is located is described as follows:

18

All of that certain parcel of land (being a portion of the land described in and covered by Land Commission Award 8559-B, Apana 32 to W.C. Lunalilo) situate, lying and being on the west side of Kanaina Avenue, at Kapahulu, Honolulu, City and County of Honolulu, State of Hawaii, being PARCEL B, and thus bounded and described as per survey prepared by Masaru Tsugawa, Registered Professional Land Surveyor, dated September 24, 1971, to-wit:

Beginning at a pipe on the northeast corner of this parcel of land, being also on the westerly boundary of Kanaina Avenue, the coordinates of which referred to Government Survey Triangulation Station "LEAHI" being 3,251.92 feet north and 522.54 feet west and running by azimuths measured clockwise from true South:

| | | | | | |
|---|---|---|---|---|---|
| 1. | 10° | 16' | 30" | 409.69 | feet along the westerly side of Kanaina Avenue to an iron pin (found); |
| 2. | 90° | 36' | | 110.00 | feet along the remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo to a pipe; |
| 3. | 10° | 16' | 30" | 105.00 | feet along the remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo to an iron pin (found); |
| 4. | 90° | 36' | | 95.52 | feet along Leahi Avenue Subdivision (File Plan No. 613) to an arrow "--->"; |
| 5. | 190° | 16' | 30" | 515.24 | feet along Government Land - Waikiki Elementary School, to a pipe; |
| 6. | 270° | 45' | | 205.43 | feet along remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo, to the point of beginning and containing an area of 2.134 acres, more or less. |

TOGETHER WITH an easement for ingress and egress purposes over and across Parcel A-1, described in Correction Deed dated May 11, 1972, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 8299 at Page 460, which said easement is described as follows:

Beginning at a pipe on the northwest corner of this parcel of land, on the southerly side of Monsarrat Avenue, being also the northeasterly corner of Waikiki Elementary School site, the coordinates of which referred to Government Survey Triangulation Station "LEAHI" being 3,362.06 feet north and 708.47 feet west and running by azimuths measured clockwise from true south:

19

1.  270°    45'            20.63    feet on southerly side of Monsarrat Avenue;

Thence along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32, to Wm. C. Lunalilo, *on a curve to the left with a radius of 10.00 feet the chord azimuth and distance being:*

2.  50°    30'   45"       12.92    feet;

3.  10°    16'   20"       109.75   feet along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32 to Wm. C. Lunalilo;

4.  90°    45'             12.17    feet along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32 to Wm. C. Lunalilo;

5.  190°   16'   30"       109.21   feet along government land (Waikiki Elementary School), to the point of beginning and containing an area of 1,367 square feet, more or less.

Excepting and reserving, therefrom, that certain parcel of land conveyed to the City and County of Honolulu, by Rebma Hawaii Three, Inc., a Missouri corporation, by deed recorded August 4, 1977 as Liber 12361 Page 43 of Official Records, more particularly described as follows:

Lot 2, ten (10.00) ft. wide road setback, being a portion of Lots 20 and 21 of the Kapahulu Lots adjacent to Kapiolani Park, being also a portion of Land Patents 8124 and 8165, land Commission Award 8559-B, Apana 32 to William C. Lunalilo situate at Kapahulu, Honolulu, Oahu, Hawaii.

Beginning at the northeast corner of this parcel of land, on the present west side of Kanaina Avenue, the coordinates of said point of beginning referred to government survey triangulation station "Leahi" being 3,251.92 feet north and 522.54 feet west, and running by azimuths measured clockwise from true south:

1.  10°    16'   30"       409.69   feet along the present west side of Kanaina Avenue;

2.  90°    36'             10.14    feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-B, Apana 32 to William C. Lunalilo;

3. 190° 16' 30"   409.71 feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-6, Apana 32 to William C. Lunalilo;

4. 270° 45'   10.14 feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-B, Apana 32 to William C. Lunalilo, to the point of beginning and containing an area of 4,096 square feet, more or less.

SUBJECT, HOWEVER, to the following:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. Easement(s) for the purpose(s) shown below and rights incidental thereto as condemned by Final Decree of Condemnation,

   Circuit Court of the:   First Circuit Court
   Civil No.:              5
   In favor of:            City and County of Honolulu
   Purpose:                sewer easements
   Recorded:               in the Bureau of Conveyances of the State of Hawaii, Liber 3101, Page 27
   Affects:                land herein described

3. Condominium Map No. 392, recorded in the Bureau of Conveyances of the State of Hawaii.

4. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the following:

   Declaration of Horizontal Property Regime of DIAMOND HEAD SANDS

   Dated:      November 12, 1974
   Recorded:   in the Bureau of Conveyances of the State of Hawaii, Liber 10334, Page 417

   The foregoing Declaration and/or By-Laws were amended by the following:

   Recorded:   in the Bureau of Conveyances of the State of Hawaii, Liber 10463, Page 107

21

| | |
|---|---|
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11010, Page 540 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11493, Page 263 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 15085, Page 101 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 15085, Page 105 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 19958, Page 402 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 23568, Page 418 |

Note: Any recorded amendments to the Declaration of Horizontal Property Regime amending the assignment of parking stalls to and from apartments other than the specific apartment described herein, have been purposely omitted herefrom.

5. Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document;

| | |
|---|---|
| In favor of: | Hawaiian Electric Company, Inc. |
| Purpose: | granting an easement for electrical purposes |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11072, Page 261 |
| Affects: | land herein described |

6. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the following:

Apartment Deed

| | |
|---|---|
| Dated: | July 13, 1976 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, in Liber 11631 at Page 147 |

7. Terms, provisions and conditions as contained in the Original Apartment Deed and the effect of any failure to comply with such terms, provisions and conditions.

8. Any and all easements encumbering the apartment herein mentioned, and/or the common interest appurtenant thereto, as created by or mentioned in said Declaration, as said Declaration may be amended from time to time in accordance with the laws and/or in the Original Apartment Deed and/or as delineated on said Condominium Map.

TOGETHER, ALSO, WITH all built-in furniture, attached existing fixtures, built-in appliances, water heater, electrical and/or gas and plumbing fixtures, attached carpeting, existing drapes, range, refrigerator, disposal, dishwasher, washer, dryer and television cable situate on or used in connection with the above demised property.

<u>END OF EXHIBIT "A"</u>

23