Of Counsel:
DEVENS, NAKANO, SAITO,
 LEE, WONG & CHING

THOMAS J. WONG  3054-0
1600 Central Pacific Plaza
220 South King Street
Honolulu, Hawaii  96813
Tel. No. (808) 521-1456

Commissioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ATOOI ALOHA, LLC, a Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually, | ) ) ) ) ) ) ) | CIVIL NO. 16-00347 JMS RLP (Foreclosure) COMMISSIONER'S REPORT; EXHIBITS "A" AND "B"; DECLARATION OF THOMAS J. WONG; EXHIBIT "1" THROUGH "5"; CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No trial date set |
| Defendants. | ) ) ) | (Caption Continued) |

APT-320, LLC, a Hawaii Limited Liability   )
Company,                                    )
                                            )
          Third-Party Plaintiff,            )
                                            )
     vs.                                    )
                                            )
APARTMENT OWNERS OF DIAMOND                 )
HEAD SANDS,                                 )
                                            )
          Third Party Defendant.            )
_____)

## COMMISSIONER'S REPORT

COMES NOW, THOMAS J. WONG, the duly appointed Commissioner in the above-entitled action, and hereby reports as follows:

1.     That your Commissioner was duly appointed as such by that Foreclosure Decree filed herein on March 1, 2018.

2.     That pursuant to said Decree, your Commissioner proceeded to acquaint himself with the subject property located at **3721 Kanaina Street, #320, Honolulu, Hawaii**, TMK (1) 3-1-025-008 CPR No. 0088 (the "Property") by reviewing the pleadings herein, examining tax records through the MLS computer tax service from the Department of Commerce and Consumer Affairs and going to the Property and attempting to gain access to the Property. Your Commissioner also was advised that Captain Cook Real Estate was acting as a real estate agent for this matter by renting the Property and also when your Commissioner was appointed, there was a leak issue that had to be resolved.

3.     In summary, at the time your Commissioner was appointed, the following was discovered by your Commissioner:

     A.     <u>Captain Cook Real Estate</u>: Attached as Exhibit "1" to the Declaration of

Thomas J. Wong is a copy of the Property Management Agreement that Captain Cook Real Estate entered into with Joseph Gedan. After discussing the matter with Steve DeMesa, the principal broker, your Commissioner made the decision to uphold the Property Management Agreement and continue with the Property Management Agreement. The reason for this is again, there was an outstanding leak issue that needed to be resolved and since Captain Cook Real Estate had made arrangements to resolve the issue, their assistance was needed to resolve this problem with the Association. Also, there was a lease entered with a tenant and it made more sense that the payment of rent and collection be done with Captain Cook Real Estate.

B.  Leak Issue: When your Commissioner was appointed, your Commissioner was advised by Captain Cook Real Estate that a water leak is taking place in the Unit. Ed Sonoda Plumbing was retained by Captain Cook Real Estate who found that the leak was caused by a broken pipe in the bathroom and kitchen sinks. The plumber also determined that repair work would also require drywall repairs. In discussing the matter with Captain Cook Real Estate, it was also determined that the responsibility for this leak was with the Unit and it was not a common element problem. Therefore, repairs in the amount of $1,823.85 was authorized. A copy of the repair work by Ed Sonoda Plumbing is attached to the Exhibit "3", Monthly Statements from Captain Cook Real Estate attached to the Declaration of Thomas J. Wong.

C.  Tenant: Attached as Exhibit "2" to the Declaration of Thomas J. Wong is a copy of a lease entered into with a tenant. The lease is to end on July 31, 2018 and the tenant is paying a monthly rent of $1,800.00. Your Commissioner decided to honor the lease and as stated, let Captain Cook Real Estate continue as rental agent to collect/account for the rent. Your Commissioner met with the tenant and arranged for open houses.

D.   Collection of Rental Income and expenses: Attached as Exhibit "3" to the Declaration of Thomas J. Wong are the monthly rental statements from Captain Cook Real Estate. The monthly statements show the monthly rental collected for that month, any expenses, and management fee paid.  The net monthly rental collected was as follows:

| | |
|---|---|
| March: | $  865.23 |
| April: | $1,484.54 |
| May: | $1,474.54 |
| June: | $747.27 |
| Total: | $4,571.58 |

The rental agreement ends at the ending of July, 2018.  However, the tenant requested and was allowed to terminate the rental agreement as of June 30, 2018 since he had to return to the mainland for a family emergency.  Your Commissioner allowed this early termination since the foreclosure sale was to take place.

4.     That your Commissioner prepared a Fact Sheet, a copy of which is attached hereto and made a part hereof as Exhibit "A" to this Commissioner's Report.  That your Commissioner sent the Fact Sheet to approximately 15 interested individuals.

5.     That your Commissioner caused to publish in the classified section of the Honolulu Star-Advertiser, a newspaper having a general circulation in the State of Hawaii, on April 20, 27, and May 4, 2018 an advertisement concerning the subject Property setting forth a summary description of the Property, no open houses and the date, time, and place for the public auction, a copy of which advertisement is attached hereto and made a part hereof as Exhibit "B" to this Commissioner's Report.

6.     That your Commissioner established on Tuesday, May 22, 2018 at 12:00 noon, in

front of the Judiciary Building, Honolulu, Hawaii, as the date, time and place for the public auction

for the sale of the subject premises.  Said auction date was more than 14 days after the last date of

publication.

7.      That at the auction date of May 22, 2018, your Commissioner announced the auction

and prequalified eight individuals to bid.

8.      After opening the auction and conducting the auction, the winning bid was from

Defendant Investors Funding Corporation that bid the amount of THREE HUNDRED NINETY

NINE THOUSAND AND NO/100 DOLLAR ($399,000.00)

9.      Your Commissioner recommends the bid of $399,000.00 to Defendant Investors

Funding Corporation be confirmed.

10.     That since Defendant Abigail Gaurino is a California resident, before this sale closes,

your Commissioner needs to file Form N-288B with the State of Hawaii tax office in order to obtain

a certification from the State of Hawaii tax office that there will not be any sufficient proceeds to pay

the withholding required by Hawaii Revised Statutes Section 235-68(b).  This is required under the

HARTA requirements.  Attached to the Declaration of Thomas J. Wong as Exhibit "5" is Form-N-

288B.  However, the form is not complete since we will not be able to include all the expenses

related to this sale such as the attorneys' fees for the Lender since this has to still be approved by the

Court at the Motion to confirm sale.  Also, although the sale took place to the Lender at the auction,

this sale is also subject to the Court confirming the sale.

11.     That your Commissioner incurred expenses which include total advertising costs of

$989.53.  Your Commissioner is seeking fees in the amount of $4,425.00 (29.50 hours at $150.00

an hour) for a total compensation amount of $5,414.53 .  Included in this request is an estimated

additional 4.00 hours added to the hours that your Commissioner expects to spend additional time on this matter. The additional 4.00 hours is an estimate of the time needed to attend the hearing to confirm the sale, prepare the Commissioner's Deed and the Final Report, and also submit and appear at the Hawaii State Tax office to obtain approval for Form N-288B. The Declaration of Thomas J. Wong sets forth the time spent on this matter and also the expenses incurred.

WHEREFORE, your Commissioner prays as follows:

1.     That the Court approve and accept your Commissioner's Report;

2.     That hearing be held to confirm the sale of the subject property for the sale price of $399,000.00 to Defendant Investors Funding Corporation or its nominee;

3.     That your Commissioner be awarded reimbursement for expenses of $999.08 which includes total advertising costs and the costs charged by the Honolulu Star-Advertiser for running the advertisement for three consecutive weeks and postage costs and Commissioner is seeking fees in the amount of $4,425.00 (29.50 hours at $150.00 an hour) for a total compensation amount of $5,414.53.

4.     That upon your Commissioner conveying the subject Property to the party to whom the sale thereof is confirmed, distributing the funds to those persons and parties in the amounts, and in the order of priority directed by this Court, and your Commissioner filing his Final Report, your Commissioner stand discharged from any further responsibilities thereof.

DATED:  Honolulu, Hawaii, _____ 9/20/2018 _____.

_____
THOMAS J. WONG
Commissioner

-6-

# EXHIBIT A

# FACT SHEET

## **FACT SHEET**

**I.**     **PROPERTY DESCRIPTION:**

      A.     3721 Kanaina Street # 320
                Honolulu, Hawaii

                TMK:(1) 3-1-025-008 CPR No. 0088

                Diamond Head Sands Condominium

                Fee simple

      B.     Description of Property:

                1 bedroom, 1 bath apartment.

                Parking Space No. 102

                Approximately 597 square feet

                Built in 1975

**II.**     **TAX INFORMATION:**

      Current tax assessment is $428,300.00

      Taxes are $834 semi annual

      Maintenance fees are $524.61 a month,

**III.**     **ENCUMBRANCES:**

      First Mortgage is owed approximately $320,000 as of August 2017.

      Also under current law, if this property is subject to maintenance/association fees, the successful bidder may be responsible for unpaid maintenance fees as allowed under Hawaii Revised Statute Section 514B-146. Any bidder must

-1-

do their own due diligence as to what your responsibilities
and consequences are if you are the successful bidder for
this property.

## IV.     SALES INFORMATION:

Open Houses:

    Saturday, April 28, 2018 from 10:00 a.m. to 1:00 p.m.

    Saturday, May 5, 2018 from 10:00 a.m. to 1:00 p.m.

    By appointment-contact Commissioner


**AUCTION**:

Tuesday, May 22, 2018  at  Noon in front of the First Circuit Court of the State of Hawaii, 777
Punchbowl Street, Honolulu, Hawaii  96813.

**TERMS OF SALE**:

        The property will be sold "as is" to the highest bidder with no upset price.  Not less than ten
percent (10%) of the highest successful bid price shall be deposited with the Commissioner
immediately upon the close of bidding, by cash or certified check.  Prior to bidding, each person
must show his or her ability to pay the down payment.  The balance of the purchase price shall be
paid  upon approval and confirmation of the sale by the Court.  All costs and expenses of closing
shall be the responsibility of and paid by the bidder. The successful bidder is responsible for
obtaining possession of the property, including the cost of eviction. SALE IS SUBJECT TO COURT
CONFIRMATION.

## V.     COMMISSIONER:

                Thomas J. Wong, Esq.
                220 South King Street, Suite 1600
                Honolulu, Hawaii 96813
                Tel: (808) 521-1456  Fax: (808) 538-3289

This information is provided for the benefit of all parties, but the Commissioner does
not warrant the accuracy of the information and parties interested in bidding should
do their own independent investigation.

Photos of apartment unit






# EXHIBIT B

# AFFIDAVIT OF PUBLICATION

**AFFIDAVIT OF PUBLICATION**

**IN THE MATTER OF**

Atooi Aloha LLC, et. al. Vs. Gaurino, et. al, Civil No. 16-00347 (USDC)

3721 Kanaina St. #320

}
}
}
}
}
}
}

STATE OF HAWAII                          }
                                         } SS.
City and County of Honolulu              }

| | |
|---|---|
| Doc. Date: | MAY - 4 2018     # Pages: 1 |
| Notary Name: | Patricia K. Reese |
| | First Judicial Circuit |
| Doc. Description: | Affidavit of |
| Publication | |

Notary Signature _____ MAY - 4 2018    Date

*(Notary seal: PATRICIA K. REESE, NOTARY PUBLIC, No. 86-467, STATE OF HAWAII)*

Gwyn Pang being duly sworn, deposes and says that she is a clerk, duly authorized to execute this affidavit of Oahu Publications, Inc. publisher of The Honolulu Star-Advertiser, MidWeek, The Garden Island, West Hawaii Today, and Hawaii Tribune-Herald, that said newspapers are newspapers of general circulation in the State of Hawaii, and that the attached notice is true notice as was published in the

| | | |
|---|---|---|
| Honolulu Star-Advertiser | 3 | times on: |
| 04/20, 04/27, 05/04/2018 | | |
| MidWeek | 0 | times on: |
| The Garden Island | 0 | times on: |
| Hawaii Tribune-Herald | 0 | times on: |
| West Hawaii Today | 0 | times on: |
| Other Publications: | 0 | times on: |

And that affiant is not a party to or in any way interested in the above entitled matter.

*Gwyn Pang (signature)*

Gwyn Pang

Subscribed to and sworn before me this 4 day of May A.D. 20 18

*Patricia K. Reese (signature)*

Patricia K. Reese, Notary Public of the First Judicial Circuit, State of Hawaii

My commission expires: Oct 09, 2018

Ad #   0001084747

SP.NO.: _____   L.N. _____

*(Notary seal: PATRICIA K. REESE, NOTARY PUBLIC, No. 86-467, STATE OF HAWAII)*

**NOTICE OF FORECLOSURE SALE**
Atooi Aloha LLC, et. al. Vs. Gaurino, et. al, Civil No. 16-00347 (USDC); 3721 Kanaina St. #320, HON., HI.;TMK: (1)3-1-0250008 CPR 0088; OPEN HOUSES SATURDAY APRIL 28, 2018 10:00 A.M. TO 1:00 P.M.; SATURDAY MAY 5, 2018 10:00 A.M. TO 1:00 P.M.; AUCTION DATE: TUESDAY, MAY 22, 2018 at 12:00 Noon in front of the First Circuit Court of the State of HI., 777 Punchbowl Street, Hon.HI. 96813; TERMS: The property will be sold "as is" to the highest bidder with no upset price. Not less than ten percent (10%) of the highest successful bid price shall be deposited with the Commissioner immediately upon the close of bidding, by cash or certified check. Prior to bidding, each person must show his or her ability to pay the down payment. The balance of the purchase price shall be paid upon approval and confirmation of the sale by the Court. All costs and expenses of closing shall be the responsibility of and paid by the bidder. The successful bidder is responsible for obtaining possession of the property, including the cost of eviction. SALE IS SUBJECT TO COURT CONFIRMATION. To obtain further information, please contact: COMMISSIONER: THOMAS J. WONG, 220 South King St. 1600, Hon., HI. 96813; Tel: 521-1456; e-mail tjwong@dnshwc.com (SA1084747 4/20, 4/27, 5/4/18)

# Oahu Publications Inc

## Ad Order Confirmation

**Attn:** **THOMAS J. WONG**

eMail: tjwong@dnslwc.com    808-521-1456/

Fax: 808-538-3289    **Phone:**   564-0808

Date: 03/23/2018    **Account#:**   7006

**From:**   **Rose Rosales**

Oahu Publications, Inc-Legal Advertising

Fax: 808-529-4829    **Phone:**   808-529-4825

Email: rrosales@staradvertiser.com

| PUBLICATION DATES: | Classification:   1004 - Foreclosures | Insertions |
|---|---|---|
| Star-Advertiser | | |
| 4/20/18, 4/27/18, 5/4/18 | | 3 |
| staradvertiser.com | | |
| 4/20/18, 4/27/18, 5/4/18 | | 3 |

**Ad Order Number:** **1084747-01**    Color:

**# of Affidavits(s):** 1    Black & White

**Ad Size:** 2 X 3.00"

## Total Cost: **$989.53**

### ** Your Approval Is Needed By **

### 12 PM Thu 4/19/2018

_____ Correction(s) noted on proof

_____ Proof OK as is    Date: _____

*Signature: _____

** Ad will not be released for publication unless payment & approval are received by above date and time **

**Please proofread thoroughly:**

Oahu Publications, Inc. will not be responsible for any errors, typographical or otherwise, once the proof has been approved and signed by the customer.

**Payment Method:**

Prepayment:   XXXXXX    Invoice: _____

PO#: _____    Check#: _____

PCARD/CC: _____

Exp: _____    CID Code: _____

Card Holder: _____

Remit Payment to:

Oahu Publications, Inc.

500 Ala Moana Blvd., Suite #7-500

Honolulu, HI 96813

---

**Ad Image at 150% of Actual Size**
**4/16/18 REVISED**

## NOTICE OF FORECLOSURE SALE

Atooi Aloha LLC, et. al. Vs. Gaurino, et. al, Civil No. 16-00347 (USDC); 3721 Kanaina St. #320, HON., HI.;TMK: (1)3-1-0250008 CPR 0088; OPEN HOUSES SATURDAY APRIL 28, 2018 10:00 A.M. TO 1:00 P.M.; SATURDAY MAY 5, 2018 10:00 A.M. TO 1:00 P.M.; AUCTION DATE: TUESDAY, MAY 22, 2018 at 12:00 Noon in front of the First Circuit Court of the State of Hi., 777 Punchbowl Street, Hon.Hi. 96813; TERMS: The property will be sold "as is" to the highest bidder with no upset price. Not less than ten percent (10%) of the highest successful bid price shall be deposited with the Commissioner immediately upon the close of bidding, by cash or certified check. Prior to bidding, each person must show his or her ability to pay the down payment. The balance of the purchase price shall be paid upon approval and confirmation of the sale by the Court. All costs and expenses of closing shall be the responsibility of and paid by the bidder. The successful bidder is responsible for obtaining possession of the property, including the cost of eviction. SALE IS SUBJECT TO COURT CONFIRMATION. To obtain further information, please contact: COMMISSIONER: THOMAS J. WONG, 220 South King St. 1600, Hon., Hi. 96813; Tel: 521-1456; e-mail tjwong@dnslwc.com (SA1084747 4/20, 4/27, 5/4/18)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, a Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100, inclusive,<br><br>        Defendants.<br><br><br>APT-320, LLC, a Hawaii Limited Liability Company,<br><br>        Third-Party Plaintiff,<br><br>   vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>        Third Party Defendant. | CIVIL NO. 16-00347 JMS RLP (Foreclosure)<br><br>DECLARATION OF THOMAS J. WONG; EXHIBIT "1" THROUGH "5" |

## DECLARATION OF THOMAS J. WONG

I, THOMAS J. WONG, declare and state as follows:

1.    Declarant is the Commissioner in this matter, having been appointed on January 31, 2018.

2.    Attached to this Declaration as Exhibit "1" is the Property Management Agreement that Captain Cook Real Estate had in place prior to your Commissioner being appointed.  Based upon a leak problem that also was an issue when your Commissioner was appointed and Captain Cook Real Estate had been investigating and working on repairs, and your Commissioner decided to retain Captain Cook Real Estate.

3.    Attached to this Declaration as Exhibit "2" is a copy of the Rental Agreement executed in this matter.  The tenant has a lease from January 22, 2018 until July 31, 2018.  The monthly rental is $1,800 a month and Capital Cook Real Estate is collecting the rent and forwarding the net monthly rental to your Commissioner.

4.    Attached to this Declaration as Exhibit "3" are the Monthly Statements and net rental income sent to your Commissioner.

The net monthly rental collected was as follows:

| | |
|---|---|
| March | $   865.23 |
| April | $1,484.54 |
| May | $1,474.54 |
| June | $747.27 |
| Total: | $4,571.58 |

The rental agreement ends at the ending of July, 2018.  However, the tenant requested

and was allowed to terminate the rental agreement as of June 30, 2018 since he had to return to the mainland for a family emergency. Your Commissioner allowed this since the foreclosure sale is proceeding.

Attached to the March, 2018 rental statement was the invoice from Sonoda Plumbing for the plumbing work that was required for the leak that had taken place and after investigation, it was determined the owner of the unit would be responsible for the fixing of the leak.

5. Attached to this Declaration as Exhibit "4" is the itemization of time spent as the Commissioner in this matter. Based upon this itemization, your Commissioner has spent hours on this matter. Exhibit "4" shows the various matters that your Commissioner has spent on this matter. Included in this request for fees is an estimated additional 4.00 hour added to the total of hours to complete duties as a Commissioner. The total hours that Commissioner is estimating he will spend on this matter is 29.50 hours. The hourly rate of $150.00 is the hourly rate that your Commissioner is allowed when your Commissioner is serving as a Commissioner in the First Circuit Court of the State of Hawaii. Therefore, your Commissioner is seeking fees in the amount of $4,425.00 (29.50 hours at $150 an hour) and costs incurred is $989.53 for a total compensation amount of $5,414.53.

6. Attached as Exhibit "5" is Form N-288B which your Commissioner is expected to submit to the State of Hawaii Tax Office in order to seek certification that there will not be sufficient proceeds to pay any withholding under Hawaii Rev. Stat. Section 235-68(b). This is required under HARPTA. Your Commissioner, however cannot file this until the Order to Confirm the Sale is entered since in order to provide all expenses, it is only when the order to confirm sale will your Commissioner be provided the information as to Lender's attorneys fees. . Also, although the sale took place to the Lender at the auction, this sale is also subject to the Court confirming the sale. As

stated, since your Commissioner still needs to submit this, your Commissioner estimates an additional 4 hours of time is necessary to complete this.

       7.     The costs and expenses, which were reasonably incurred as a result of this matter, are as follows:

| Description | Amount |
| --- | --- |
| Newspaper Publication: | $ 989.53 |
| TOTAL COSTS: | $ 989.53 |

   8.     Therefore, the Commissioner's request for fees and costs is total $5,414.53.

I DECLARE THE FOLLOWING STATEMENTS ARE TRUE AND CORRECT.

DATED:  Honolulu, Hawaii, _____9/20/2018_____.

_____
THOMAS J. WONG
Commissioner

-4-

# EXHIBIT 1
# PROPERTY MANAGEMENT AGREEMENT



# REAL ESTATE

1012 KAPAHULU AVENUE, SUITE 110 ♦ HONOLULU, HI 96816 ♦ (808) 735-5588

www.CaptainCookRealEstate.com

## PROPERTY MANAGEMENT AGREEMENT

Between

**Captain Cook Real Estate (Agent)**

Owner JOSeph Cecelan agent for ABlGah GAuriNO

And

S.S. No. 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

**Home/Mailing Address:** 25518 Portola Loop

Loma Linda CA 90354

Home phone number: _____ Work: _____ Cell: _____

**Email Address:** _____

Proceeds check made out to: W. Plum Trust Acct

**Property Address:** W. Plum, Trust Acct

_____

**Property Description:** Bedrooms _____; Baths _____; Square Feet _____; Year Built _____;

Dishwasher _____; W/D _____; Air Conditioning _____; Parking Stall No. _____

Maintenance fee includes: Basic Cable _____; Electricity _____; Water _____; Gas _____; Other _____

Community Amenities: _____ _____ _____

**If property is a Condominium or Apartment Building**

CONDO MANAGEMENT CO: _____ Phone Number: _____

RESIDENT MANAGER Name: _____ Phone Number: _____

Insurance company providing coverage on the property: _____

Insurance phone No. _____

(Please add CCRE as "additional insured")  Policy No. _____

Owner's Hawaii General Excise Tax License No. _____

**"HAWAII GENERAL EXCISE TAXES MUST BE PAID ON THE GROSS RENTS COLLECTED BY ANY PERSON RENTING REAL ESTATE PROPERTY IN THE STATE OF HAWAII. A COPY OF THE FIRST PAGE OF THIS AGREEMENT, OR OF A FEDERAL INTERNAL REVENUE SERVICE FORM 1099 STATING THE AMOUNT OF RENTS COLLECTED, SHALL BE FILED WITH THE HAWAII DEPARTMENT OF TAXATION"... Hawaii Revised Statutes, Section 237**

## Property Management Agreement

**Parties:**  In consideration of the covenants herein contained, the Owner and the Agent agree as follows:

**1.  Agency:**  The Owner hereby appoints and employs the Agent exclusively to lease, rent, operate and manage the previously described real property, hereinafter called "the property," upon terms and conditions hereinafter set forth.  The property includes the furnishings listed on the inventory attached and subject to the agent's verification and acceptance thereof.

**2.  Rental Information:**  The agent shall determine lease terms and rental schedules with the consent of the Owner and will attempt to obtain maximum rent available in the current rental market.  Net proceeds of rent collected by the tenth of the month will be forwarded to the Owner by the fifteenth of the same month with a copy of the Owner's ledger showing receipts and charges to the Owner's account.  Net proceeds received after the tenth of the month will be forwarded by the last day of that month.  The lease period will be for six months minimum.  (Note: Lease periods, number of occupants, occupancy by children and acceptance of pets are subject to provisions of the Owner's Associations Bi-Laws and House Rules, City and county Ordinances and State and Federal laws.)

**3.  Term:**  The terms of this agreement shall be for a period of 12 months commencing on date of owner's signature and ending after one year.  Thereafter for annual periods unless either party thereto notify the other in writing of an intention to terminate the agreement, or of the Owner's intention to sell, exchange or occupy the property.  Termination of this agreement will be no sooner than 45 days after receipt of said notice, unless otherwise agreed to between the parties hereto.

**4.  Fee to Agent and Expenses:**

(A)  Agent's Fees: The Owner shall pay to the Agent as compensation hereunder a flat rate of 12% + Hawaii General Excise Tax (4.712%) per month during the current occupancy with a minimum fee of $150 plus tax.

2

(B)  Authorized Expenditures: The owner hereby authorizes the Agent to accrue and make reasonable disbursements from owner's funds for and to undertake at the owner's expense the following:

(1) Cleaning the property between tenancies, including at the agent's discretion, making minor repairs, window washing, carpet cleaning, extermination and other customary services to maintain high standards, where not charged to the Tenant's security deposit.

(2) Making replacements and repairs, if the Agent deems it necessary or advisable, provided that any single expenditure in excess of three hundred dollars ($300) shall not be incurred without the Owner's prior consent (other than in an emergency or when the owner is not available for consultation).

(3) Any other expenses mutually agreed upon.

(C)  Should the Owner fail to pay the fees or reimburse the Agent for its authorized expenditures, the Agent may pay itself out of rental proceeds from the property or out of any other funds held by the Agent in the Owner's account.

## 5.  Duties of Owner:

(A)  Minimum balance in owner's account: Beginning with the first disbursement, the Agent will retain the sum of $300 in the Owner's account which the Agent may apply to expenses incurred on account of the Owner or for the Agent's fees earned hereunder.  If the balance of the Owner's account should be less than that sum, then upon the Agent's request, the owner shall within ten (10) days thereafter deposit with the Agent sufficient funds to increase the balance to that sum.

(B)  Hold Harmless: The Owner shall save and hold the Agent harmless on account of any damage to the property, or from loss of, or damage to, any furniture, fixtures, or other articles therein. And from any and all injury to any person or persons whosoever, from any reason whatsoever in or about said condo. The Owner shall purchase and maintain a complete Owner's, Landlord's, and Tenant's Liability Insurance policy to cover the property for all such liability.  And shall furnish the Agent with a copy of certificates of insurance for said liability insurance and such fire and extended coverage insurance on the property from an insurance company authorized to do business in the State of Hawaii.  Such policy shall be written as to protect the agent in the same manner and to the same extent they protect the Owner, and will name the Agent as additional insured.  The Agent shall not be liable for any error of judgment or for a mistake of fact of law, or for doing anything which it may do or refrain from doing, except in cases of willful misconduct or gross negligence.  The Agent is authorized to place required insurance at the Owner's expense where certificates of insurance naming the Agent as additional insured are not provided within thirty (30) days of this agreement.

(C)  Keys:  The Owner shall furnish the Agent with three (3) complete sets of keys to the property, and copies of all service contracts and warranties in effect on the property.  Also, if applicable, condominium House Rules.

(D)  Excise Tax:  At the Owner's request the Agent will retain monies for these taxes in a reserve account and pay the taxes on a monthly, quarterly, or semi-annually for no additional fee.  If the Owner does not elect to do this, said taxes will be disbursed to the Owner with the regular rent

3

proceeds and the Owner assumes all responsibility and liability for payment of these taxes to the State of Hawaii.

**I DO/ DO NOT (circle one) authorize the Agent to hold these taxes in reserve and pay them when due.** _MU_ **(initials) If yes, please provide your general excise tax number if you already have one and how often you are scheduled to pay it. (monthly/quarterly/semi-annually)**

**6. Duties of the Agent:**

(A)  Receipt, deposit and distribution of income:  During the term hereof, the Agent shall use its best efforts to obtain renters for the Owner's property, and to collect all rents and deposits for the property.  The Agent may accept payments in cash, money order, traveler's checks or personal check, but shall not be liable to the Owner for the ultimate collection of such personal checks. The Agent shall deposit all funds collected by the Agent hereunder in a bank or savings institution, or trust company in Honolulu, Hawaii, designated by the Agent.  And such funds shall be held in trust or in a special trust or custodial account and will not be co-mingled with the Agent's operating funds, or any other funds.  The Agent shall not be responsible for any loss resulting from the insolvency of such depository.  The Agent shall deduct from the received gross rental income, the Agent's fees, and reimbursements for authorized expenditures.  To the extent there are amounts available for distribution, the Agent shall not be required to perform any act or duty hereunder involving expenditure of money unless the Owner has sufficient funds in the Owner's account.

(B) The Agent shall collect and retain security deposits on Tenant's behalf, which deposits will be used by the Agent to replace or repair items damaged by the Tenant, applied toward cleaning of the property, disbursement to the owner or refunded to the tenant as the agent may reasonably determine.  The Agent will retain any interest earned on the security deposit.

(C)  The Agent will insure that the property is maintained in good overall repair.

(D)  The Agent will legally comply with all commercially reasonable landlord-tenant practices and responsibilities consistent with all applicable county, state, and federal laws, including, without limitation:

      i.  Preparing the property to be leased;
      ii.  Advertising the property to be leased;
      iii.  Requesting and receiving applications from prospective Tenants;
      iv.  Screening prospective tenants through the use of credit reports, rent check, references, etc.;
      v. Preparing and obtaining the execution of an appropriate lease agreement, schedules, disclosures, modifications, and notices;
      vi.  Conducting an initial inspection of the property for new Tenants;
      vii.  Being available to receive and respond to communications and requests from Tenants regarding any concerns, repairs, payment issues, lease modifications, etc.;
      viii.  Coordinating, supervising, and paying (where appropriate) from Owner's account third party vendors – e.g. gardeners, pool cleaners, plumbers, etc.;
      ix.  Arranging and dealing with utility issues, payment, prorating, and billing of utilities where it is Owner's responsibility to do so;
      x.  Preparing and serving any lease modification and termination notices and

payment delinquency demands and notices; and

xi. Such other actions and services that Owner is legally and/or contractually obligated to perform in relation to managing the Property.

(E)  On a timely basis, (as elsewhere herein defined), the Agent will provide the Owner with disbursements and a full accounting on a monthly basis.  Year-end totals will be provided each year.

**7.  Power of attorney:**  The Owner hereby makes, constitutes and appoints the Agent with full power of substitution, its true and lawful attorney-in-fact to sign and acknowledge any lease of the property pursuant to the terms hereof, and take any action, including eviction of any tenant, necessary to enforce compliance with such leases.  The foregoing grant of authority is a Special Power of Attorney coupled with an interest, is irrevocable during the term of this agreement, and shall survive the incapacity or death of the Owner.

**8. Notices:**  All notices and demands hereunder shall be in writing and shall be served by personal service or by postage prepaid to addresses of the Agent and the Owner as indicated on the accompanying cover page.

**9.  Agreement:**  This agreement contains the entire agreement between the parties hereto and may be modified only in writing signed by all parties.  This agreement shall be binding upon and insure to the benefit of the successors and assigns of the agent and the heirs, administrators, executors, successors and assigns of the Owner.  It shall be governed by the ordinances of the City and County of Honolulu, the laws of the State of Hawaii and the laws of the United States of America.  If any provisions of this agreement inadvertently are in conflict with said ordinances or laws, the latter shall prevail.

*The undersigned acknowledge that they have read and understood this agreement in its entirety and indicate acceptance of its terms and conditions by signing below:*

ABIGaiL GAURINO  by Joseph Gedan, agent  - Owner

Owner Name (Print)

Signature _____          Date _____

**Captain Cook Real Estate**   - *Agent*

_____   1-20-2018

Date

5

# EXHIBIT 2
# RENTAL AGREEMENT

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AA~  ~0D9A5885E5A



**RENTAL AGREEMENT**
**Hawaii Association of REALTORS® Standard Form**
**Revised 7/17   For Release 11/17**



**COPYRIGHT AND TRADEMARK NOTICE:** This copyrighted Hawaii Association of REALTORS® Standard Form is licensed for use by the real estate industry and the general public on condition that there shall be no alteration of the printed portions, pagination, or paragraph numbers or breaks. The use of this form is not intended to identify the presenter of this form as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the National Association of REALTORS® and who subscribe to its Code of Ethics.

Reviewed by: _____ Bob Cook _____           Captain Cook Real Estate
    Name of Principal Broker/Broker-in-Charge           Signature           Brokerage Firm

LANDLORD may not discriminate due to RACE, SEX, INCLUDING GENDER IDENTITY OR EXPRESSION, SEXUAL ORIENTATION, COLOR, RELIGION, MARITAL STATUS, FAMILIAL STATUS, ANCESTRY, DISABILITY, AGE, OR HUMAN IMMUNODEFICIENCY VIRUS INFECTION. LANDLORD means the Owner and Owner's Agent/Brokerage Firm, one of which must reside on the island where the Unit is located. UNIT means the premises (as defined in the Landlord Tenant Code)TENANT is renting from LANDLORD. As used in this Rental Agreement, the term "day" shall mean a calendar day and the phrase "business day" shall mean Monday through Friday, not including a holiday as designated in Section 8-1 of the Hawaii Revised Statutes.

**THIS IS A LEGALLY BINDING CONTRACT. READ IT CAREFULLY. HANDWRITTEN OR TYPED PROVISIONS SHALL SUPERSEDE ANY PRINTED PROVISIONS IF THERE IS A CONFLICT. FILL IN ALL BLANKS. WRITE "NA" IF NOT APPLICABLE. SECTIONS AND PARAGRAPHS WITH CHECK-OFF BOXES ARE OPTIONAL; ALL OTHERS ARE STANDARD PROVISIONS.**

1. **DATE:** _January 22, 2018_        File No. _____
   **Property Reference or Address:** _3721 Kanaina Avenue #320, Honolulu, Hi. 96815_ 
   _____
   **DESCRIPTION:** _Un/Partially-Furnished One Bedroom w/(1) Bath w/Parking Space #102_

2. **TENANTS:**     Name (print)        Phone        E-Mail
   _Christopher M. Gallaher_     _424.672.0426_     _cgallaher01@gmail.com_
   _____
   _____
   _____
   **Preferred Mailing Address:** _3721 Kanaina Avenue #320, Honolulu, Hi. 96815_

3. **RENT:** The rent is $ _1,800.00_ _____ (U.S. Funds) per [ X ] Month or [ ] Week or [ ] Day, PAYABLE IN ADVANCE, without notice, demand, or deduction. Payment is due by _5:00_ [ ] am [ X ] pm on the _____ 1st _____ day of each [ X ] Month or [ ] Week, BEGINNING ON _February 1, 2018_ (date). TENANT must pay to LANDLORD, _Captain Cook Real Estate_
   at this address: _1012 Kapahulu Avenue #110  Honolulu, Hawaii 96916_ .
   LANDLORD will give TENANT a receipt for rents paid in cash and, upon request, for rents paid by checks.

4. **LATE CHARGE AND OTHER CHARGES:** TENANT shall pay a Late Charge of $_144.00_ _____ which does not exceed eight percent (8%) of the Rent, for each rental payment LANDLORD does not receive by [ ] date payment is due OR [ X ] a grace period of _3_ day(s) after payment is due.
   In addition, interest at _8.000_ % per year will be charged on all rent and other sums TENANT does not pay to LANDLORD on time.

5. **SECURITY DEPOSIT:** TENANT must pay $ _1,800.00_ _____ IN ADVANCE as a security deposit. By law, this deposit may not be more than one month's rent, plus an additional pet deposit amount of $ _____ as agreed upon, but not to exceed one month's rent, between the LANDLORD and TENANT ("Pet Deposit") to compensate the LANDLORD for any damages caused by any pet animal allowed to reside in the premises or Unit pursuant to this Rental Agreement and applicable PET ADDENDUM; provided further that any such additional pet security deposit shall not be required for (i) any tenant who does not have a pet animal that resides on the premises or Unit, or (ii) for an assistance animal that is a reasonable accommodation for a tenant with a disability under Section 515-3 of the Hawaii Revised Statutes. TENANT MAY NOT USE THIS DEPOSIT AS TENANT'S LAST MONTH'S RENT. Any interest earned on the security deposit shall accrue to the benefit of the LANDLORD. TENANT'S security deposit will be held by _____ _Captain Cook Real Estate_ .

6. **RENTAL TERM:** This Rental Agreement will begin on _____ _January 22, 2018_ _____ and will be a: Check all that apply
   [ X ] Fixed Rental Agreement which, unless otherwise agreed to in writing, will end on _____ _July 31, 2018_ _____
         [ ] Rental Extension: This Fixed Rental Agreement will automatically convert to a Month-to-Month Rental Agreement, unless TENANT or LANDLORD receives written notice from the other party at least thirty (30) days prior to the end of the fixed term that this Rental Agreement will not automatically convert to a month-to-month term.

   [ ] Month-to-Month Rental Agreement. If TENANT is on a Month-to-Month Rental Agreement, TENANT must give written notice at least twenty-eight (28) days in advance to terminate and TENANT must pay rent for the twenty-eight (28) days. LANDLORD must give TENANT

_CMG_     1/22/2018                      _SDM_     1/22/2018
      01/22/2018                                  01/22/2018
    **TENANT'S INITIALS & DATE**                           **LANDLORD'S INITIALS & DATE**

©Hawaii Association of REALTORS®
Rental Agreement                     Page 1 of 5
RR 301  Rev. 7/17

Captain Cook Real Estate, 1012 Kapahulu Avenue  Suite 110 Honolulu, HI 96816
Phone: (808)383-1529     Fax:   (808)737-8733     Steven De Mesa                Christopher M.
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com



DocuSign Envelope ID: 838B8762-4DA8-4E9B-AA...0D9A5885E5A

written notice at least forty-five (45) days in advance to terminate. TENANT may move at any time during the last forty-five (45) days and shall notify LANDLORD of TENANT'S vacate date and pay a prorated rent for the time TENANT occupies the Unit. If the Unit is to be demolished, converted to a condominium, or changed to a vacation rental, LANDLORD must give TENANT written notice at least one hundred twenty (120) days in advance to terminate. TENANT may move at any time during the last one hundred twenty (120) days and shall notify LANDLORD of TENANT'S vacate date and pay a prorated rent for the time TENANT occupies the Unit.

7. **UTILITIES AND SERVICES:** If they are checked, TENANT must be responsible for the arrangement and payment of the following items from the date this Rental Agreement begins until it ends:

[   ] Cesspool/Septic pumping   [ X ] Internet   [   ] Sewer   [ X ] TV cable (additional)
[ X ] Electricity   [   ] Pool Service   [ X ] Telephone   [   ] Water
[   ] Gas   [   ] Refuse   [ X ] TV cable (basic)   [   ] Yard Service
[ X ] Other 1)Removal/Disposal of unwanted items/furniture;2) Minor Repairs and Cleaning of Unit

8. **KEYS, CARDS AND LOCKS:** LANDLORD is giving TENANT the unit entry keys, security keys, key fobs, parking cards, garage door openers, locks, mail box keys, etc. listed below.  TENANT may not have additional keys or cards made or have locks changed or added without prior written approval of LANDLORD.

| Item: | Number Given To TENANT: | Item: | Number Given To TENANT: |
|---|---|---|---|
| Door Entry/Deadbolt Key | 1 | | |
| Mailbox Key | 1 | | |
| Laundry Room Key | 1 | | |

9. **SPECIAL TERMS:** (Please Number)
1. Captain Cook Real Estate Addendum is part of this contract

2. No Smoking in Unit

3. Rent received after 5 PM on the 3rd of the month is subject to a late fee

4. In Lieu of Prorated Rent from 1/22/2018 to 1/31/2018 - Tenant to provide minor repairs to the Unit i.e. Kitchen Cabinet door not attached AND Cleaning of the Whole Unit.  Repairs to the Dishwasher/If not working are excluded from the Landlord responsibility.

5. Tenant must allow occasional Showings/Open House(s) with a minimum of 48 Hours Notice - In order to facilitate Foreclosure Proceedings of the Unit/Property.

10. **RECEIPT BY TENANT:** Receipt of the following, if checked, is acknowledged by TENANT:

[   ] Fair Housing Information   [   ] Other: _____
[ X ] House Rules   [   ] Other: _____
[ X ] Lead-Based Paint Pamphlet (required by law for pre-1978 housing)   [   ] Other: _____

11. **ADDENDA:** The following, if checked, are attached to and made a part of this Rental Agreement:

[ X ] Lead-Based Paint Addendum (required by law for pre-1978 housing)   [   ] Pet Addendum
[   ] Property Condition Form   [   ] Vacating Instructions   [ X ] Other: Photo Inventory as Property Condition
[   ] Renewable Energy Act Addendum   [   ] Other: _____

12. **DISCLOSURE OF REAL ESTATE LICENSING STATUS:** Hawaii law requires that licensees disclose that they hold a real estate license in any transaction in which they, as a principal, are renting or offering to rent real property, or in which they are renting or offering to rent for themselves, immediate relatives, or an entity in which they have an ownership interest. If applicable, the licensee(s) in this transaction disclose the following: Steven de Mesa is Realtor Licensed with the State of Hawaii

13. **NATIONAL ASSOCIATION OF REALTORS® (NAR) MEMBERSHIP:** Check all that apply:

[   ] Owner [ X ] Agent/Brokerage Firm [   ] TENANT hold(s) membership in the NAR and subscribe(s) to its Code of Ethics.

| CMC | 1/22/2018 | SDM | 1/22/2018 |
|---|---|---|---|
| | 01/22/2018 | | 01/22/2018 |
| TENANT'S INITIALS & DATE | | LANDLORD'S INITIALS & DATE | |

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com   Christopher M.

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AAA\_\_JD9A5885E5A

**14. STANDARD TERMS:**

**A.   AGENCY:** Agent/Brokerage Firm represents OWNER. Agent/Brokerage Firm does not represent TENANT.

**B.   TENANT'S RESPONSIBILITIES:**

1. **Alterations.** TENANT will not: (a) change, add to, or paint the Unit; (b) bore or make holes by drilling, nailing, or fastening any item to the Unit through use of nails, screws, adhesives, or like items without LANDLORD'S prior written consent. In accordance with federal and state laws, if TENANT has a disability, TENANT is permitted to make reasonable modifications to the Unit, at TENANT'S expense, if such modifications are necessary to enable TENANT to use and enjoy the Unit; provided, however, that TENANT submits a request for the modification to LANDLORD for approval. TENANT'S request shall state, with specificity and in detail, the nature of the modification, and TENANT'S reason for needing to make such a modification. LANDLORD shall not unreasonably withhold or delay LANDLORD'S consent to TENANT'S request. It may also be necessary to seek the approval of applicable homeowner's associations and/or condominium association AOAOs. Upon the termination of this Rental Agreement, TENANT is required to return the Unit to its original condition at no cost or expense to LANDLORD.

2. **Compliance with Rules.** TENANT agrees to comply with all rules that apply to the Unit and to TENANT'S use of the Unit including, but not limited to: (a) by-laws, house rules, and other rules; (b) any federal, state, and county laws; and (c) any covenants, conditions and restrictions.

3. **Hazardous Waste and Toxic Substances.** TENANT shall not bring or permit hazardous substances in, on, or under the Unit and shall be liable for any costs to remediate or remove such materials.

4. **Disturbances.** TENANT will not disturb others, or keep them from enjoying their premises or any common facilities at any time. TENANT will not play loud music, or cause any loud or offensive sounds.

5. **Insurance.** TENANT understands that LANDLORD'S insurance does not cover TENANT'S belongings or damage caused by TENANT. TENANT agrees that LANDLORD is not responsible for any loss or damage during the term of this Rental Agreement. TENANT is advised to carry insurance covering all of TENANT'S property located in the Unit. In any event TENANT shall bear full responsibility for any loss or damage to TENANT'S property including any loss or damage from fire, water, theft, or any other cause.

6. **Maintenance.** TENANT agrees to maintain and properly use and operate all electrical, gas, plumbing and other fixtures and appliances supplied. TENANT is responsible for ordinary maintenance, including replacing light bulbs, air conditioning filters, batteries for smoke/heat/motion detectors and other items, and if applicable, lawn or yard care. TENANT is responsible for the repair of any stoppage in plumbing fixtures or lines, and any damage caused by TENANT, members of TENANT'S family, guests or others.

7. **Notice of Absence.** TENANT must notify LANDLORD in writing if TENANT will be absent from the Unit for five (5) days or more. If TENANT does not give LANDLORD such notice, TENANT will be responsible for any damage that results from TENANT'S absence.

8. **Notice of Defects.** If TENANT notices any defects in the Unit which are NOT TENANT'S duty to fix, TENANT must notify LANDLORD immediately upon discovery of defect. Any damage caused by TENANT'S failure to report any defect is TENANT'S responsibility.

9. **Pets.** Except as otherwise provided by law in connection with service animals or other classification of animals, pets are not allowed to occupy or to visit the Unit unless LANDLORD gives TENANT prior written approval. If TENANT brings pets into the Unit without LANDLORD'S prior written approval, LANDLORD may terminate this Rental Agreement.

10. **Residential Use Only.** TENANT may use the Unit only for residential purposes.

11. **No Subleasing or Additional TENANTS.** No additional TENANTS, subleasing, or assignment of this Rental Agreement will be allowed without the prior written consent of LANDLORD. Guests may not stay longer than fourteen (14) days without written approval of LANDLORD.

**C.   LANDLORD'S REMEDIES:**

1. **Failure to Pay Rent.** If TENANT does not pay the rent or other sums due LANDLORD, LANDLORD may give TENANT written notice demanding payment. If the rent is not paid within the time specified in the notice (NOT LESS THAN FIVE (5) BUSINESS DAYS) after receipt of that notice, LANDLORD may terminate this Rental Agreement. If LANDLORD employs an attorney or collection agency, TENANT must pay for attorney's fees (not more than twenty-five percent (25%) of the unpaid rent) and costs, regardless of whether or not a lawsuit is filed.

2. **Failure to Comply with this Rental Agreement.** If TENANT fails to comply with any of the terms of this Rental Agreement, including damaging the Unit or violating any of the house rules, laws, or other restrictions, LANDLORD will give TENANT written notice of the violation. If the damage is not repaired or the violation is not corrected within the time specified (NOT LESS THAN TEN (10) DAYS) from receipt of such notice, LANDLORD may correct such damage or violation and charge the cost to TENANT and terminate this Rental Agreement. Notice is hereby given that TENANT is responsible for paying any fines, penalties, or other assessments charged by any government agency, homeowner's associations, and/or condominium association because of TENANT'S failure to comply with any of the terms of this Rental Agreement.

3. **Illegal Activity.** TENANT may not use the Unit for any unlawful, improper, offensive purpose, or illegal activity. LANDLORD may terminate this Rental Agreement immediately if there is any illegal use of the Unit. TENANT understands that reasonable attorneys' fees and costs may be awarded to the prevailing party.

4. **Abandonment/Abandoned Possessions.** If TENANT is absent from the Unit for twenty (20) continuous days or more, without written notice, and has not paid the rent, LANDLORD shall consider the Unit abandoned. If TENANT wrongfully quits, abandons or otherwise moves out of the Unit and leaves any personal property, which LANDLORD determines to be of value, LANDLORD may store, sell, or donate the items, but LANDLORD must first contact TENANT by mailing TENANT a notice. After fifteen (15) days, LANDLORD will advertise the items for sale or may donate the items to a charitable organization. Any proceeds from a sale, after expenses, will be held for thirty (30) days and afterwards will be forfeited. If LANDLORD determines the abandoned personal property is of no value, LANDLORD may dispose of such personal property without further notice or liability.

5. **Holdover Tenancy.** If TENANT stays in the Unit after this Rental Agreement is ended, TENANT will be a HOLDOVER TENANT and shall be liable for twice the monthly rent under this Rental Agreement on a prorated daily basis for each day TENANT is a HOLDOVER TENANT. Staying in the Unit after this Rental Agreement, includes, but is not limited to, TENANT'S failure or refusal to do the following BY THE DAY TENANT'S TENANCY ENDS: to return all the keys to the Unit to LANDLORD, to complete all repairs, to remove all of TENANT'S personal items, and to clean the Unit. LANDLORD may also go to court to obtain possession of the Unit at any time during the first sixty (60) days of TENANT'S holdover. If LANDLORD does not go to court during the first sixty (60) days of TENANT'S holdover and does not enter into a new Rental Agreement at the end of that period, TENANT will be a MONTH-TO-MONTH TENANT and TENANT must pay LANDLORD the monthly rent under the prior Rental Agreement.

1/22/2018

_Cuc_

**01/22/2018**
TENANT'S INITIALS & DATE

_SM_

1/22/2018

**01/22/2018**
LANDLORD'S INITIALS & DATE

©Hawaii Association of REALTORS®            Page 3 of 5            RR301 Rev. 7/17  For Release 11/17

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Christopher M.

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AA~  ~0D9A5885E5A

D. **INVENTORY & CONDITION:**

1. **When TENANT Moves In.** LANDLORD will inspect and inventory the Unit and the items in it (including fixtures, furnishings, appliances, and other personal property). LANDLORD will prepare a written PROPERTY CONDITION FORM detailing the condition of the property and any items in the Unit when TENANT moves in. TENANT and LANDLORD will both sign the form.

2. **When TENANT Moves Out.** TENANT must remove all TENANT'S personal items with TENANT. If TENANT leaves any personal items behind, TENANT must pay for any storage and other costs, including advertising costs, involved in selling or disposing them. TENANT must leave the Unit in the same condition as when TENANT moved in. It is TENANT'S duty to have the Unit in clean and proper condition ON THE DAY TENANT'S TENANCY ENDS, NOT ON ANY LATER DAY. TENANT must have the same items in the Unit that were present when TENANT moved in; and TENANT must leave these items in the same condition, except for normal wear and tear. If there is any disagreement, the signed PROPERTY CONDITION FORM will be treated as correct. Rent is still due in accordance with this Rental Agreement, even if it is only a prorated amount. **Tenant is advised that ALL repairs/replacements/cleaning must be completed by inspection time. If the Unit is not ready for inspection, Tenant will be charged RENT until the work is completed.** LANDLORD will finish anything not completed but at TENANT'S expense. When the property is vacant tenant will return all keys and cards (including storage and mailbox). Failure to return the keys will result in LANDLORD re-keying the locks and replacing the keys at TENANT'S expense.

E. **LANDLORD'S RESPONSIBILITIES:**

1. **Possession.** LANDLORD will give TENANT possession of the Unit in its accepted condition at the beginning of the rental term. Any services and appliances supplied by LANDLORD, LANDLORD will maintain. LANDLORD will not be liable for any interruption in these services or appliances which are beyond LANDLORD'S control. TENANT may not end this Rental Agreement because services or appliances are interrupted.

2. **Right to Enter.** LANDLORD will give TENANT at least two (2) days notice before entering the Unit; and enter only during reasonable hours, except in case of emergency. LANDLORD may enter the Unit in order to: inspect; make needed or agreed repairs; decorate, change or improve the Unit; supply services as agreed; and show it to anyone who may want to buy, rent, or finance it. LANDLORD will not abuse this right or use it to harass TENANT. TENANT shall not unreasonably withhold TENANT'S consent. LANDLORD has no other right of entry, except by court order, or if it appears that TENANT has abandoned the Unit.

3. **Refund of Security Deposit.** LANDLORD must return TENANT'S deposit, MINUS DEDUCTIONS, not later than fourteen (14) calendar days after the termination of this Rental Agreement. LANDLORD must give TENANT a written statement at that time explaining any deductions. Deductions can be made in accordance with Paragraph D2 above and can pay for LANDLORD'S damages caused by TENANT quitting the Unit wrongfully.

4. **Rent Increase.** If TENANT is on a Fixed Rental Agreement, LANDLORD may not increase the rent prior to the ending date. If TENANT is on a Month-to-Month Rental Agreement, LANDLORD must give TENANT written notice forty-five (45) days prior to any rent increase; TENANT must pay the increased rent or give a twenty-eight (28) day written notice to terminate.

5. **Service of Notices.** If LANDLORD must give any notice to TENANT, LANDLORD can serve it on any TENANT. By serving one of the TENANTS, LANDLORD has given notice to all of the TENANTS. If LANDLORD cannot deliver a notice to TENANT, LANDLORD may post the notice in a conspicuous place on the Unit.

F. **RENTAL HISTORY:** TENANT gives LANDLORD permission to provide rental history to other prospective Landlords.

G. **DAILY RATE:** Daily rent is calculated using a thirty (30) day proration.

H. **MILITARY TENANTS:** If TENANT receives military orders after execution of this Rental Agreement that require (i) TENANT'S change of permanent station (PCS) from a location on an island within Hawaii to any location off-island or outside Hawaii, or (ii) TENANT to deploy with a military unit or as an individual in support of a military operation for a period of not less than ninety (90) days, TENANT may end TENANT'S obligations under this Rental Agreement. To terminate this Rental Agreement, said military TENANT must deliver by hand, private business carrier, or mail with return receipt requested, written notice with a copy of the official orders to the LANDLORD. Oral notice is not sufficient. In the case of a fixed-term or a month-to-month term requiring monthly rents, the earliest termination date is thirty (30) days after the first date on which the next rental payment is due, following proper notification of termination of the Rental Agreement. For example, if rents are due on the first day of every month, and TENANT properly notifies LANDLORD on July 20th that TENANT wishes to terminate the Rental Agreement, the earliest termination date is September 1st (thirty (30) days after August 1st when the next rental payment was due after notice). In the case of all other term of lease, the termination of the Rental Agreement is effective on the last day of the month following the month in which proper notice is delivered to LANDLORD. The parties should refer to the Service Members Civil Relief Act for further guidance.

I. **DISCLOSURE:**

1. **Lead-Based Paint Disclosure.** If the Unit was constructed prior to 1978, a Lead-Based Paint Addendum must be attached to this Rental Agreement. Disclosure forms are available on the Environmental Protection Agency (EPA) website.

2. **Asbestos Disclosure.** TENANT is aware that asbestos materials are hazardous to one's health, particularly if asbestos fibers are released into the air and inhaled. In the past (before 1979, but possibly since) asbestos was a commonly used insulation material in heating facilities and in certain types of floor and ceiling materials, shingles, plaster products, cement, and other building materials. TENANT is aware that TENANT should make appropriate inquiry into the possible existence of asbestos in the Unit. Structures having "popcorn" or "cottage cheese" type ceilings may contain asbestos fibers or asbestos-containing material. Such ceilings should not be disturbed since it could release asbestos fibers in the air. Any disturbance should be done only by licensed abatement contractors.

3. **Mold Disclosure.** TENANT is aware that mold and/or other microscopic organisms may exist in the Unit. Molds are simple, microscopic organisms, present everywhere. Mold spores may cause health problems. Mold will grow and multiply whenever sufficient moisture, temperature, and organic material are present. LANDLORD is not qualified to inspect the Unit for mold or to make recommendations or determinations concerning possible health or safety issues.

4. **Hawaii Residential Landlord Tenant Code ("the Landlord Tenant Code").** The Landlord Tenant Code is Chapter 521 of the Hawaii Revised Statutes. Both LANDLORD and TENANT should check the Landlord Tenant Code to learn what duties, rights and remedies they have in addition to what is contained in this Rental Agreement.

5. **Conflict with the Landlord Tenant Code and Other Laws.** If it is found that any part of this Rental Agreement or its terms conflict with the Landlord Tenant Code or any other Federal, State or County laws governing LANDLORD-TENANT relations, public health and safety, etc., then those laws will control; however, all other terms and conditions will still be valid and must be obeyed.

| 1/22/2018 | | 1/22/2018 |
|---|---|---|
| ūMG | | SDM |
| 01/22/2018 | | 01/22/2018 |
| TENANT'S INITIALS & DATE | | LANDLORD'S INITIALS & DATE |

©Hawaii Association of REALTORS®                    **Page 4 of 5**                    RR301 Rev. 7/17  For Release 11/17

Christopher M.

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AA~  ...0D9A5885E5A

6. **Sex Offender Registration ("Megan's Law").** Hawaii has enacted a law requiring sex offenders to register with the Attorney General's office. LANDLORD makes no representations as to whether or not the public has access to this information. Neither LANDLORD, OWNER, AGENT, nor BROKERAGE FIRM is required to obtain information regarding sex offenders.

J. **Electronic (Digital or Fax) Signatures.** Electronically executed copies of this Rental Agreement and any related documents shall be fully binding and effective for all purposes.

K. **TENANTS JOINTLY AND SEVERALLY RESPONSIBLE: BY SIGNING THIS RENTAL AGREEMENT EACH TENANT SHALL BE JOINTLY AND SEVERALLY (COLLECTIVELY AND INDIVIDUALLY) RESPONSIBLE FOR COMPLIANCE WITH ALL ITS TERMS AND CONDITIONS, INCLUDING THE PAYMENT OF RENT IN FULL. EACH TENANT IS RESPONSIBLE FOR OTHER OCCUPANTS AND GUESTS AND SHALL ENSURE THEY COMPLY WITH THE TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT.**

**ACCEPTANCE OF RENTAL AGREEMENT:** By signing below, the parties agree to the foregoing and acknowledge they have been provided a copy of this agreement.

**TENANT(S) SIGNATURES:**

| 01/22/2018 | _Christopher M. Gallaher_  1/22/2018 | Christopher M. Gallaher |
|---|---|---|
| Date | Signature | Name (print or type) |
| | | |
| Date | Signature | Name (print or type) |
| | | |
| Date | Signature | Name (print or type) |
| | | |
| Date | Signature | Name (print or type) |

**LANDLORD(S) SIGNATURES AND INFORMATION:**

**PURSUANT TO CHAPTER 521-43(F) OF THE HAWAII REVISED STATUTES, OFF-ISLAND OWNERS AND LANDLORDS MUST HAVE AN ON-ISLAND DESIGNATED AGENT TO ACT ON HIS BEHALF. UNLICENSED AGENTS MAY NOT WORK FOR MORE THAN ONE OWNER.**

[  ] Designated Agent:  Captain Cook Real Estate  is a [ X ] Licensed Brokerage [  ] Unlicensed Agent

| 01/22/2018 | _Steven de Mesa_  1/22/2018 | Steven de Mesa |
|---|---|---|
| Date | Signature | Name (print or type) |
| | Property Manager | |
| | Title | |
| | | |
| Date | Signature | Name (print or type) |
| | Title | |
| | | |
| Date | Signature | Name (print or type) |
| | Title | |

**On-Island LANDLORD, Owner, or Designated Agent contact information:**

Address 1012 Kapahulu Avenue #110   Honolulu, Hawaii 96816

Telephone 808.383.1529 _____ Emergency Phone # 808.383.1529 _____ E-Mail steve@hawaiiproperty.com

---

RECEIPT: The sum of $ 3,600.00 _____ in the form of _____ TBD _____ has been received from TENANT, and is to be applied as follows:
$1,800.00 held as Security Deposit; $1,800.00 1st Months Feb.Rent ; Pro-Rated Rent for January N/C
Date: 01/22/2018 _____ Received by: _____

---

**NOTE:** THERE IS NO WARRANTY ON PLAIN LANGUAGE. An effort has been made to put this agreement into plain language. But there is no promise that it is in plain language. In legal terms, THERE IS NO WARRANTY, EXPRESSED OR IMPLIED, THAT THIS AGREEMENT COMPLIES WITH CHAPTER 487A OF THE HAWAII REVISED STATUTES, AS AMENDED. This means that the Hawaii Association of REALTORS® is not liable to any Landlord, or other person who uses this form for any damages or penalty because of any violation of Chapter 487A. People are cautioned to see their own attorneys about Chapter 487A (and other laws that may apply).

---

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com      Christopher M.

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AA_ _0D9A5885E5A

**Captain Cook Real Estate**
**1012 Kapahulu Avenue  #110**
**Honolulu, Hawaii  96816**
**808-732-5523**

**ADDENDUM TO:  RENTAL AGREEMENT**

TENANTS' NAME:  Christopher M. Gallaher

PROPERTY ADDRESS: 3721 Kanaina Avenue #320  Honolulu, Hawaii 96815

**The undersigned further agree to the following additional terms and conditions:**

1.  Tenant shall pay $1,800.00 per month rent for the period of February 1, 2018 to July 31, 2019 – And a Security Deposit of $1,800.00 to be held and to be paid in advance.  **Prorated occupancy for month of January 22-31ˢᵗ N/C$.  Total Due in Advance:  $3,600.00**

2.  Tenant shall start and maintain utility services as provided under the Rental Agreement.  Tenant shall contact Hawaiian Electric (808-548-7311) Tenant shall contact Spectrum (643-2100); and or Hawaiian Telcom (643-3456) to start their own Internet; Cable TV; and or Phone Service – To be effective as of this Lease's Start Date.

3.  Tenant is aware that the Owner's insurance coverage does not include the Tenant's personal belongings.  The Tenant will be responsible for his or her own insurance for coverage of personal effects.

4.  Any rent checks returned by the bank will be subject to a $25 service fee and late fee of 10% of the rent.  Thereafter, CC&A may accept only cash, cashier's check, certified check or money order as payment.  **Rent is due on the first of each month and late fees applied if not received before 5:00 p.m. of the third day.**
    CCRE uses Auto Pay – Would Tenant like to use Auto Pay?  Yes _CMG_  No _____

5.  Tenant is receiving the unit in good condition.  The Conditions Form is given to the tenant.  Any discrepancies must be noted and communicated via Email to CCRE within (9) calendar days of receipt of keys; Otherwise, Tenants may be liable and responsible for the correction of the same.

6.  CCRE shall have final approval on all repair/improvement matters related to the property.  Discrepancies discovered during Tenant's occupancy must be reported within 3 days of discovery.  Should reporting such matters be neglected and further damages result from the discrepancy, the Tenant may be liable for the resulting damages.  Improvements/alterations must be requested, in writing, by the Tenant and approved by Captain Cook Real Estate.  Tenant promises to restore the property in original condition unless otherwise specified in writing.

7.  Tenant is given permission to remove unwanted Furniture and Items from the Unit at their expense.  If Tenant wants to install new items they will be at their expense and left with the unit if they are permanent or replacements.

8.  Tenant has agreed to perform minor repairs to the unit and to clean the Whole Unit in exchange for N/C$ Rent from 1/22 to 1/31/2018.

9.  The dishwasher is excluded from the Landlords responsibility to fix; repair; or replace.

10.  Tenant is responsible for cost of maintaining and clearing all water drains after one week from original date of this lease.

11.  Tenant must give property manager updated home, work and cell phone numbers should they change.

**Tenant fully understands that the premises is rented in "AS IS" condition and is responsible for the following repairs and maintenance:  See Next Page**

ACKNOWLEDGED AND AGREED:

TENANT(S) _Christopher M. Gallaher_     AGENT _Steven de Mesa_
            C8E444B7132D402...                      B681030888AG464...

DATE  1/22/2018          DATE  1/22/2018

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AAx___uD9A5885E5A

a. Repairs to dwelling or its contents due to the Tenant's negligence or misuse, including, but not limited to: plumbing, appliances, *burned out light bulbs*, furnishings included in inventory. Our qualified repairpersons shall determine the cause of such damages. The Tenant may hire any repairperson of their choice for a second opinion, if felt necessary, at their cost. *Regarding hardwood floors: Tenants must not use hard-heeled shoes that will cause damage to its surface or noise to unit below. To avoid any scratches or gouges, do not drag items on wood floors.*

b. Tenant shall use their best discretion when leaving windows and doors open while at home or away. However, should damages occur to the interior walls, floors, drapes, or furniture due to rain or theft because windows or doors are left open, tenant shall be fully responsible for replacing or restoring items appropriately.

c. Upon move-out the property (where applicable, including yard and garage) must be cleaned and damages restored (including holes in walls made to hang pictures) in its entirety. Use of Scotch Magic Squares or double-sided tape, duct tape, or any tape substance that will leave residue is forbidden. Receipts must be turned over to the Agent if required. Inspections shall not be conducted until property has been fully vacated. *UPON MOVE-OUT: AT THE TENANT'S EXPENSE - UNIT MUST BE CLEANED.*

d. Cockroaches, ants, and termites are a problem in Hawaii. The property should be insect-free. If any are found upon move-in, it must be reported within 5 days of move-in date. Thereafter, if any such pests appear, it will be the Tenant's responsibility to exterminate or take sanitary action as needed. Should the problem still exist upon the move-out, the Tenant may be charged for extermination.

e. Maintenance for the use of ceiling fans and air conditioning units after 2 months of occupancy. For the longevity of fans and a/c units, it is strongly suggested that Tenant not leave fans and a/c units on if they are not on the property or if the windows are open. Tenant must make sure that water doesn't drip from the a/c unit onto the carpet, floor, or outside of the building.

f. The Tenant shall be responsible for maintaining any battery-operated equipment on the property (smoke detectors, TV remotes, etc.) and shall leave unit with all batteries charged.

g. TO PREVENT FIRE: 1) Halogen-type lights must be **at least 2 feet away** from walls, drapes, or any material. Upon purchase, read directions and warnings to avoid damage to you and the property. 2) DO NOT keep toaster ovens plugged in. Unplug after each use. 3) DO NOT keep any type of candles unattended while burning.

h. If the Garbage Disposal is jammed, it is the Tenants' responsibility to have them unplugged and or repaired.

12. The Tenant must allow building/neighborhood preventive maintenance to be conducted by responding and complying with such notices. Any damages to the property or building's structure, or fines which the building/neighborhood management company charges due to noncompliance/cooperation on the Tenant's behalf, shall be investigated by Captain Cook Real Estate and the Tenant may be charged if proven to have been negligent.

13. The Tenant agrees to allow the rental agent to show the property up to 45 days' prior to the Tenant's move-out date and shall keep the property in orderly and clean condition in order to better market the unit.

14. At the end of your occupancy, which is 5:00 p.m. on the final day of your lease, vacancy becomes effective as of the day all keys are returned to the Landlord's agent. If not, you may be charged per day for possession of the property.

15. The Tenant shall allow Landlord's agent access to the premises for periodic interior inspections with advance notice. Should any emergency situation arise and the Tenant is not available, the Tenant allows Landlord's agent to enter the property in order to investigate such matters.

16. Should the Tenant become Locked Out of their Unit – The Tenant shall be responsible for Calling and Payment of a Locksmith.

17. *Tenant must allow occasional Showings/Open House(s) with a minimum notice of 48 hours for Foreclosure Proceedings.*

ACKNOWLEDGED AND AGREED:

TENANT(S) _____ Christopher M. Gallaher _____
CSE444B7132D402

DATE   1/22/2018

AGENT _____ Steven de Mesa _____
B081030088AC454

DATE   1/22/2018

DocuSign Envelope ID: 838B8762-4DA8-4E9B-AAA__.D9A5885E5A

**Captain Cook Real Estate**
**1012 Kapahulu Avenue #110**
**Honolulu, Hawaii 96816**
**808-732-5523**

TENANTS' NAME:  Christopher M. Gallaher

PROPERTY ADDRESS: 3721 Kanaina Avenue #320  Honolulu, Hawaii 96815

## Lead-based Paint Disclosure of Information and Its Hazards

**Lead Warning Statement**

*Housing built before 1978 may contain lead-based paint, paint chips, and dust can pose health hazards if not taken care of properly.  Lead exposure is especially harmful to young children and pregnant women.  Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling.  Tenants must also receive a federally approved pamphlet on lead poisoning prevention.*

**Lessor's Disclosure** (Initial)

a)  Presence of lead-based paint or lead-based paint hazards (check one below):
_____  Known lead-based paint and/or lead-based paint hazards are present in the housing (explain.)

__X__  Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

b)  Records and reports available to the lessor (check one below):
_____  Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).

__X__  Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment** (Initial)
c)  Lessee has received copies of all information listed above.
d)  Lessee has received the pamphlet *Protect Your Family from Lead in Your Home. (via Email)*

**Agent's Acknowledgment** (Initial)
e)  Agent has informed the lessor of the lessor's obligations under 42 U.S.C. 4582(d) and is aware of his/her responsibility to ensure compliance.

Certification of Accuracy

The following parties have reviewed the information above and certify, to the best of their knowledge, the information provided by the signatory is true and accurate.

DocuSigned by:
*Christopher M. Gallaher*                  1/22/2018
C6E444B7132D402...
Lessee                                      Date                    Lessee                                      Date

                                                                    DocuSigned by:
                                                                    *Steven de Mesa*   [R]                     1/22/2018
                                                                    B68103088BAC454...
Agent                                       Date                    Agent                                       Date

# EXHIBIT 3
# MONTHLY STATEMENTS FROM CAPTAIN COOK REALTY

**Captain Cook Real Estate**
1012 Kapahulu Ave #110
1012 Kapahulu Ave #110
Honolulu, HI 96816
ph. (808) 735-5588 hawaiiproperty.com



Thomas J. Wong
220 S King St, Ste 1600
Honolulu HI 96813

## OWNER STATEMENT
**Report Period:** 03/01/2018 - 03/31/2018

### Portfolio Summary

| | | |
|---|---|---|
| **Previous Balance** | | $1,494.54 |
| **Income** | + | $1,800.00 |
| **Expenses** | - | $1,904.85 |
| **Mgmt Fees** | - | $224.46 |
| **Total** | | $1,165.23 |
| **Contributions** | + | $0.00 |
| **Draws** | - | $865.23 |
| **Ending Balance** | | $300.00 |
| **Portfolio Minimum** | - | $300.00 |
| **Due To Owner** | | $0.00 |

### Income

| Type | Date | Name | Original Amount | Paid Amount |
|---|---|---|---|---|
| **Rent** | | | | |
| Charge | 03/01/2018 | GEDAN,JOE:DIAMONDHEADS:Gallaher, C. | $1,800.00 | $1,800.00 |
| **Total Rent** | | | | **$1,800.00** |
| Total Income | | | | $1,800.00 |

**Expenses**

| Type | Date | Name | Original Amount | Paid Amount |
|------|------|------|-----------------|-------------|
| **General Excise Tax** | | | | |
| Bill | 03/01/2018 | GEDAN,JOE:DIAMONDHEADS:Hawaii State Tax Collector | $81.00 | $81.00 |
| **Total General Excise Tax** | | | | **$81.00** |
| **Management Fees** | | | | |
| Bill | 03/04/2018 | GEDAN,JOE:DIAMONDHEADS:Captain Cook Real Estate | $224.46 | $224.46 |
| **Total Management Fees** | | | | **$224.46** |
| **Owner Draw** | | | | |
| Check | 03/26/2018 | GEDAN,JOE:Thomas J. Wong | $865.23 | $865.23 |
| **Total Owner Draw** | | | | **$865.23** |
| **Repairs** | | | | |
| Bill | 03/11/2018 | GEDAN,JOE:DIAMONDHEADS:Sonoda Plumbing Inc | $1,823.85 | $1,823.85 |
| **Total Repairs** | | | | **$1,823.85** |
| Total Expense | | | | $2,994.54 |

| | | | | |
|------|------|------|------|------|
| **Net Operating Income** | | | | **-$329.31** |
| **Total Net Income** | | | | **-$329.31** |

\*SONODA PLUMBING INC. - Lic #C23196     Ph #847-3636     *Joe Gedan*

2624 Myrtle Street
Honolulu, HI 96816

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/23/2018 | 32666 |

| Bill To |
|---------|
| Captain Cook & Associates<br>1012 Kapahulu Avenue #110<br>Honolulu, HI 96816<br>Attention: Steve de Mesa |

| W.O. No. | Terms | Unit No. |
|----------|-------|----------|
|          |       |          |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | 3721 Kanaina Ave #320 |  |  |
| 8.25 | Hours worked 2/9/18 & 2/15/18 Jason | 115.00 | 948.75T |
| 6 | Hours worked 2/9/18 & 2/15/18 Garrick | 115.00 | 690.00T |
|  |  |  |  |
|  | Cut 3 small holes in #220 kitchen and bathroom to check for leak and found cracked pipe in between 3" building main and #320 kitchen and lav drains.  Pipe is 2" cast iron and running vertically between both units and on #320 kitchen and lav combos.  Recommend to repipe before the main to just before #320 lav and kitchen sanitary tees.  Got approval from Steve to do repairs. |  |  |
|  | Made hole in #320 larger so able to do repairs, repiped #320 lav and kitchen drains from bottom of both sanitary tees to the 2" side of 3x3x2 heel outlet tee.  Vertical portion of drain had a very long crack which was leaking to below unit.  Had to change p-trap as well and changed broken no hub band at 3x3x2 tee.  Put plastic over holes for now until someone else can patch them. |  |  |
|  |  |  |  |
| 2 | ABS 2" 90 degree | 5.70 | 11.40T |
| 1 | ABS 2" combo | 10.88 | 10.88T |
| 3 | 2 cast iron x 2 plastic no hub | 16.61 | 49.83T |
| 4 | feet ABS 2" pipe | 1.52 | 6.08T |
| 1 | 3" no hub coupling | 13.20 | 13.20T |
| 0.25 | ABS glue | 11.32 | 2.83T |
| 1 | ABS p-trap 1 1/2" | 8.81 | 8.81T |
|  | General Excise Tax | 4.712% | 82.07 |

*24450*  MAR 1 1 2018

| Please remit payment within 30 days of receiving to avoid a 1% interest charge per month. Thank you. | **Balance Due** | $1,823.85 |
|---|---|---|

**CAPTAIN COOK REAL ESTATE**
**CLIENT TRUST ACCOUNT**
1012 KAPAHULU AVENUE #110
HONOLULU, HI 96816

CENTRAL PACIFIC BANK
KAPAHULU BRANCH
HONOLULU, HAWAII
1-800-342-8422 (Toll Free)
59-157/1213

**24491**

Date
03/26/2018

PAY TO THE
ORDER OF    Thomas J. Wong

$  865.23

═══════════════EIGHT HUNDRED SIXTY FIVE 23/100═══════════════════

DOLLAR

Thomas J. Wong
220 S King St, Ste 1600
Honolulu, HI 96813

MEMO

AUTHORIZED SIGNATURE

⑈024491⑈ ⑆121301578⑆ 200058740⑈

THIS DOCUMENT MUST HAVE A COLORED BACKGROUND, ULTRAVIOLET FIBERS AND AN ARTIFICIAL WATERMARK ON THE BACK - VERIFY FOR AUTHENTICITY.

**CAPTAIN COOK REAL ESTATE / CLIENT TRUST ACCOUNT**                              **24491**

| Captain Cook Real Estate | Date: 03/26/2018 | | Amount: $865.23 | | No: 24491 | |
|---|---|---|---|---|---|---|
| LOCATION | REF NO. | DATE | MEMO | | | AMOUNT |
| GEDAN,JOE | | 03/26/2018 | Owner Draw | | | $865.23 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Payee Name: Thomas J. Wong | Account: Captain Cook Real Estate |
|---|---|

**Captain Cook Real Estate**
1012 Kapahulu Ave #110
1012 Kapahulu Ave #110
Honolulu, HI 96816
ph. (808) 735-5588 hawaiiproperty.com



Sales • Property Management • Rentals • Vacation Rentals

Thomas J. Wong
220 S King St, Ste 1600
Honolulu HI 96813

## OWNER STATEMENT
**Report Period:** 04/01/2018 - 04/30/2018

### Portfolio Summary

| | | |
|---|---|---|
| Previous Balance | | $300.00 |
| Income | + | $1,800.00 |
| Expenses | - | $91.00 |
| Mgmt Fees | - | $224.46 |
| Total | | $1,784.54 |
| Contributions | + | $0.00 |
| Draws | - | $1,484.54 |
| Ending Balance | | $300.00 |
| Portfolio Minimum | - | $300.00 |
| Due To Owner | | $0.00 |

### Income

| Type | | Na | | Original Amount | Paid Amount |
|---|---|---|---|---|---|
| **Rent** | | | | | |
| Charge | 04/02/2018 | ONG,THOMAS:DIAMONDHEADS: llaher, C. | | $1,800.00 | $1,800.00 |
| **Total Rent** | | | | | **$1,800.00** |
| Total Income | | | | | $1,800.00 |

## Expenses

| Type | Date | Name | Original Amount | Paid Amount |
|---|---|---|---|---|
| **General Excise Tax** | | | | |
| Bill | 04/01/2018 | WONG,THOMAS:DIAMONDHEADS: Hawaii State Tax Collector | $81.00 | $81.00 |
| **Total General Excise Tax** | | | | **$81.00** |
| **Management Fees** | | | | |
| Bill | 04/05/2018 | WONG,THOMAS:DIAMONDHEADS: Captain Cook Real Estate | $224.46 | $224.46 |
| **Total Management Fees** | | | | **$224.46** |
| **Owner Draw** | | | | |
| Check | 04/23/2018 | WONG,THOMAS:Thomas J. Wong | $1,484.54 | $1,484.54 |
| **Total Owner Draw** | | | | **$1,484.54** |
| **Purchases for property** | | | | |
| Bill | 04/02/2018 | WONG,THOMAS:DIAMONDHEADS: Steven de Mesa | $10.00 | $10.00 |
| **Total Purchases for property** | | | | **$10.00** |
| Total Expense | | | | $1,800.00 |

| | Paid Amount |
|---|---|
| **Net Operating Income** | **$1,484.54** |
| **Total Net Income** | **$1,484.54** |

Reimbursement to Steven se Mesa

Please Pay

Change to Owner

Thomas J. Wong

Diamond Head Sands

# 320

PAID
APR - 2 2018
24515

RECEIPT

DATE 1/22/18    No. 370803

RECEIVED FROM Steve de Mesa

Ton & Pot

$ 10.00 DOLLARS

FOR RENT
FOR MAILBOX KEY

CASH
CHECK
MONEY ORDER
CREDIT CARD

FROM _____ TO _____

BY David Gomez

| ACCOUNT | |
| PAYMENT | |
| BAL. DUE | |

**CAPTAIN COOK REAL ESTATE**
**CLIENT TRUST ACCOUNT**
1012 KAPAHULU AVENUE #110
HONOLULU, HI 96816

CENTRAL PACIFIC BANK
KAPAHULU BRANCH
HONOLULU, HAWAII
1-800-342-8422 (Toll Free)
59-157/1213

24610

Date
04/23/2018

PAY TO THE
ORDER OF   Thomas J. Wong

$ 1,484.54

ONE THOUSAND FOUR HUNDRED EIGHTY FOUR 54/100 ———— DOLLA

Thomas J. Wong
220 S King St, Ste 1600
Honolulu, HI 96813

MEMO

AUTHORIZED SIGNATURE

⑈024610⑈ ⑆121301578⑈ 200058740 1⑈

THIS DOCUMENT MUST HAVE A COLORED BACKGROUND, ULTRAVIOLET FIBERS AND AN ARTIFICIAL WATERMARK ON THE BACK - VERIFY FOR AUTHENTICITY.

CAPTAIN COOK REAL ESTATE / CLIENT TRUST ACCOUNT

24610

| Captain Cook Real Estate | Date: 04/23/2018 | | Amount: $1,484.54 | No: 24610 | |
|---|---|---|---|---|---|
| LOCATION | REF NO. | DATE | | MEMO | AMOUNT |
| WONG,THOMAS | | 04/23/2018 | Owner Draw | | $1,484.54 |
| | | | | | |
| | | | | | |

Payee Name: Thomas J. Wong                          Account: Captain Cook Real Estate

**Captain Cook Real Estate**
1012 Kapahulu Ave #110
1012 Kapahulu Ave #110
Honolulu, HI 96816
ph. (808) 735-5588 hawaiiproperty.com



Thomas J. Wong
220 S King St, Ste 1600
Honolulu HI 96813

## OWNER STATEMENT
**Report Period: 05/01/2018 - 05/31/2018**

### Portfolio Summary

| | | |
|---|---|---|
| **Previous Balance** | | $300.00 |
| **Income** | + | $1,800.00 |
| **Expenses** | - | $101.00 |
| Mgmt Fees | - | $224.46 |
| **Total** | | $1,774.54 |
| Contributions | + | $0.00 |
| Draws | - | $1,474.54 |
| **Ending Balance** | | $300.00 |
| **Portfolio Minimum** | - | $300.00 |
| **Due To Owner** | | $0.00 |

### Income

| Type | Date | Name | Original Amount | Paid Amount |
|---|---|---|---|---|
| **Rent** | | | | |
| Charge | 05/02/2018 | WONG,THOMAS:DIAMONDHEADS: Gallaher, C. | $1,800.00 | $1,800.00 |
| **Total Rent** | | | | **$1,800.00** |
| Total Income | | | | $1,800.00 |

**Expenses**

| Type | Date | Name | Original Amount | Paid Amount |
|------|------|------|-----------------|-------------|
| **General Excise Tax** | | | | |
| Bill | 05/01/2018 | WONG,THOMAS:DIAMONDHEADS: Hawaii State Tax Collecto r | $81.00 | $81.00 |
| **Total General Excise Tax** | | | | **$81.00** |
| **Management Fees** | | | | |
| Bill | 05/03/2018 | WONG,THOMAS:DIAMONDHEADS: Captain Cook Real Estate | $224.46 | $224.46 |
| **Total Management Fees** | | | | **$224.46** |
| **Owner Draw** | | | | |
| Check | 05/03/2018 | WONG,THOMAS:Thomas J. Won g | $1,474.54 | $1,474.54 |
| **Total Owner Draw** | | | | **$1,474.54** |
| **Tax Expense** | | | | |
| Bill | 05/02/2018 | WONG,THOMAS:DIAMONDHEADS: Hawaii State Tax Collecto r | $20.00 | $20.00 |
| **Total Tax Expense** | | | | **$20.00** |
| Total Expense | | | | $1,800.00 |
| **Net Operating Income** | | | | **$1,474.54** |
| **Total Net Income** | | | | **$1,474.54** |

**FORM BB-1**
**(Rev. 2017)**



# STATE OF HAWAII
## BASIC BUSINESS APPLICATION
### (or Amended Application)

For faster service apply online at tax.hawaii.gov/eservices
Online applications are processed in 2-4 business days.

This Space For Office Use Only



24658

**PAID**

MAY - 2 2018

**TYPE OR PRINT LEGIBLY**

1. **Purpose of Application** — *Check only one.* For **1b, 1c** and **1d,** Complete lines 1 through 5 and ONLY the information you are adding, deleting or changing.
   a. ✓ New   b.   Add c.   Delete d.   Change   (Use Form GEWTARV-1 to CANCEL any tax licenses, registrations or permits)

2. ✗ FEIN   TIN   SSN
   99-0159924

3. Hawaii Tax I.D. No.

4. Taxpayer's/Employer's/Plan Manager's Legal Name
   Thomas J. Wong, Commissioner

5. Trade name or doing business as (DBA) name, if any

6. Mailing Care of:
   c/o CAPTAIN COOK REAL ESTATE
   Mailing Street address or P.O. Box
   1012 KAPAHULU AVE #110
   Mailing City       State       Postal/Zip Code
   HONOLULU       HI       96816

7. Physical location street address of business in Hawaii (if different from mailing)
   3721 KANAINA AVE #320
   Physical location City    State    Postal/Zip Code
   HONOLULU       HI       96815
   If none, provide name, phone number and address of the person performing services in HI.

8. Type of legal organization
   Corporation   S Corporation   General Partnership   Limited Partnership   Nonprofit
   Sole Proprietorship   Single-Member LLC   LLC   Government   ✗ Other (Please specify)   Commissioner

9. Does all or part of this business qualify for a disability exemption? (See Instructions)
   Yes   No

10. Date Business Began in Hawaii
    01/01/2018

11. Date of Organization

12. State of Organization
    HI

13. Accounting period (check only one)
    ✓ Calendar Year
    Fiscal Year ending
    Effective

14. Accounting method (check only one)
    ✓ Cash   Accrual
    Effective

15. NAICS and business activity (See Instructions)
    531110
    RESIDENTIAL RENTAL

16. Business Phone       Alternate Phone       Fax Number       E-mail address
    808-735-5588                                                millie@hawaiiproperty.com

17. Parent Corporation's FEIN

18. Name of Parent Corporation

19. Parent Corporation's Mailing Address

20. List all sole proprietors, partners, members, or corporate officers (See Instructions) *Attach a separate sheet of paper if more space is required.*

| FEIN/TIN/SSN | Name (Individuals - Last, First, M.I.) | Title | Residential Address | Contact Phone No. |
|---|---|---|---|---|
| ✗ FEIN   TIN   SSN 99-0159924 | Thomas J. Wong | Commissioner | 220 South King 1600 Honolulu, Hi. 96813 | (808) 521-1456 |
| FEIN   TIN   SSN | | | | |

21. **TOTAL REGISTRATION FEE DUE.** Add the amounts from lines 22b through 22i. See Instructions for Forms VP-1 and VP-2. Attach a check or money order made payable to "HAWAII STATE TAX COLLECTOR" in U.S. dollars drawn on any U.S. Bank along with the appropriate Forms VP-1 and/or VP-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**20.00**

Mail the completed application to:
HAWAII DEPARTMENT OF TAXATION
P.O. Box 1425
Honolulu, HI 96806-1425

**CERTIFICATION:** The above statements are hereby certified to be correct to the best of the knowledge and belief of the undersigned who is duly authorized to sign this application.

Signature of Owner, Partner or Member, Officer, or Agent

Print Name          Title          Date
Thomas J. Wong    Commissioner    5/2/2018   **02**

BB1_F 2017A 01

**Form BB-1, Page 2**

| 22. | Select Tax Type(s): | Date Activity Began in Hawaii -OR- Effective Date If Changing Filing Period* (mm/dd/yyyy) | Filing Period Mo. Qtr. Semi | Fee | Fee Due |
|---|---|---|---|---|---|
| 22a. | Withholding | | (See also http://labor.hawaii.gov/ui/) | no fee | |
| 22b. | General Excise/Use — Select ONLY one type of GE/Use license: | | | | 20.00 |
| | ✓ GET/Use Tax | | ✓ | $20.00 | |
| | GE One-Time Event | | | $20.00 | |
| | Please enter the name of the One-time Event *(See Instructions)* | | | | |
| | Use Tax Only | | | no fee | |
| | Seller's collection | | | no fee | |
| 22c. | Transient Accommodations ²⁴ | | | 1-5 units - $5.00 6 or more units - $15.00 | |
| 22d. | Timeshare Occupancy ²⁵ | | Number of Timeshare Plans represented | X $15.00 | |
| 22e. | Rental Motor Vehicle, Tour Vehicle, and Car-Sharing Vehicle ²⁴ | | | $20.00 | |
| 22f. | Liquid Fuel Distributor | | | no fee | |
| | Produce    Refine    Manufacture    Compound | | | | |
| 22g. | Liquid Fuel Retail Dealer ²⁴ | | | $5.00 | |
| 22h. | Liquor ²³ | Enter your county liquor license no. | | | |
| | Manufacturer | | | $2.50 | |
| | Wholesaler | | | $2.50 | |
| 22i. | Cigarette & Tobacco ²³ | | | | |
| | Non-Retail:    Dealer    Wholesaler | | | $2.50 | |
| | Retail Tobacco Permit ²⁴ | | Number of retail locations | X $20.00 | |

**23.** Have you ever been cited for either a tobacco and/or liquor violation?    Yes ☐    No ☐

**24.** Check the appropriate tax type and list the address(es) of your transient accommodations (TA) rental real property; rental motor vehicle, tour vehicle, and/or car-sharing vehicle (RV); Liquid Fuel Retail Dealer's Permit (Fuel); and/or Retail Tobacco Permit (RTP) business locations. For Retail Tobacco locations, if location is a vehicle, include the Vehicle Identification Number (VIN), otherwise include the name of the retail location. *Attach a list if more space is needed.*

| TA | RV | Fuel | RTP | Address | Name or VIN |
|---|---|---|---|---|---|
| | | | | | |

**25.** Resort Time Share Vacation Plan Information.  List each resort time share vacation plan represented by you. *Attach a list if more space is needed.*

| New | Add | Cancel | DCCA Plan No. | Plan Name | Plan Address |
|---|---|---|---|---|---|
| | | | | | |



BB1_F 2017A 02

* NOTE: The requested change will take effect after the current filing period is over. The filing frequency cannot be changed retroactively.

Form BB-1 (Rev. 2017)

24669

CAPTAIN COOK REAL ESTATE
CLIENT TRUST ACCOUNT
1012 KAPAHULU AVENUE #110
HONOLULU, HI 96816

CENTRAL PACIFIC BANK
KAPAHULU BRANCH
HONOLULU, HAWAII
1-800-342-8422 (Toll Free)
59-157/1213

Date
05/03/2018

PAY TO THE
ORDER OF     Thomas J. Wong

$ 1,474.54

ONE THOUSAND FOUR HUNDRED SEVENTY FOUR 54/100 _____ DOL

Thomas J. Wong
220 S King St, Ste 1600
Honolulu, HI 96813

MEMO _____

AUTHORIZED SIGNATURE

⑈0 24669⑈ ⑆⑆121301578⑆ 2000587401⑈

THIS DOCUMENT MUST NOT HAVE A COLORED BACKGROUND, ULTRAVIOLET FIBERS AND AN ARTIFICIAL WATERMARK ON THE BACK - VERIFY FOR AUTHENTICITY

CAPTAIN COOK REAL ESTATE / CLIENT TRUST ACCOUNT

| Captain Cook Real Estate | Date: 05/03/2018 | | Amount: $1,474.54 | | No: 24669 |
| --- | --- | --- | --- | --- | --- |
| LOCATION | REF NO. | DATE | | MEMO | AMOUNT |
| WONG,THOMAS | | 05/03/2018 | | Owner Draw | $1,474.54 |
| | | | | | |
| | | | | | |
| | | | | | |
| Payee Name: Thomas J. Wong | | | | Account: Captain Cook Real Estate | |

**Captain Cook Real Estate**
1012 Kapahulu Ave #110
1012 Kapahulu Ave #110
Honolulu, HI 96816
ph. (808) 735-5588 hawaiiproperty.com



Thomas J. Wong
220 S King St, Ste 1600
Honolulu HI 96813

## OWNER STATEMENT
**Report Period:** 06/01/2018 - 06/30/2018

### Portfolio Summary

| | | |
|---|---|---|
| **Previous Balance** | | $300.00 |
| **Income** | + | $900.00 |
| **Expenses** | - | $40.50 |
| Mgmt Fees | - | $112.23 |
| Total | | $1,047.27 |
| Contributions | + | $0.00 |
| Draws | - | $747.27 |
| **Ending Balance** | | $300.00 |
| **Portfolio Minimum** | - | $300.00 |
| **Due To Owner** | | $0.00 |

### Income

| Type | Date | Name | Original Amount | Paid Amount |
|---|---|---|---|---|
| **Rent** | | | | |
| Charge | 06/01/2018 | WONG,THOMAS:DIAMONDHEADS: Gallaher, C. | $900.00 | $900.00 |
| **Total Rent** | | | | **$900.00** |
| Total Income | | | | $900.00 |

**Expenses**

| Type | Date | Name | Original Amount | Paid Amount |
|---|---|---|---|---|
| **General Excise Tax** | | | | |
| Bill | 06/01/2018 | WONG,THOMAS:DIAMONDHEADS: Hawaii State Tax Collecto r | $40.50 | $40.50 |
| **Total General Excise Tax** | | | | **$40.50** |
| **Management Fees** | | | | |
| Bill | 06/05/2018 | WONG,THOMAS:DIAMONDHEADS: Captain Cook Real Estate | $112.23 | $112.23 |
| **Total Management Fees** | | | | **$112.23** |
| **Owner Draw** | | | | |
| Check | 06/13/2018 | WONG,THOMAS:Thomas J. Won g | $747.27 | $747.27 |
| **Total Owner Draw** | | | | **$747.27** |
| Total Expense | | | | $900.00 |
| **Net Operating Income** | | | | **$747.27** |
| **Total Net Income** | | | | **$747.27** |

CAPTAIN COOK REAL ESTATE
CLIENT TRUST ACCOUNT
1012 KAPAHULU AVENUE #110
HONOLULU, HI 96816

2486

CENTRAL PACIFIC BANK
KAPAHULU BRANCH
HONOLULU, HAWAII
1-800-342-8422 (Toll Free)
59-167/1213

Date 06/13/2018

THE
OF   Thomas J. Wong                                 $ 747.27

————SEVEN HUNDRED FORTY SEVEN 27/100——————————— DOL

Thomas J. Wong
220 S King St, Ste 1600
Honolulu, HI 96813

AUTHORIZED SIGNATURE

⑈024869⑈ ⑆121301578⑆ 200058740⑈

THIS DOCUMENT MUST NOT HAVE A COLORED BACKGROUND, ULTRAVIOLET FIBERS AND AN ARTIFICIAL WATERMARK ON THE BACK - VERIFY FOR AUTHENTIC

CAPTAIN COOK REAL ESTATE / CLIENT TRUST ACCOUNT

2486

| Captain Cook Real Estate | | Date: 06/13/2018 | | Amount: $747.27 | No: 24869 | |
| --- | --- | --- | --- | --- | --- | --- |
| LOCATION | REF NO. | DATE | | MEMO | | AMOUNT |
| WONG, THOMAS | | 06/13/2018 | | Owner Draw | | $747.2 |

Payee Name: Thomas J. Wong                                 Account: Captain Cook Real Estate

# EXHIBIT 4
# BILLING OF COMMISSIONER

7/18/2018            Devens, Nakano, Saito, Lee, Wong & Ching
9:33 AM                 Pre-bill Worksheet

Page    2

| | |
|---|---|
| Nickname | TJW Comm.18070 \| 5235 Investors |
| Full Name | TJW Commissioner |
| Address | Thomas J. Wong |
| | Devens Nakano Saito Lee Wong & Ching |
| Phone | 808-521-1456      Fax |
| Home |                     Other |
| In Ref To | Re: Foreclosure (3721 Kanaina St. #320) |
| Notes | NewK:\tjw.com\investors |

REMARKS: c/o Bill Plum
The Plum Law Office, A Law Corporation
700 Bishop Street, Site 2100
Honolulu, Hawaii 96813

| | |
|---|---|
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | HI |
| Interest | 10.00%, Simple, Charge after 30 days with grace period of 30 days. |
| Last bill | |
| Last charge | 6/26/2018 |
| Last payment |                 Amount     $0.00 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 1/23/2018 28801 | Thomas Telephone call Review re: foreclosure. | 150.00 | 0.50 0.50 | 75.00 75.00 | No Charge |
| 3/2/2018 29923 | Thomas Review Review order granting appointment as commissioner; review re: property tax information and information relating to the property. | 150.00 | 1.00 1.00 | 150.00 150.00 | No Charge |
| 3/7/2018 29963 | Thomas Telephone call Telephone call with William Plum re: foreclosure matter and information re: inspection of property. | 150.00 | 0.25 | 37.50 | Billable |
| 3/8/2018 30051 | Thomas Draft Draft email to real estate agent to set up inspection of unit and contact tenant for open houses. | 150.00 | 0.25 | 37.50 | Billable |
| 3/9/2018 30066 | Thomas Review Review email from property manager. | 150.00 | 0.25 | 37.50 | Billable |
| 3/12/2018 30039 | Thomas Telephone call Telephone call with tenant to schedule inspection. | 150.00 | 0.25 | 37.50 | Billable |
| 3/12/2018 30047 | Thomas Telephone call Telephone call with Terri Cambell re: board's interest in purchase of unit; review recent sales of units. | 150.00 | 0.25 | 37.50 | Billable |

7/18/2018                          Devens, Nakano, Saito, Lee, Wong & Ching
9:33 AM                                      Pre-bill Worksheet

Page      3

TJW Comm.18070:TJW Commissioner (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 3/13/2018 30069 | Thomas Draft<br>Site inspection of the property; draft fact sheet; draft advertisement; review email from Association re: purchase. | 150.00 | 1.00 | 150.00 | Billable |
| 3/14/2018 30113 | Thomas Draft<br>Draft email to Christopher Gallagher re: setting up open house dates. | 150.00 | 0.25 | 37.50 | Billable |
| 3/15/2018 30338 | Thomas Review<br>Review foreclosure decree re: calculation of what is owed to provide to the Association; draft email to Association's president re: possible offer on unit; draft status update to William Plum and open house and auction dates. | 150.00 | 0.50 | 75.00 | Billable |
| 3/16/2018 30345 | Thomas Revise<br>Revise advertisement; draft email to Star Advertiser for proof; review email from William Plum re: assessment of sale of unit. | 150.00 | 0.50 | 75.00 | Billable |
| 3/19/2018 30363 | Thomas Draft<br>Draft email to property manager re: net rental check. | 150.00 | 0.25 | 37.50 | Billable |
| 3/23/2018 30392 | Thomas Review<br>Review email from Jim Duca re: possible private offer. | 150.00 | 0.25 | 37.50 | Billable |
| 3/27/2018 30414 | Thomas Draft<br>Draft email to William Plum re: advertisement and confirm to proceed with advertisement. | 150.00 | 0.25 | 37.50 | Billable |
| 3/28/2018 30566 | Thomas Review<br>Review email from William Plum to proceed with open houses and auction. | 150.00 | 0.25 | 37.50 | Billable |
| 3/29/2018 30635 | Thomas Review<br>Review statement from real estate agent and review net payment of rental income. | 150.00 | 0.25 | 37.50 | Billable |
| 4/2/2018 30769 | Thomas Draft<br>Draft email to James Duca re: Proceeding with auction. | 150.00 | 0.25 | 37.50 | Billable |
| 4/2/2018 30775 | Thomas Preparation<br>Response to Terri Lee Campbell-Board president re: possible offer. | 150.00 | 0.25 | 37.50 | Billable |

7/18/2018                            Devens, Nakano, Saito, Lee, Wong & Ching
9:33 AM                                         Pre-bill Worksheet                                    Page      4

TJW Comm.18070:TJW Commissioner (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 4/11/2018 30834 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Association re: purchase of Unit 302. | | | | |
| 4/12/2018 30840 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Star Advertiser re: revisions to advertisement and change in proof. | | | | |
| 4/17/2018 30973 | Thomas Review | 150.00 | 0.25 | 37.50 | Billable |
| | Review revised advertisement; draft email to tenant re: open houses; review confirmation from tenant re: open houses. | | | | |
| 4/18/2018 30986 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet for inquiry of property. | | | | |
| 4/18/2018 30988 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Star Advertiser re: final proof of advertisement. | | | | |
| 4/20/2018 31070 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet to Edwina Pennington and the association; review email from association re: request for house inspector. | | | | |
| 4/20/2018 31072 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Judy Hernandez re: request for fact sheet. | | | | |
| 4/21/2018 31063 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet response to Steven Farias and Gail Hernandez. | | | | |
| 4/23/2018 31082 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet to Irene Kuniti re: fact sheet. | | | | |
| 4/24/2018 31104 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet to Trevor Benn. | | | | |
| 4/25/2018 31119 | Thomas Preparation | 150.00 | 0.25 | 37.50 | Billable |
| | Prepare notice for open house on April 28, 2018. | | | | |
| 4/26/2018 31189 | Thomas Review | 150.00 | 0.25 | 37.50 | Billable |
| | Review email from tenant re: emergency trip to the mainland; draft and prepare for open house with sign in sheets. | | | | |

7/18/2018                          Devens, Nakano, Saito, Lee, Wong & Ching
9:33 AM                                   Pre-bill Worksheet                                    Page      5

TJW Comm.18070:TJW Commissioner (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 4/27/2018 31194 | Thomas Telephone call Telephone call with Michael Robinson re: possible private offer. | 150.00 | 0.25 | 37.50 | Billable |
| 4/27/2018 31195 | Thomas Review Review rental statement for April 2018 and general excise tax payment. | 150.00 | 0.25 | 37.50 | Billable |
| 4/27/2018 31196 | Thomas Draft Draft email to Steve DeMesa to arrange access for open houses due to tenant leaving for family emergency. | 150.00 | 0.25 | 37.50 | Billable |
| 4/27/2018 31197 | Thomas Draft Draft email to AOAO re: outstanding maintenance fees. | 150.00 | 0.25 | 37.50 | Billable |
| 4/27/2018 31198 | Thomas Draft Draft email to Steve Demesa re: inquiring of submission of offer. | 150.00 | 0.25 | 37.50 | Billable |
| 4/28/2018 31206 | Thomas Preparation Attend open house. | 150.00 | 3.00 | 450.00 | Billable |
| 4/30/2018 31233 | Thomas Draft Draft email to tenant Christopher Gallaher re: open house and second open house schedule for May 5, 2018 and confirm will be at the open house since tenant may still be on the mainland. | 150.00 | 0.25 | 37.50 | Billable |
| 4/30/2018 31234 | Thomas Draft Draft email to Mike Robinson re: possible offer. | 150.00 | 0.25 | 37.50 | Billable |
| 5/1/2018 31298 | Thomas Email Email to William Plum re: assessment of offer and sale of property. | 150.00 | 0.25 | 37.50 | Billable |
| 5/1/2018 31301 | Thomas Draft Draft email to William Plum re: offer from Mike Robinson. | 150.00 | 0.25 | 37.50 | Billable |
| 5/2/2018 31485 | Thomas Draft Draft GE certificate for rental income. | 150.00 | 0.25 | 37.50 | Billable |
| 5/3/2018 31312 | Thomas Draft Draft fact sheet to Courtney Lancaster. | 150.00 | 0.25 | 37.50 | Billable |

7/18/2018
9:33 AM

Devens, Nakano, Saito, Lee, Wong & Ching
Pre-bill Worksheet

Page     6

TJW Comm.18070:TJW Commissioner (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/4/2018 31326 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Christopher Gallaher confirming open house on Saturday, May 5 and fact sheet to Edwina Pennington. | | | | |
| 5/4/2018 31327 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Mike Robinson re: rejection of private offer. | | | | |
| 5/4/2018 31329 | Thomas Telephone call | 150.00 | 0.25 | 37.50 | Billable |
| | Telephone call with William Plum re: possible private offer and assessment of offer. | | | | |
| 5/4/2018 31330 | Thomas Preparation | 150.00 | 3.00 | 450.00 | Billable |
| | Attend open house. | | | | |
| 5/7/2018 31334 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet email to Ed Blottenger and Ada Liu. | | | | |
| 5/7/2018 31339 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft fact sheet to Pam Schell. | | | | |
| 5/14/2018 31526 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Ted Takai re: information on unit and renter. | | | | |
| 5/17/2018 31717 | Thomas Preparation | 150.00 | 0.50 | 75.00 | Billable |
| | Prepare for auction on May 22. | | | | |
| 5/21/2018 31751 | Thomas Preparation | 150.00 | 0.25 | 37.50 | Billable |
| | Prepare for auction on May 22, 2018; | | | | |
| 5/22/2018 31772 | Thomas Draft | 150.00 | 1.50 | 225.00 | Billable |
| | Draft email to Terry Lam re: request for fact sheet; attend auction; draft of commissioner's report. | | | | |
| 5/30/2018 32052 | Rieko Revise | 95.00 | 0.50 | 47.50 | Billable |
| | Revise the commissioner's report. | | | | |
| 5/31/2018 32053 | Rieko Revise | 95.00 | 0.50 | 47.50 | Billable |
| | Continue revising the commissioner's report. | | | | |

7/18/2018
9:33 AM

Devens, Nakano, Saito, Lee, Wong & Ching
Pre-bill Worksheet

Page        7

TJW Comm.18070:TJW Commissioner (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/4/2018 32117 | Stanley Review | 250.00 | 0.75 | 187.50 | Billable |
| | Review Tax form N-288B and facts of case; advise re revisions to form. | | | | |
| 6/4/2018 32180 | Thomas Review | 150.00 | 0.50 | 75.00 | Billable |
| | Review from N288B and draft memo; conf. with Stanley Chingre: revisions to form N288B. | | | | |
| 6/6/2018 32173 | Thomas Draft | 150.00 | 1.00 | 150.00 | Billable |
| | Draft and review form for waiver and withholding certificate. | | | | |
| 6/6/2018 32197 | Thomas Telephone call | 150.00 | 0.25 | 37.50 | Billable |
| | Telephone call with William Plum re: Harpta form. | | | | |
| 6/7/2018 32218 | Thomas Telephone call | 150.00 | 0.50 | 75.00 | Billable |
| | Telephone call with William Plum re: HARPTA Form; revise commissioner's report. | | | | |
| 6/8/2018 32325 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to Bill Plum re: draft of commissioner's report. | | | | |
| 6/15/2018 32238 | Thomas Draft | 150.00 | 0.25 | 37.50 | Billable |
| | Draft email to bill Plum re: draft of Commissioner's report. | | | | |
| 6/26/2018 32609 | Thomas Revise | 150.00 | 0.25 | 37.50 | Billable |
| | Revisions to commissioner's report due to collection of additional rent. | | | | |

| TOTAL | Billable Fees No Charge | | 25.50 1.50 | $225.00 | $3,845.00 |
|---|---|---|---|---|---|

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 4/18/2018 30951 | Robin Publication Fees | 989.53 | 1.000 | 989.53 | Billable |
| | Publishing Fee - Oahu Publication (Star Advertiser 4/20/18, 4/27/18, 5/4/18) | | | | |

| TOTAL | Billable Costs | | | | $989.53 |
|---|---|---|---|---|---|

| 7/18/2018 | Devens, Nakano, Saito, Lee, Wong & Ching | | |
|---|---|---|---|
| 9:33 AM | Pre-bill Worksheet | | Page   8 |

TJW Comm.18070:TJW Commissioner (continued)

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| **Fees** Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable time slips<br>Total of Fees (Time Charges) | $3,845.00 | $3,845.00 |
| **Costs** Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable expense slips<br>Total of Costs (Expense Charges) | $989.53 | $989.53 |

**Taxes**

| Tax Rate Rule | Type | Taxable | Charge |
|---|---|---|---|
| Hawaii State GET | Fees | $3,845.00 | $181.18 |
| Total tax on fees | | | $181.18 |

| | | |
|---|---|---|
| Total new charges | | $5,015.71 |

**New Balance**

| | Amount | Total |
|---|---|---|
| Current | $5,015.71 | |
| Total New Balance | | $5,015.71 |

**Funds Account: Default**

| | | Amount |
|---|---|---|
| Previous account balance | | $0.00 |

| Date|ID | Type | Description | |
|---|---|---|---|
| 3/29/2018<br>1561 | PAYT | Payment to account<br>Client/Payor:  Captain Cook Real Estate<br>Check No. 24491<br>Rent (Joe Gedan) | $865.23 |
| 4/27/2018<br>1615 | PAYT | Payment to account<br>Client/Payor:  TJW Com-Investors/Captain Cook Real Estate<br>Client Trust Account<br>Rent payment. Check No. 24610 | $1,484.54 |
| 5/8/2018<br>1628 | PAYT | Payment to account<br>Client/Payor:  TJW Com-Investors/Captain Cook Real Estate<br>Client Trust Account<br>Rent payment. Check No. 24669 | $1,474.54 |
| 6/25/2018<br>1729 | PAYT | Payment to account<br>Client/Payor:  TJW Com - Investors/Captain Cook Real Est Cl Tr<br>Acc<br>. Check No. 24869 | $747.27 |

| | Amount |
|---|---|
| Total added to account | $4,571.58 |
| Total removed from account | $0.00 |
| New account balance | $4,571.58 |

# EXHIBIT 5

# FORM N-288B
# (HARPTA FORM-DRAFT)

**FORM N-288B**
(REV. 2016)

STATE OF HAWAII — DEPARTMENT OF TAXATION

Copy A - For State of Hawaii, Department of Taxation

## Application for Withholding Certificate for Dispositions by Nonresident Persons of Hawaii Real Property Interest

- File Copies A and B of this form with the Department of Taxation.
- DO NOT file Form N-288B if the transfer of property has already taken place. The Department of Taxation will not approve Form N-288B after the date of transfer reported on line 4a has passed.
- Please be sure to complete ALL lines and attach ALL supporting documentation OR your application will be rejected.
- See instructions on the back of Copy B.

| | |
|---|---|
| **1** Name of applicant (Transferor/seller) <br> THOMAS J. WONG, COMMISSIONER | **Identification number (SSN or FEIN)** <br> 990159924 |
| Mailing address where you want withholding certificate sent <br> 220 SOUTH KING STREET 1600 | **Daytime phone no. of applicant** <br> ( 808 ) 521-1456 |
| City, State, and ZIP code (province, postal code, and country) <br> HONOLULU, HAWAII 96813 | |

| | |
|---|---|
| **2** Names of all transferors/sellers (Attach additional sheets if more than one transferor/seller.) | **Identification number (SSN or FEIN)** |
| Address (number and street) | |
| City, State, and ZIP code (province, postal code, and country) | |

| | |
|---|---|
| **3** Names of all transferees/buyers (Attach additional sheets if more than one transferee/buyer.) | **I.D. no. (Last 4 numbers of the SSN or FEIN)** |
| Address (number and street) | |
| City, State, and ZIP code (province, postal code, and country) | |

**4** Description of Hawaii real property transaction:

  **a** Date of transfer (month, day, year). _____ **DO NOT** file Form N-288B if the transfer of property has already taken place. The Department of Taxation will not approve Form N-288B after the date of transfer has passed.

  **b** Location and general description of property (Include tax map key number) 3720 KANAIANA STREET #320, HONOLULU, HAWAII 96815

**5** Check the box to indicate the reason a withholding certificate should be issued.
   **NOTE:** *The transferor/seller is required under section 235-92, HRS, to file an income tax return whether or not the person derives a taxable gain.*

  ☐ **a** The transferor/seller will not realize any gain with respect to the transfer. (Complete 5a on the back of Copy A.)

  ☑ **b** There will be insufficient proceeds to pay the withholding required under section 235-68(b), Hawaii Revised Statutes, after payment of all costs, including selling expenses and the amount of any mortgage or lien secured by the property. (Complete 5b on the back of Copy A.)

| | | |
|---|---|---|
| **6** Was the property used at anytime as a rental?................................. Yes ☐ No ☐ | **Hawaii Tax I.D. Number** | |
| If yes, enter your Hawaii Tax I.D. Number. | GE _ _ _ - _ _ _ - _ _ _ _ - _ _ | |

**Please Sign Here**

I hereby declare under penalties provided by section 231-36, HRS, that I have examined this application and accompanying attachments, and, to the best of my knowledge and belief, they are true, correct, and complete.

➤ _____   _____   _____
   Signature                              Title (if applicable)                        Date

➤ _____   _____   _____
   Spouse's signature (if applicable)       Title (if applicable)                        Date

## FOR OFFICIAL USE ONLY:

Approved: _____     Disapproved: _____
              Month        Day        Year                              Month        Day        Year

Amount required to be withheld     $ _____

Signature     _____

**FORM N-288B**

**FORM N-288B**
(REV. 2016)

**5a.** Calculation and written justification showing that the transferor/seller will not realize any gain with respect to the transfer. Attach a copy of a tentative statement from your escrow company for this transaction showing the gross sales price. Also attach a copy of your closing escrow statement from your purchase or acquisition of this property. (Note: You must provide documentation for all items in the calculation.)

   1.  Sales Price                                                   $ _____

   2.  Cost or other basis (including selling expenses). *Attach a schedule or list below to indicate the breakdown of your calculations.* (If you checked "Yes" on line 6, page 1, or used the property for business purposes, provide your adjusted basis for the property, i.e., cost less depreciation. Also, attach a copy of your depreciation schedule, regardless of whether or not you have taken any depreciation.) Do not include any carryforward losses or net operating losses.      _____

   3.  Line 1 minus line 2. (If greater than zero, was the property used as your main home and do you qualify to exclude the **entire** gain? If yes, use Form N-103 as a worksheet and attach to Form N-288B. Otherwise, you **DO NOT** qualify for a waiver of the withholding. Do not file this form with the State of Hawaii, Department of Taxation.)      $ _____

SEE ATTACHED SHEET _____

_____

_____

**5b.** Calculation and written justification showing that there will be insufficient proceeds to pay the withholding required under section 235-68(b), Hawaii Revised Statutes, after payment of all costs, including selling expenses and the amount of any mortgage or lien secured by the property. Attach a copy of a tentative statement from your escrow company for this transaction showing the distribution of funds received.

  1a.  Sales price                                     $ _____ 399,000.00

  1b.  Sales proceeds to be received in forms other than cash (describe) CREDIT BID BY LENDER/MORTGAGEE    _____ 399,000.00

  1c.  Sales proceeds to be received in cash (Line 1a minus line 1b)    _____ 0.00

  2a.  Selling expenses. *Attach a schedule or list below to indicate the breakdown of your calculations.*    $ _____

  2b.  Mortgage(s) secured by the property sold to be paid off with cash proceeds    _____

  2c.  Other (list):

      COMMISSIONER'S FEES    _____

      _____

   3.  Add lines 2a through 2c    _____

   4.  Amount to be withheld. Line 1c minus line 3 (If less than zero, enter zero)    $ _____

THIS SALE IS PURSUANT TO THE FORECLOSURE DECREE ENTERED BY THE UNITED STATESD
DISTRICT COURT.  (SEE ATTACHED)

**FORM N-288B**
(REV. 2016)

STATE OF HAWAII — DEPARTMENT OF TAXATION

**Application for Withholding Certificate for Dispositions by Nonresident Persons of Hawaii Real Property Interest**

Copy B - To be returned to Transferor/seller

- File Copies A and B of this form with the Department of Taxation.
- DO NOT file Form N-288B if the transfer of property has already taken place. The Department of Taxation will not approve Form N-288B after the date of transfer reported on line 4a has passed.
- Please be sure to complete ALL lines and attach ALL supporting documentation OR your application will be rejected.
- See Instructions on the back of Copy B.

**1**  Name of applicant (Transferor/seller)

THOMAS J. WONG, COMMISSIONER

Mailing address where you want withholding certificate sent

220 SOUTH KING STREET 1600

City, State, and ZIP code (province, postal code, and country)

HONOLULU, HAWAII 96813

Daytime phone no. of applicant

( 808 )521-1456

**2**  Names of all transferors/sellers (Attach additional sheets if more than one transferor/seller.)

Address (number and street)

City, State, and ZIP code (province, postal code, and country)

**3**  Names of all transferees/buyers (Attach additional sheets if more than one transferee/buyer.)

I.D. no. (Last 4 numbers of the SSN or FEIN)

Address (number and street)

City, State, and ZIP code (province, postal code, and country)

**4**  Description of Hawaii real property transaction:

  **a**  Date of transfer (month, day, year). _____  **DO NOT** file Form N-288B if the transfer of property has already taken place. The Department of Taxation will not approve Form N-288B after the date of transfer has passed.

  **b**  Location and general description of property (Include tax map key number) 3720 KANAIANA STREET #320, HONOLULU, HAWAII 96815

**5**  Check the box to indicate the reason a withholding certificate should be issued.
  **NOTE:**  *The transferor/seller is required under section 235-92, HRS, to file an income tax return whether or not the person derives a taxable gain.*

  ☐ **a**  The transferor/seller will not realize any gain with respect to the transfer. (Complete 5a on the back of Copy A.)

  ☑ **b**  There will be insufficient proceeds to pay the withholding required under section 235-68(b), Hawaii Revised Statutes, after payment of all costs, including selling expenses and the amount of any mortgage or lien secured by the property. (Complete 5b on the back of Copy A.)

**6**  Was the property used at anytime as a rental?...............................  Yes ☐  No ☐
  If yes, enter your Hawaii Tax I.D. Number.

Hawaii Tax I.D. Number

GE _ _ _ - _ _ _ - _ _ _ _ - _ _

**Please Sign Here**

I hereby declare under penalties provided by section 231-36, HRS, that I have examined this application and accompanying attachments, and, to the best of my knowledge and belief, they are true, correct, and complete.

➤ _____    _____    _____
   Signature                                   Title (if applicable)                       Date

➤ _____    _____    _____
   Spouse's signature (if applicable)          Title (if applicable)                       Date

FOR OFFICIAL USE ONLY:

Approved: _____ _____ _____
                Month          Day         Year

Disapproved: _____ _____ _____
                     Month          Day         Year

Amount required to be withheld    $ _____

Signature    _____

**FORM N-288B**

INSTRUCTION
**FORM N-288B**
(REV. 2016)

STATE OF HAWAII — DEPARTMENT OF TAXATION
# Instructions for Form N-288B
## Application for Withholding Certificate for Dispositions by Nonresident Persons of Hawaii Real Property Interest

*NOTE: References to "married" and "spouse" are also references to "in a civil union" and "civil union partner," respectively.)*

## General Instructions

### Purpose of Form

Use Form N-288B to apply for a withholding certificate to waive or adjust withholding on dispositions by nonresident persons of Hawaii real property interest. Use this form only for applications based on (1) a claim that the transferor/seller will not realize any gain with respect to the transfer, or (2) a claim that there will be insufficient proceeds to pay the withholding required under section 235-68(b), Hawaii Revised Statutes (HRS), after payment of all costs, including selling expenses and the amount of any mortgage or lien secured by the property. If a nonresident transferor/seller transfers two or more Hawaii real property interests, one Form N-288B should be filed for each property transferred.

### Who Can Apply for a Withholding Certificate

The transferor/seller can file Form N-288B. If two or more nonresident transferors/sellers jointly transfer a Hawaii real property interest, a separate Form N-288B should be filed for each nonresident transferor/seller applying for a withholding certificate. One Form N-288B should be filed for a taxpayer and spouse if they will be filing a joint return for the year in which they transferred their Hawaii real property interest.

### Withholding Certificate

Upon receipt of Form N-288B, the State of Hawaii, Department of Taxation (Department) shall determine whether the transferor/seller has realized or will realize any gain with respect to the transfer, or whether there will be insufficient proceeds to pay the withholding. After the form has been approved or disapproved, a copy of the form will be returned to the transferor/seller, who shall thereafter transmit the form to the transferee/buyer.

If the Department is satisfied that no gain will be realized, the Department will waive the withholding requirement and the transferee/buyer is not required to withhold any tax. The transferee/buyer shall attach a copy of the Form N-288B to Forms N-288 and N-288A, which must still be filed with the Department.

If the Department is satisfied that there will be insufficient proceeds to pay the withholding, the Department will adjust the amount required to be withheld and the transferee/buyer shall withhold the adjusted amount and submit the payment, Form N-288, Form N-288A, and Form N-288B to the Department.

### When to File Form N-288B

Form N-288B must be filed with the Department no later than 10 working days prior to the date of transfer. **Forms N-288B filed later than 10 working days prior to the date of transfer will not be accepted and will be returned to the transferor/seller. The Department will not approve Forms N-288B after the date of transfer reported on line 4a has passed.** Timely mailing of Form N-288B by U.S. mail or any delivery service designated for purposes of section 7502 of the federal Internal Revenue Code will be treated as timely filed. See Tax Information Release No. 97-3 for more information.

### Where to Send Form N-288B

Copies A and B of Form N-288B must be mailed or hand delivered to the taxation district office listed below which is located in the county where the closing of the sale is taking place, or the county in which the property is located. After the form has been approved or disapproved, copy B of Form N-288B will be returned to the transferor/seller at the address specified on line 1. If copy B of Form N-288B is not submitted, a copy of the form will not be returned to the transferor/seller. We do not fax confidential information concerning Form N-288B, nor do we accept Form N-288B through fax.

## Specific Instructions

**Line 2.** Enter "Same as line 1" unless you are entering another address. If you entered a mailing address on line 1 that is not your actual address, enter your actual address on line 2. If there are multiple transferor/sellers, attach additional sheets giving the required information about each one, indicating ownership percentage and residency status.

**Line 3.** Enter the name, address, and identification number (last 4 numbers of the SSN or FEIN), if any, of the transferee/buyer. The Internal Revenue Service (IRS) issues Individual Taxpayer Identification Numbers (ITINs) to certain aliens who are required to have a U. S. taxpayer identification number but who do not have, and are not eligible to obtain, a social security number. The last 4 numbers of the ITIN issued by the IRS must be used as the individual's identification number. If the individual has applied for an ITIN but the IRS has not yet issued the ITIN, write "Applied For". If there are multiple transferee/buyers, attach additional sheets giving the required information about each one.

**Line 4.** Enter the appropriate information. In 4b, enter the address and description of the property. Include the tax map key number.

**Line 5.** If 5a is checked, 5a on the back of Copy A must be completed. If 5b is checked, 5b on the back of Copy A must be completed.

**NOTE:** The transferor/seller is required under section 235-92, HRS, to file an income tax return whether or not the person derives a taxable gain.

**Line 6.** If the property was used as a rental property at anytime by the transferor/seller(s), check the box marked "yes" and fill in the appropriate Hawaii Tax I.D. Number. If not, check the box marked "no".

### Back of Copy A

**Line 5a(1).** Enter the gross sales price from the sale. Attach a copy of a tentative statement from your escrow company for this transaction showing the gross sales price, the transferor(s)/seller(s), and the transferee(s)/buyer(s).

**Line 5a(2).** In general, the cost or adjusted basis is the cost of the property plus purchase commissions and improvements, minus depreciation (if applicable). Increase the cost or other basis by any expense of sale, such as commissions and state transfer taxes. Attach a copy of your closing escrow statement from your purchase or acquisition of this property, invoices for improvements, depreciation schedules, and any other evidence of the basis of the property.

**Line 5a(3).** If the sale of the property was your main home and you qualify to exclude the **entire** gain, use Form N-103 as a worksheet. If you qualify to exclude the **entire** gain (line 22 is zero (0) or less) attach worksheet to Form N-288B. Otherwise, you DO NOT qualify for a waiver. Do not submit Form N-288B.

**Line 5b(1a).** Enter the gross sales price from the sale. Attach a copy of a tentative statement from your escrow company for this transaction showing the distribution of funds received, the transferor(s)/seller(s), and the transferee(s)/buyer(s).

**Line 5b(1b).** Enter the amount of sales proceeds to be received in forms other than cash, such as an agreement of sale or purchase money mortgage.

**Line 5b(2a).** Enter any expense of sale, such as commissions and state transfer taxes.

**Line 5b(2c).** Enter any other cost associated with the sale of the property, such as liens secured by the property.

### Signature

Form N-288B must be signed by an individual, a responsible corporate officer, a member or general partner of a partnership, or a trustee, executor, or other fiduciary of a trust or estate. If Form N-288B is being filed by a taxpayer and spouse, both must sign the form. In addition, Form N-288B may be signed by an authorized agent with a power of attorney.

---

## MAILING ADDRESSES

OAHU DISTRICT OFFICE
OFFICE AUDIT BRANCH - N-288B
P. O. BOX 259
HONOLULU, HAWAII 96809-0259
(830 PUNCHBOWL STREET, #228)
808-587-1644

MAUI DISTRICT OFFICE
RE: N-288B
54 S. HIGH STREET, #208
WAILUKU, HAWAII 96793-2198
808-984-8500

HAWAII DISTRICT OFFICE
RE: N-288B
75 AUPUNI STREET, #101
HILO, HAWAII 96720-4245
808-974-6321

KAUAI DISTRICT OFFICE
RE: N-288B
3060 EIWA STREET, #105
LIHUE, HAWAII 96766-1889
808-274-3456

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, a Nevada Limited Liability Company; CRAIG B. STANLEY, as Trustee for THE EDMON KELLER AND CLEAVETTE MAE STANLEY FAMILY TRUST; CRAIG B. STANLEY, individually; MILLICENT ANDRADE, individually,<br><br>               Plaintiffs,<br><br>     vs.<br><br>ABNER GAURINO; AURORA GAURINO; ABIGAIL GAURINO; INVESTORS FUNDING CORPORATION, as Trustee for an unrecorded Loan Participation Agreement dated June 30, 2014; APT-320, LLC, a Hawaii Limited Liability Company; CRISTETA C. OWAN, an individual; ROMMEL GUZMAN; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII and DOES 1-100, inclusive,<br><br>               Defendants.<br><br>APT-320, LLC, a Hawaii Limited Liability Company,<br><br>               Third-Party Plaintiff,<br><br>     vs.<br><br>APARTMENT OWNERS OF DIAMOND HEAD SANDS,<br><br>               Third Party Defendant. | CIVIL NO. 16-00347 JMS RLP (Foreclosure)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties by United States mail, postage pre-paid, at their last known addresses indicated below:

Dennis W. Chong Kee
W. Keonie Shutlz
Christopher T. Goodin
Cades Schuette
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4212

Attorney for Plaintiff

John R. Remis, Jr.
P.O. Box 38112
Honolulu, Hawaii 96837

Robert D. Eheler, Jr.
Pauahi Tower
1003 Bishop Street, Suite 2700
Honolulu, Hawaii 96813

Attorney for Defendants
Abner Gaurino, Aurora Gaurino
and Abrigail Gaurino and Third Party
Cross-Claim Defendant Abrigail Lee Gaurino

Charles A. Price
Koshiba Price Gruebner
707 Richards Street, Suite 610
Honolulu, Hawaii 96813

        And

-2-

William J. Plum
The Plum Law Office
P.O. Box 3503
Honolulu, Hawaii 96811

Attorney for Defendants Investor Funding
Corporation and Apt-320, LLC

Wayne Nasser
Francis Hogan
Ashford & Wriston
First Hawaiian Bank
999 Bishop Street Suite 1400
Honolulu, Hawaii 96813

Attorney for Defendants
Rommel Guzman and Fidelity National
Title & Escrow of Hawaii Inc.

Thomas D. Yano
4374 Kukui Grove Street
Suite 204
Lihue Hawaii 96766

Attorney for Defendant Criseta C. Cowan

Pamela J. Schell
Anderson Lahne & Fujisaki
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813

Attorney for Association of Apartment Owners
of Diamond Head Sands

DATED:  Honolulu, Hawaii, _____ 9/20/2018 _____.

_____
THOMAS J. WONG
Commissioner

-3-