IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, by Millicent Andrade and Craig B. Stanley, its Managing Members, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ABNER GAURINO, et al., <br><br> Defendants. | CIVIL NO. 16-00347 JAO-RLP <br><br> ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF APT-320 LLC'S MOTION FOR CONFIRMATION OF SALE, DISTRIBUTION OF PROCEEDS, AND DEFICIENCY JUDGMENT; EXHIBIT A |

ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF APT-320 LLC'S MOTION FOR CONFIRMATION OF SALE, DISTRIBUTION OF PROCEEDS, AND DEFICIENCY JUDGMENT

INTRODUCTION

Defendant/Third-Party Plaintiff APT-320 LLC ("APT-320") requests confirmation of the sale of the real property being foreclosed upon in this action, located at 3721 Kanaina Street, Honolulu, Hawaii TMK (1)-3-1-025-008 CPR 0088 ("Property"). APT-320 further requests that the Court: 1) determine reasonable expenses and attorneys' fees for the Commissioner; 2) determine other amounts due and owing for its other claims; 3) determine the priorities and claims of all other parties to this action; 4) enter a deficiency judgment in its favor if the sale proceeds are insufficient to pay its claims; 5) issue a judgment for possession

and a writ of possession giving the purchaser possession of the Property; 6) deem abandoned any personal property found in the Property and authorize the purchaser to dispose of said personal property; 7) discharge the Commissioner following the conveyance and distributions and filing of the distribution statement; and 8) enter judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b).

For the reasons articulated below, the Court GRANTS the Motion.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the disposition of the instant Motion.

On February 13, 2014, Plaintiff Atooi Aloha, LLC ("Atooi Aloha") entered into an agreement to purchase 333 shares of Better Living Global Marketing ("BLGM") in exchange for the conveyance of the Property to Defendant Abigail Gaurino ("Abigail"). Following the conveyance of the Property, Abigail obtained a $200,000.00 mortgage on the property from Investors Funding Corporation ("IFC"), which IFC then assigned to APT-320.

On January 31, 2018, Chief U.S. District Judge J. Michael Seabright issued an Order Re: Motions for Summary Judgment and Motion for Interlocutory Decree of Foreclosure ("SJ/Foreclosure Order"), Doc. No. 238, wherein he granted summary judgment in APT-320's favor and concluded that APT-320

established a prima facie case that it is entitled to foreclose on the mortgage.

On March 1, 2018, Chief Judge Seabright issued a Foreclosure Decree. Doc. No. 262. In it, he ordered that the mortgage be foreclosed upon, that Thomas J. Wong be appointed as Commissioner, and that the Property be sold in a manner allowed by law.

On September 20, 2018, the Commissioner filed his Report. Doc. No. 318. According to the Report, the Commissioner published a notice in the Honolulu Star-Advertiser, which contained a description of the Property, and location of the public auction. The auction took place on May 22, 2018, at noon, in front of the Judiciary Building, Honolulu, Hawaii. APT-320 presented the winning bid in the amount of $399,000.00. The Commissioner recommends that this bid be confirmed and seeks compensation totaling $5,414.53, which is comprised of $4,425.00 in fees and $989.53 in expenses.

On September 30, 2018, APT-320 filed the Motion for Confirmation of Sale, Distribution of Proceeds, and Deficiency Judgment ("the Motion"). Doc. No. 329.

On October 10, 2018, APT-320 filed a Motion for Attorney's Fees and Costs, requesting $84,219.86 in fees and $701.47 in costs. Doc. No. 340.

## LEGAL STANDARD

Under Hawai'i law, a "court's authority to confirm a judicial sale is a matter of equitable discretion." *Sugarman v. Kapu*, 104 Haw. 119, 124, 85 P.3d 644, 649 (Haw. 2004) (quoting *Brent v. Staveris*, 7 Haw. App. 40, 45, 741 P.2d 722, 726 (Haw. Ct. App. 1987) (citation omitted)). In the absence of arbitrary action, courts enjoy broad discretion with respect to the confirmation of judicial sales. *Id.* (citation omitted). "In exercising its discretion, the 'court should act in the interest of fairness and prudence, and with a just regard to the rights of all concerned and the stability of judicial sales.'" *Brent*, 7 Haw. App. at 45, 741 P.2d at 726 (quoting *Hoge v. Kane II*, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (Haw. Ct. App. 1983)). Courts may deny the confirmation of a sale when the highest bid is so grossly inadequate as to shock the conscience. *Id.* (citing *Hoge*, 4 Haw. App. at 540, 670 P.2d at 40; *Indus. Mortg. Co., L.P. v. Smith*, 94 Hawai'i 502, 510, 17 P.3d 851, 859 (Haw. Ct. App. 2001)).

## DISCUSSION

As an initial matter, the Court notes that it has received no written or other opposition or objection to this Motion. There being no objection or opposition, and no other individual having appeared at the hearing to request that bidding be reopened, the Court makes the following findings and GRANTS the

4

Motion as stated below:

1. The Property is the property foreclosed upon in this action and is more fully described in Exhibit A, attached to this Order.

2. The Commissioner complied with the requirements of the Foreclosure Decree and the sale was legally made and fairly conducted.

3. The Court ratifies, approves, and confirms the Commissioner's Report in all respects.

4. The Court confirms the sale of the Property and authorizes the Commissioner to execute and deliver conveyance documents for the Property to APT-320 or its nominee.[1]

5. APT-320's $399,000.00 bid, the highest bid, is fair and equitable and as high as any that could reasonably be obtained under the circumstances.

6. The Commissioner is authorized to accept the balance, if any, of the purchase price.

7. The closing date for the sale of the Property shall occur within 40 days after the filing of this Order, unless the Commissioner

---

[1] At the hearing, the Commissioner clarified that APT-320, not IFC, had the winning bid.

determines that additional time is required.[2]

8. Pursuant to the Foreclosure Decree and Hawaiʻi Revised Statutes ("HRS") § 634-51, Atooi Aloha, Plaintiff Craig B. Stanley ("Stanley"), as Trustee for the Edmon Keller and Cleavette Mae Stanley Family Trust ("the Trust"), Plaintiff Stanley, Plaintiff Millicent Andrade, Defendant Abner Gaurino, Defendant Aurora Gaurino, Abigail, Third-Party Defendant AOAO, Third-Party Cross Defendant Abigail, Third-Party Cross Defendant Stanley, as Trustee for the Trust, and Third-Party Cross Defendant Stanley, and all persons claiming by, through, or under those parties, shall be and are hereby forever barred from any and all right, title, and interest claims at law or in equity in the Property.

9. The Commissioner reasonably and necessarily incurred $989.53 in expenses and $4,425.00 in fees, which shall be the first and second priority funds, respectively, payable out of the sale and rental proceeds of the Property.

---

[2] This closing period is not intended to (nor should it) curtail Defendant Association of Apartment Owners of Diamond Head Sands' ("AOAO") rights under Hawaiʻi's Condominium Property Act.

10. APT-320 requests $353.00 in expenses. The Court finds that these expenses were reasonably incurred. Said expenses, along with allowable costs and attorneys' fees,[3] shall be the third priority funds payable out of the sale and rental proceeds of the Property.

11. In its Motion for Attorney's Fees and Costs, APT-320 submits that it is owed the following, exclusive of attorneys' fees, costs, expenses, charges, or other amounts:

> $220,000.00 in principal
> $ 73,031.90 in interest to August 31, 2017
> $ 40,150.00 in interest to August 31, 2018, plus $110.00 per diem thereafter
> $   4,713.23 in property tax
> **$337,895.13 Total**

APT-320 is therefore currently owed **$337,895.13** in accordance with the SJ/Foreclosure Order and Foreclosure Decree.[4] This amount shall be the fourth priority funds payable from the sale and rental proceeds of the Property.

---

[3] The Motion for Attorney's Fees and Costs is pending before Magistrate Judge Richard Puglisi.

[4] This amount may be subject to adjustment based on additional expenses, fees, costs, and interest incurred through the conveyance of the Property.

12. Pursuant to HRS §§ 514B-146 and 667-3 and the Stipulations between AOAO and Plaintiffs and Abigail, Doc. Nos. 334, 335, AOAO is entitled to remaining proceeds, to the extent such proceeds are available, as next lien holder.

13. If the proceeds are insufficient to pay APT-320's claims, expenses, charges, costs, and attorneys' fees, or amounts due and owing to AOAO, deficiency judgments shall enter in favor of APT-320 and AOAO against Abigail, upon the filing of appropriate declarations by APT-320 and AOAO.

14. A Judgment for Possession and a Writ of Possession shall issue, giving the Purchaser Possession of the Property. APT-320 is to submit a proposed Judgment for Possession and Writ of Possession by October 29, 2018 to otake_orders@hid.uscourts.gov.

15. Any personal property found in or on the Property is deemed abandoned and may be disposed of as the Purchaser sees fit.

16. After the Commissioner has made the conveyance and distributions as set forth in this Order, and filed his distribution statement, he is discharged from further responsibilities and duties as Commissioner.

17. This Order shall be entered as a final judgment pursuant to FRCP 54(b) as there is no just reason for delay.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 19, 2018.



Jill A. Otake
United States District Judge

CIVIL NO. 16-00347; *ATOOI ALOHA, LLC, ET AL. V. GAURINO, ET AL.*; ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF APT-320 LLC'S MOTION FOR CONFIRMATION OF SALE, DISTRIBUTION OF PROCEEDS, AND DEFICIENCY JUDGMENT; EXHIBIT A

9

# EXHIBIT A

EXHIBIT "A"

FIRST:

Apartment No. 320 (hereinafter called the "Apartment") comprising a portion of "DIAMOND HEAD SANDS", a condominium project (hereinafter called the "Project") as described in and established by Declaration of Horizontal Property Regime dated November 12, 1974, recorded in the Bureau of Conveyances of the State of Hawaii, in Liber 10334, Page 417, as the same may have been amended from time to time (hereafter called the "Declaration") as shown on the plans of the project recorded in said Bureau as Condominium Filed Plan No. 392, as the same may have been amended from time to time (hereinafter called the "Condominium Map").

TOGETHER WITH an exclusive easement to use the parking stall having the same number as the Apartment as set forth in the Declaration, as amended, and as shown on the Condominium Map.

TOGETHER WITH non-exclusive easements for ingress and egress and support of the Apartment through the common elements and for repair of the Apartment through all other apartments in the Project and through the common elements.

SECOND:

An undivided 1.037% interest in all common elements of the project including the land upon which said project is located as established for said Apartment by the Declaration, as amended, or such other percentage interest as hereinafter established for said apartment by any amendments of the Declaration, as tenant in common with the other owners and tenants thereof.

Being all of the property conveyed by the following:

Apartment Deed

| | |
|---|---|
| Grantor: | Atooi Aloha LLC, a Hawaii limited liability company |
| Grantee: | Abigail Lee Gaurino, a single woman, as sole and separate property, as Tenant in Severalty |
| Dated: | February 13, 2014 |
| Recorded: | February 20, 2014 in the Bureau of Conveyances of the State of Hawaii, as Document No. A-51640502 |

The land(s) upon which said Condominium Project is located is described as follows:

EXHIBIT A

All of that certain parcel of land (being a portion of the land described in and covered by Land Commission Award 8559-B, Apana 32 to W.C. Lunalilo) situate, lying and being on the west side of Kanaina Avenue, at Kapahulu, Honolulu, City and County of Honolulu, State of Hawaii, being PARCEL B, and thus bounded and described as per survey prepared by Masaru Tsugawa, Registered Professional Land Surveyor, dated September 24, 1971, to-wit:

Beginning at a pipe on the northeast corner of this parcel of land, being also on the westerly boundary of Kanaina Avenue, the coordinates of which referred to Government Survey Triangulation Station "LEAHI" being 3,251.92 feet north and 522.54 feet west and running by azimuths measured clockwise from true South:

1. 10° 16' 30" 409.69 feet along the westerly side of Kanaina Avenue to an iron pin (found);

2. 90° 36'  110.00 feet along the remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo to a pipe;

3. 10° 16' 30" 105.00 feet along the remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo to an iron pin (found);

4. 90° 36'  95.52 feet along Leahi Avenue Subsivision (File Plan No. 613) to an arrow "--->";

5. 190° 16' 30" 515.24 feet along Government Land - Waikiki Elementary School, to a pipe;

6. 270° 45'  205.43 feet along remainder of Land Commission Award 8559-B, Apana 32 to Wm. C. Lunalilo, to the point of beginning and containing an area of 2.134 acres, more or less.

TOGETHER WITH an easement for ingress and egress purposes over and across Parcel A-1, described in Correction Deed dated May 11, 1972, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 8299 at Page 460, which said easement is described as follows:

Beginning at a pipe on the northwest corner of this parcel of land, on the southerly side of Monsarrat Avenue, being also the northeasterly corner of Waikiki Elementary School site, the coordinates of which referred to Government Survey Triangulation Station "LEAHI" being 3,362.06 feet north and 708.47 feet west and running by azimuths measured clockwise from true south:

1. 270° 45'  20.63   feet on southerly side of Monsarrat Avenue;

Thence along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32, to Wm. C. Lunalilo, on a curve to the left with a radius of 10.00 feet the chord azimuth and distance being:

2. 50° 30' 45"   12.92   feet;

3. 10° 16' 20"   109.75  feet along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32 to Wm. C. Lunalilo;

4. 90° 45'       12.17   feet along remainder of R.P. 8124 and 8165, L.C. Aw. 8559-B, Apana 32 to Wm. C. Lunalilo;

5. 190° 16' 30"  109.21  feet along government land (Waikiki Elementary School), to the point of beginning and containing an area of 1,367 square feet, more or less.

Excepting and reserving, therefrom, that certain parcel of land conveyed to the City and County of Honolulu, by Rebma Hawaii Three, Inc., a Missouri corporation, by deed recorded August 4, 1977 as Liber 12361 Page 43 of Official Records, more particularly described as follows:

Lot 2, ten (10.00) ft. wide road setback, being a portion of Lots 20 and 21 of the Kapahulu Lots adjacent to Kapiolani Park, being also a portion of Land Patents 8124 and 8165, land Commission Award 8559-B, Apana 32 to William C. Lunalilo situate at Kapahulu, Honolulu, Oahu, Hawaii.

Beginning at the northeast corner of this parcel of land, on the present west side of Kanaina Avenue, the coordinates of said point of beginning referred to government survey triangulation station "Leahi" being 3,251.92 feet north and 522.54 feet west, and running by azimuths measured clockwise from true south:

1. 10° 16' 30"   409.69  feet along the present west side of Kanaina Avenue;

2. 90° 36'       10.14   feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-B, Apana 32 to William C. Lunalilo;

| | | | | |
|---|---|---|---|---|
| 3. | 190° | 16' | 30" | 409.71 | feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-6, Apana 32 to William C. Lunalilo; |
| 4. | 270° | 45' | | 10.14 | feet along remainder of Land Patents 8124 and 8165, L. C. aw. 8559-B, Apana 32 to William C. Lunalilo, to the point of beginning and containing an area of 4,096 square feet, more or less. |

SUBJECT, HOWEVER, to the following:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. Easement(s) for the purpose(s) shown below and rights incidental thereto as condemned by Final Decree of Condemnation.

   Circuit Court of the: First Circuit Court
   Civil No.: 5
   In favor of: City and County of Honolulu
   Purpose: sewer easements
   Recorded: in the Bureau of Conveyances of the State of Hawaii, Liber 3101, Page 27
   Affects: land herein described

3. Condominium Map No. 392, recorded in the Bureau of Conveyances of the State of Hawaii.

4. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the following:

Declaration of Horizontal Property Regime of DIAMOND HEAD SANDS

Dated: November 12, 1974
Recorded: in the Bureau of Conveyances of the State of Hawaii, Liber 10334, Page 417

The foregoing Declaration and/or By-Laws were amended by the following:

Recorded: in the Bureau of Conveyances of the State of Hawaii, Liber 10463, Page 107

| | |
|---|---|
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11010, Page 540 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11493, Page 263 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 15085, Page 101 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 15085, Page 105 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 19958, Page 402 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Book 23568, Page 418 |

Note: Any recorded amendments to the Declaration of Horizontal Property Regime amending the assignment of parking stalls to and from apartments other than the specific apartment described herein, have been purposely omitted herefrom.

5. Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document;

| | |
|---|---|
| In favor of: | Hawaiian Electric Company, Inc. |
| Purpose: | granting an easement for electrical purposes |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, Liber 11072, Page 261 |
| Affects: | land herein described |

6. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the following:

Apartment Deed

| | |
|---|---|
| Dated: | July 13, 1976 |
| Recorded: | in the Bureau of Conveyances of the State of Hawaii, in Liber 11631 at Page 147 |

7. Terms, provisions and conditions as contained in the Original Apartment Deed and the effect of any failure to comply with such terms, provisions and conditions.

8. Any and all easements encumbering the apartment herein mentioned, and/or the common interest appurtenant thereto, as created by or mentioned in said Declaration, as said Declaration may be amended from time to time in accordance with the laws and/or in the Original Apartment Deed and/or as delineated on said Condominium Map.

TOGETHER, ALSO, WITH all built-in furniture, attached existing fixtures, built-in appliances, water heater, electrical and/or gas and plumbing fixtures, attached carpeting, existing drapes, range, refrigerator, disposal, dishwasher, washer, dryer and television cable situate on or used in connection with the above demised property.

**END OF EXHIBIT "A"**