IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ATOOI ALOHA, LLC, ET AL., | ) | CIVIL NO. 16-00347 JAO-RLP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT/THIRD-PARTY |
| vs. | ) | PLAINTIFF APT-320 LLC'S MOTION |
| | ) | FOR ATTORNEY'S FEES AND COSTS |
| ABNER GAURINO, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT/THIRD-PARTY
PLAINTIFF APT-320 LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS[1]

Before the Court is Defendant/Third-Party Plaintiff
APT-320 LLC's Motion for Attorney's Fees and Costs, filed on
October 10, 2018 ("Motion"). See ECF No. 340. In the Motion,
APT-320 LLC requests an award of attorney's fees and costs
against Defendant Abigail Gaurino. Id. Defendant Cristeta C.
Owan filed a Statement of No Opposition on October 12, 2018. ECF
No. 342. Plaintiffs filed a Statement indicating that they did
not oppose the requested fees and costs as against Defendant
Abigail Gaurino only, and not against Plaintiffs, on October 15,
2018. ECF No. 345. Defendants Abner Gaurino, Abigail Gaurino,
and Aurora Gaurino filed a Statement of No Opposition to the
Motion on October 16, 2018. ECF No. 348. Third-Party Defendant

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

Association of Apartment Owners of Diamond Head Sands' filed a Statement of No Position to the Motion on November 19, 2018. ECF No. 356. No other parties filed a response to the Motion and the time for filing such a response has expired. This matter is suitable for disposition without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the Motion and the relevant authority, the Court FINDS AND RECOMMENDS that APT-320 LLC's Motion be GRANTED.

<u>BACKGROUND</u>

For purposes of this Motion, the Court only recites those background facts related to APT-320 LLC's claims against Defendant Abigail Gaurino. On February 13, 2014, Plaintiff Atooi Aloha, LLC entered into an agreement to purchase shares in exchange for the conveyance of certain real property located at 3721 Kanaina Street, Honolulu, Hawaii TMK (1)-3-1-025-008 CPR0088 ("the Property") to Defendant Abigail Gaurino. Following the conveyance of the Property, Defendant Abigail Gaurino obtained a $200,000 Note and Mortgage on the Property from Investors Funding Corporation, which were then assigned to APT-320 LLC.

In this action, summary judgment was granted in favor of APT-320 LLC on its claim of foreclosure. <u>See</u> ECF No. 238, 262. The Property was then sold, the sale was confirmed by the district court, and a judgment for possession was entered. <u>See</u> ECF Nos. 350, 351.

In the present Motion, APT-320 LLC requests attorney's
fees and costs against Defendant Abigail Gaurino related to its
foreclosure claim in this action and also for attorney's fees and
costs that it incurred in pursuing a foreclosure action in Hawaii
state court.  See ECF No. 340-1.

ANALYSIS

In diversity cases, the Court must apply state law in
determining whether the prevailing party is entitled to
attorneys' fees.  Kona Enters., Inc. v. Estate of Bishop, 229
F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily,
attorneys' fees cannot be awarded as damages or costs unless so
provided by statute, stipulation, or agreement."  Stanford Carr
Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006)
(citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).

Here, APT-320 LLC seeks an award of fees under Hawaii
Revised Statutes Section 607-14.  Section 607-14 provides that
attorneys' fees shall be awarded "in all actions in the nature of
assumpsit and in all actions on a promissory note or other
contract in writing that provides for an attorney's fee."  Haw.
Rev. Stat. § 607-14.  Section 607-14 also provides that such fees
shall "not exceed twenty-five per cent of the judgment."  Haw.
Rev. Stat. § 607-14.  To award attorneys' fees under Section 607-
14, the court must determine whether:  (A) the action is in the
nature of assumpsit; (B) APT-320 LLC is the prevailing party;

3

(C) the fees requested are reasonable; and (D) the fees do not exceed twenty-five percent of the judgment.

**A.  Action in the Nature of Assumpsit or Action on a Promissory Note or Other Contract in Writing That Provides for an Attorney's Fee**

APT-320 LLC states, without any discussion, that its crossclaim against Defendant Abigail Gaurino for foreclosure is in the nature of assumpsit.  ECF No. 340-1 at 6.  Based on the Court's review of the applicable Hawaii case law, actions for foreclosure have routinely been held to be statutory, rather than contractual, in nature, and therefore, not in the nature of assumpsit.  See, e.g., James B. Nutter & Co. v. Domingo, 388 P.3d 47 (Haw. Ct. App. 2016) ("Because the basis for [plaintiff's] requested relief of the right to foreclose was statutory rather than contractual, the portion of [plaintiff's] action dealing with its right to foreclose on the property does not fall within HRS § 607-14."); see also Order Re: Motions for Summary Judgment and Motion for Interlocutory Decree of Foreclosure, ECF No. 238 (citing Hawaii Revised Statutes § 667-1.5, the statutory provision providing for foreclosure by judicial action, in granting APT-320 LLC's motion for summary judgment).

However, in this action, APT-320 LLC's crossclaim for foreclosure did not solely rely on its statutory right to foreclose, but also alleged that Defendant Abigail Gaurino

defaulted on the Note and Mortgage.  <u>See</u> ECF No. 40-1.  Both the
Note and Mortgage contain provisions providing for an award of
attorney's fees to the prevailing party.  ECF No. 340-3 at 2
(providing that the borrower defaults on the Note, "the Note
holder will have the right to be paid back for all its reasonable
costs and expenses.  Those expenses include, for example,
reasonable attorney's fees and collection agency fees."); ECF No.
340-4 at 4 (providing that the mortgager "will pay all expenses,
including reasonable attorneys' fees, incurred by the Mortgagee,
whether in litigation or otherwise, to sustain the lien or
priority of this Mortgage, or to protect or enforce any of the
Mortgagee's rights hereunder").  Accordingly, the Court finds
that APT-320 LLC's claim for foreclosure against Defendant
Abigail Gaurino was an action on a contract in writing that
provides for an attorney's fee and APT-320 LLC is eligible for an
award of attorney's fees under that provision of Section 607-14.

### B.   Prevailing Party Status

As noted above, summary judgment was granted in favor
of APT-320 LLC on its claim of foreclosure against Defendant
Abigail Gaurino and partial final judgment was entered in favor
of APT-320 LLC pursuant to Federal Rule of Civil Procedure 54(b).
<u>See</u> ECF Nos. 238, 270.  Accordingly, the Court concludes that
APT-320 LLC is the "prevailing party" on its claim against
Defendant Abigail Gaurino for purposes of Section 607-14.

### C.   Reasonable Attorneys' Fees and Costs

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).

Here, APT-320 LLC requests the following fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| William J. Plum, Esq. | 268.1 | $300 | $80,430.00 |
| *General Excise Tax of 4.166%* | | | $3,789.86 |
| | | **TOTAL** | **$84,219.86** |

See ECF Nos. 340-5.

### 1.   Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a

reasonable hourly rate.  See, e.g., Cnty. of Haw. v. C & J Coupe
Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009).  The Court
finds that federal case law regarding the determination of a
reasonable hourly rate is instructive in this case.  In assessing
whether an hourly rate is reasonable, a court "should be guided
by the rate prevailing in the community for similar work
performed by attorneys of comparable skill, experience, and
reputation."  Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir.
2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11
(9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392,
1405 (9th Cir. 1992) (noting that the rate awarded should reflect
"the rates of attorneys practicing in the forum district").  In
addition to their own statements, the fee applicant is required
to submit additional evidence that the rate charged is
reasonable.  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th
Cir. 1987).

        Based on the information provided by counsel, the
Court's knowledge of the prevailing rates in the community, and
the Court's familiarity with this case, the Court finds that the
$300 hourly rate requested by APT-320 LLC's counsel, who has 30
years of experience, is reasonable.  See ECF No. 340-2.

        **2.  Hours Reasonably Expended**

        For the same reasons as those discussed above, the
Court finds that federal case law regarding the determination of

7

reasonable hours spent is instructive in this case.  APT-320 LLC bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).  The court must guard against awarding fees and costs that are excessive and must determine which fees and costs were self-imposed and avoidable.  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 637 (D. Haw. 1993) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).  Here, the Court has reviewed in detail the time entries submitted by APT-320 LLC and finds that the hours requested are reasonable.

### 3.   Total Lodestar Calculation

Based on the foregoing, the Court finds that Plaintiff incurred reasonable attorneys' fees in the amount of $80,430.00, plus $3,789.86 in taxes.

### B.   Twenty-Five Percent Limitation

Hawaii Revised Statutes Section 607-14 provides that an award of attorneys' fees under the statute shall not exceed twenty-five percent of the judgment.  Haw. Rev. Stat. § 607-14. Here, APT-320 LLC obtained judgment against Defendant Abigail

Gaurino in the amount of $337,895.13 in accordance with the prior court orders on summary judgment and foreclosure.  Under Section 607-14 the maximum amount of attorneys' fees which Plaintiff may recover is twenty-five percent of $337,895.13 or $84,473.78.  Here, the amount of fees and taxes reasonably incurred are below the statutory twenty-five percent limitation; therefore the Court RECOMMENDS that APT-320 LLC be awarded fees and taxes in the amount of $84,219.86.

### C. Costs

APT-320 LLC also seeks an award of costs under Federal Rule of Civil Procedure 54(d)(1).  ECF No. 340-1 at 8-9.  The Court has reviewed the costs requested for filing fees, process server fees, certification fees, and postage, and finds them to be reasonable.  The Court RECOMMENDS that the district court award APT-320 LLC $701.47 in costs.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant/Third-Party Plaintiff APT-320 LLC's Motion for Attorney's Fees and Costs be GRANTED.  The Court RECOMMENDS that Defendant/Third-Party Plaintiff APT-320 LLC be awarded $84,219.86 in attorneys' fees and taxes and $701.47 in costs against Defendant Abigail Gaurino.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 21, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge


<u>ATOOI ALOHA, LLC, ET AL. v. ABNER GAURINO, ET AL.</u>; CIVIL NO. 16-00347
JAO-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT/THIRD-PARTY
PLAINTIFF APT-320 LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS