IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILLICENT ANDRADE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ABNER GAURINO, et al., <br><br> Defendants. | CIV. NO. 16-00347 JAO-WRP <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DIMISS THE FIRST AMENDED COMPLAINT** |

**ORDER GRANTING PLAINTIFF'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiff Millicent Andrade moves to dismiss her claims asserted in the First Amended Complaint. For the reasons stated below, the Court GRANTS the Motion subject to certain conditions.

### I. BACKGROUND

**A.    Facts**

As the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the dismissal.

Plaintiffs Millicent Andrade, her boyfriend Craig Stanley, The Edmon Keller and Cleavette Mae Stanley Family Trust (the "Trust"), and their limited liability company Atooi Aloha, LLC, filed the Complaint on June 26, 2016. ECF No.

1.[1] Plaintiffs have had eleven attorneys of record since then, all of whom have withdrawn. *See, e.g.*, ECF No. 76 (withdrawal of Michael Jay Green and substitution of Cades Schutte); ECF No. 88 (order granting pro hac vice applications of Lawrence Ecoff, Alberto Campain, and Ginni Kim); ECF No. 276 (entering order granting Lawrence Ecoff, et al.'s motion to withdraw); ECF No. 382 (order granting Cade Schutte's motion to withdraw); ECF No. 383 (notice of appearance by David Robert Squeri, III); ECF No. 393 (motion to withdraw by David Robert Squeri, III); ECF No. 476 (hearing on William Shipley's oral motion to withdraw).

The revolving door of Plaintiffs' attorneys has substantially delayed this litigation. In March 2018, Mr. Ecoff moved to withdraw after receiving an email from Plaintiff Andrade terminating him as counsel for Plaintiffs, "effective immediately." ECF No. 264 at 4. Another attorney, Dennis Chong Kee, filed his motion to withdraw in December 2018, a month before the case was set to go to trial. ECF No. 374. The Court vacated the January trial date and held a status conference to discuss Plaintiffs' delay tactics. The Court set a firm trial date of July 8, 2019 and informed Plaintiffs that it would not tolerate any more games.

Despite the Court's warnings, Plaintiffs were unable to get along with their

---

[1] Only Plaintiff Andrade's claims and the Gaurino Defendants' counterclaims remain.

next attorney. Mr. Squeri filed a motion to withdraw after only twelve days on the case due to "irreconcilable and unresolvable disputes" and "a breakdown of trust." ECF No. 393 at 3. The Court found good cause for withdrawal and granted Mr. Squeri's motion. ECF No. 396. However, at this point Plaintiffs' repeated attorney hiring and firing had taken substantial time from the Court and caused trial delays. In its February 1, 2019 Order, the Court cautioned Plaintiffs:

> Although withdrawal is being permitted, Plaintiffs are cautioned that further delays will not be tolerated. Plaintiffs have had multiple opportunities to retain new counsel and prepare for trial. The recurring problems between Plaintiffs and their attorneys have prejudiced Defendants, impaired the Court's ability to control its docket, and interfered with the administration of justice. Notably, the issues between Plaintiffs and their attorneys have not been limited to one attorney or one firm, causing the Court to surmise that Plaintiffs are engaging in delay tactics and gamesmanship. The Court will not grant any further continuances or allow further delay tactics. Plaintiffs have until February 14, 2019 to retain new local counsel who is ready, willing, and able to try this case, or serve as local counsel to Mr. Feher (assuming Mr. Feher otherwise qualifies for pro hac vice admission), on July 8, 2019. At the January 31, 2019 hearing, Mr. Feher represented that he will be prepared to try this case on July 8, 2019.
>
> If Plaintiffs have not retained new counsel by February 14, 2019, Plaintiffs Craig B. Stanley, individually, and Millicent Andrade, individually, *will be deemed to have opted to proceed pro se*. Claims brought by Plaintiffs Atooi Aloha, LLC and the Edmon Keller and Cleavette Mae Stanley Family Trust will be at risk of dismissal, pursuant to Local Rule 83.6.
>
> . . .
>
> Plaintiffs are reminded that serious consequences will result if

> they fail to appear at the February 15, 2019 status conference with local counsel who is ready to proceed to trial on July 8, 2019.

*Id.* at 4–6 (emphasis added).

On February 14, 2019, William Shipley filed a Notice of Appearance. ECF No. 397. Plaintiffs Andrade and Stanley appeared with Mr. Shipley for the February 15, 2019 status conference and the Court again warned Plaintiffs that trial was set for July 8, 2019 and would not be continued. Mr. Shipley represented he would indeed be ready for trial on that date.

The final pretrial conference took place on June 12, 2019 and the hearing on various motions in limine was held on July 3, 2019, at which Mr. Shipley appeared familiar with the case and prepared for trial. There was no indication that Plaintiffs were having difficulties with their attorney, and the Court expected the case to finally proceed to trial as scheduled.

On July 8, 2019, when jury trial was set to begin, the Court held a status conference with Plaintiffs and Defendants present. Potential jurors awaited jury selection in the courthouse. Mr. Shipley informed the Court that his clients wanted to tell the Court what had happened that morning. Plaintiff Andrade elected to speak and told the Court she believed Mr. Shipley was colluding with defense

counsel.[2]  Plaintiff Stanley stood up and remarked on, among other things, his past eye surgeries and Hurricane Iwa.  Mr. Shipley then advised the Court of his intent to file a motion to withdraw, and, after the Court gave Plaintiffs an opportunity to reconcile with Mr. Shipley, Mr. Shipley orally moved to withdraw as counsel.  The Court sealed a portion of the proceeding to discuss the withdrawal with Mr. Shipley and Plaintiffs.

During the sealed portion of the hearing,[3] while Mr. Shipley spoke to the Court, Plaintiff Stanley stood up and began yelling.  Plaintiff Stanley told those in the courtroom "shut up," "it's all bullshit," "you guys are crazy," "fuck you guys," "you guys are all shit," and "you're all fucked."  Tr. of R. at 11–13, July 8, 2019, ECF No. 477.  He attempted to exit the courtroom while yelling, "Hey Bill [Shipley], you'd better shut your fucking mouth."  *Id.* at 12.  Although the courtroom was locked because the hearing was sealed, court staff allowed Plaintiff Stanley out of the courtroom for everyone's safety.  Plaintiff Stanley walked out of the courtroom and absented himself from the proceedings.  Mr. Shipley informed the Court that there were two other instances that morning when Plaintiff Stanley

---

[2] Defendants' attorneys were visibly shocked when they heard this, and the Court has no reason to believe Mr. Shipley was colluding with the defense.

[3] The Court sealed this portion of the hearing because it anticipated the participants would disclose communications protected by the attorney-client privilege.  The Court does not disclose any of those communications here.

5

had walked toward the exit in an angry rage.[4]

The hearing was then unsealed and Defendants and defense counsel returned to the courtroom. Defense counsel informed the Court that after Plaintiff Stanley exited the courtroom, he threatened them. He approached Defendants and defense counsel with his hands raised, yelled obscenities with his middle fingers up, called them liars and crooks, and said his father and brother were war veterans. They said they were frightened and had to ask the U.S. Marshals Service to intervene.

The Court noted Plaintiffs' lack of objection to Mr. Shipley's motion to withdraw, granted the motion, and instructed Plaintiff Andrade that, as warned, she would proceed pro se. The Court then dismissed with prejudice Plaintiff Atooi Aloha, LLC's claims, pursuant to Local Rule 83.11.[5] For reasons addressed in ECF No. 478, the Court later dismissed with prejudice the claims of Plaintiffs Stanley and the Trust.

---

[4] Although Mr. Shipley made this representation during the sealed portion of the hearing, the Court finds that this representation does not fall within the scope of attorney-client privilege because it was not a "confidential communication made for the purpose of facilitating the rendition of professional legal services." *See* Haw. Rev. Stat. § 626-1.

[5] Local Rule of Practice for the District of Hawaii 83.11 states:
> Business entities, including but not limited to corporations, partnerships, limited liability partnerships, limited liability corporations, and community associations, cannot appear before this court *pro se* and must be represented by an attorney.

Local Rule 83.11. The Court also advised Plaintiffs in its February 1, 2019 Order that Atooi Aloha, LLC could not proceed without an attorney.

Plaintiff Andrade then insisted she could not proceed.[6] She moved to dismiss the First Amended Complaint without prejudice. For the below reasons, the Court GRANTS the Motion with prejudice, subject to certain conditions.

## II.     LEGAL ANALYSIS

### A.     Rule 41(a)(2) Legal Standard

FRCP 41(a)(2) provides:

> Except as provided in Rule 41(a)(1),[7] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Decisions regarding motions for voluntary dismissal are left "to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*

---

[6] Plaintiff did not ask for a continuance. Even if she had, the Court would have denied it pursuant to the February 1, 2019 Order.

[7] A plaintiff may dismiss action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

*v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976. Plain legal prejudice does not result due to uncertainty from unresolved disputes or a threat of future litigation. *Id.* In addition, plain legal prejudice does not exist "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Finally, incurring expenses defending against a lawsuit does not constitute legal prejudice. *Westlands*, 100 F.3d at 97. This is because a defendant's "interests can be protected by conditioning the dismissal upon the payment of appropriate costs and attorney fees." *Id.*

Courts make three determinations in exercising their discretion to allow dismissal: "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom.*, *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

**B.    Discussion**

Plaintiff and Defendants agree voluntary dismissal is appropriate. Plaintiff argues the dismissal should be without prejudice. Defendants request that the Court order dismissal with prejudice because for five years, Plaintiffs have

8

repeatedly prevented the progression and resolution of this case. Defendants also argue that voluntary dismissal should be conditioned on Plaintiff's reimbursement of their fees and costs.

### i. The First Amended Complaint is Dismissed with Prejudice

The Court, in its sound discretion, finds that dismissal with prejudice is appropriate pursuant to FRCP 41(a)(2). Defendants support dismissal and they will not suffer plain legal prejudice from a dismissal. Even though Defendants have incurred expenses defending against the claim, this can be remedied through the imposition of conditions and does not amount to legal prejudice.

In an attempt to have her cake and eat it too, Plaintiff argues that the Motion should be granted without prejudice. When firing her attorneys, Plaintiff stated that her attorneys did not handle the case the way she wanted, but when told she would proceed pro se, she insisted she could not. She did not object to Mr. Shipley's motion to withdraw, despite multiple warnings that she would proceed pro se if she could not maintain an attorney-client relationship long enough to proceed to trial.

The Court has afforded Plaintiff multiple opportunities to find an attorney, granting continuances and holding hearings to allow Plaintiff to explain her failures. Throughout all of this, the Court warned Plaintiff that she risked dismissal. This is the second case against these Defendants on these facts in which

9

Plaintiff has sought dismissal. In addition, Plaintiff moved for dismissal (this time) three years after commencement of the case, and after multiple false lead-ups to trial caused by Plaintiff's disputes with her attorneys.

Accordingly, the Motion is GRANTED and the First Amended Complaint is DISMISSED WITH PREJUDICE.

### ii. Dismissal is Subject to a Condition

The Court is authorized to condition dismissal upon the payment of appropriate attorneys' fees and costs. *Westlands*, 100 F.3d at 97. Plaintiff did not raise any arguments against Defendants' request for attorneys' fees and costs.

Plaintiff's behavior provides ample support for subjecting dismissal to a condition entitling Defendants to their reasonable attorneys' fees and costs. Defendants prepared the defense of this case for over five years. They conducted extensive discovery and endured Plaintiff's pattern of delay tactics and gamesmanship. Defendants Abner and Aurora Gaurino traveled from the Philippines for trial and Defendant Abigail Gaurino traveled from California. Defendants' attorney Steve Pingree traveled from the Philippines to interrupt his retirement for trial. Given the record before it, the Court imposes a condition of attorneys' fees and costs.

### III. CONCLUSION

For the reasons stated, the Court GRANTS WITH PREJUDICE Plaintiff's

Motion to Dismiss the First Amended Complaint, subject to the above condition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2019.



/s/ Jill A. Otake
Jill A. Otake
United States District Judge

CIVIL NO. 16-00347 JAO-WRP; *ANDRADE v. GAURINO*; ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT