IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILLICENT ANDRADE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ABNER GAURINO, et al.,<br><br>Defendants. | CIV. NO. 16-00347 JAO-WRP<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM** |

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COUNTERCLAIM**

Defendants Abner Gaurino, Aurora Guarino, and Abigail Gaurino move to dismiss with prejudice their counterclaim filed on June 15, 2017. For the reasons stated below, the Court GRANTS the Motion.

**I. BACKGROUND**

As the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the dismissal.

Plaintiffs Millicent Andrade, Craig Stanley, The Edmon Keller and Cleavette Mae Stanley Family Trust (the "Trust"), and their limited liability company Atooi Aloha, LLC, filed the Complaint on June 26, 2016. ECF No. 1. On June 15, 2017, the Gaurino Defendants filed a counterclaim based on state law, ECF No. 52, and Plaintiffs answered on July 10, 2017, ECF No. 75. For various

reasons stated on the record, Plaintiffs did not proceed to trial on July 8, 2019. The Court dismissed the claims of Plaintiffs Stanley and the Trust with prejudice for failure to prosecute and failure to comply with court orders and rules, pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b). ECF No. 478 at 12. Then Plaintiff Andrade moved for voluntary dismissal of the First Amended Complaint, which was granted with prejudice. ECF No. 480 at 10–11.

Defendants move to dismiss the counterclaim with prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). The Court may decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the below reasons, the Court GRANTS the Motion.

## II. LEGAL ANALYSIS

### A. Rule 41(a)(2) Legal Standard

FRCP 41(a)(2) provides:

> Except as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's[2] request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the

---

[1] A plaintiff may dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

[2] The Rule's reference to "plaintiff" also refers to a counter-plaintiff. Fed. R. Civ. P. 41(c).

2

> defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Decisions regarding motions for voluntary dismissal are left "to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976. Plain legal prejudice does not result due to uncertainty from unresolved disputes or a threat of future litigation. *Id.* In addition, plain legal prejudice does not exist "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Finally, incurring expenses defending against a lawsuit does not constitute legal prejudice. *Westlands*, 100 F.3d at 97.

Courts make three determinations in exercising their discretion to allow dismissal: "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal.

1993), *aff'd sub nom.*, *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

**B.     Discussion**

Defendants request that the dismissal be with prejudice, so that the parties may not worry about further litigation on the claims.  The Court, in its sound discretion, finds that dismissal with prejudice is appropriate pursuant to FRCP 41(a)(2).  Plaintiffs' will not suffer plain legal prejudice from a dismissal.  Even if Plaintiffs have incurred expenses defending against the claim, this does not amount to legal prejudice.

Accordingly, the Motion is GRANTED and Defendants' counterclaim is DISMISSED WITH PREJUDICE.

### III.     CONCLUSION

For the reasons stated, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss the counterclaim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 16, 2019.



  /s/   Jill A. Otake_____
Jill A. Otake
United States District Judge

CIVIL NO. 16-00347 JAO-WRP; *ANDRADE v. GAURINO*; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM