IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILLICENT ANDRADE, ET AL., | CIVIL NO. 16-00347 JAO-WRP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT |
| vs. | IN PART AND DENY IN PART THE GAURINO DEFENDANTS' |
| ABNER GAURINO, ET AL., | MOTION FOR ATTORNEY FEES |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART THE GAURINO DEFENDANTS' MOTION FOR ATTORNEY FEES

Before the Court is Defendants Abner, Aurora, and Abigail Gaurino's (the Gaurino Defendants) Motion for Attorney Fees, filed on July 22, 2019 (Motion). See ECF No. 488. The Gaurino Defendants requests an award of attorneys' fees against Plaintiffs. See id. The Guarino Defendants filed a Statement of Consultation on August 7, 2019. See ECF No. 507. Plaintiffs did not file an opposition or other response to the Motion.

After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Gaurino Defendants' Motion be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

BACKGROUND

Because the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the present Motion.

Plaintiffs in this case are Atooi Aloha, LLC, Craig Stanley, the Edmon Keller and Cleavette Mae Stanley Family Trust (the Trust), and Millicent Andrade. See ECF No. 478 at 2. Plaintiffs filed the initial Complaint on June 26, 2016, and the First Amended Complaint on May 8, 2017. See ECF Nos. 1, 30. Plaintiffs asserted claims for violations of federal securities law, common law fraud, fraudulent transfer, real estate fraud, constructive trust, and quiet title against the Gaurino Defendants and Defendant Owan related to a multi-level marketing endeavor. Id.[2]

On July 8, 2019, the day that the jury trial was set to begin, the Court held a status conference with Plaintiffs and Defendants present. See ECF No. 476. Plaintiffs' counsel moved to withdraw, and the Court moved to closed proceedings to address the request. See id. During those proceedings, Plaintiff Stanley left the courtroom following an outburst and absented himself from the proceedings. See id. The Court noted Plaintiffs' lack of objection to counsel's motion to withdraw,

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

[2] Summary Judgment was granted in favor of the other Defendants named in the First Amended Complaint on January 22, 2018. See ECF Nos. 233, 238.

2

granted the motion, and instructed Plaintiff Andrade that she would proceed pro se. See id.  The Court then dismissed with prejudice Plaintiff Atooi Aloha, LLC's claims pursuant to Local Rule 83.11 of the Local Rules of Practice for the United States District Court for the District of Hawaii (Local Rules), which provides that business entities cannot appear without counsel.  See ECF No. 478 at 6.  The Court took two recesses to allow an opportunity for Plaintiff Stanley to return to the courthouse.  Id. at 7-8.  Plaintiff Stanley did not return to court.  See id.  The district court dismissed with prejudice all of Plaintiffs' claims.  See ECF No. 476.

On July 15, 2019, the district court issued its written order dismissing with prejudice the claims of Plaintiff Stanley and the Trust (the Stanley Plaintiffs). See ECF No. 478.  The district court found that "Plaintiff Stanley's refusal to attend trial, failure to comply with Court deadlines and orders, and failure to prosecute prevented the timely progression and resolution of this case." Id. at 9.  The district court also found that Plaintiff Stanley "interfered with Defendants' ability to proceed to trial by repeatedly failing to adhere to the trial schedule, frightening the parties and their lawyers, and refusing to appear." Id. at 10.

On July 16, 2019, the district court issued its written order granting Plaintiff Andrade's motion to dismiss the First Amended Complaint "subject to certain conditions."  See ECF No. 480.  Specifically, the district court held that the dismissal was subject to the condition that Defendants were entitled "to their

3

reasonable attorneys' fees and costs." Id. at 10. The district court noted that Defendants had "prepared the defense of this case for over five years" and "conducted extensive discovery and endured Plaintiff's pattern of delay tactics and gamesmanship." Id. The district court also noted that several Defendants travelled to Hawaii for trial and one of defense counsel had interrupted his retirement for trial. Id.

Judgment was entered by the Clerk on July 19, 2019. See ECF No. 484. The present Motion followed. See ECF No. 488.

## DISCUSSION

In the present Motion, the Gaurino Defendants seek an award of attorneys' fees against both Plaintiff Andrade and the Stanley Plaintiffs in the amount of $140,039.21. See ECF No. 488-1.

### I. Entitlement to Attorneys' Fees

The Court must first address whether the Gaurino Defendants are entitled to an award of attorneys' fees. In their Motion, the Gaurino Defendants make three arguments in support of their request for fees. First, the Gaurino Defendants argue that they are entitled to an award of attorneys' fees based on the district court's order dismissing Plaintiff Andrade's claims. See ECF No. 488-1 at 1-2. Second, the Gaurino Defendants argue that they are entitled to an award of attorneys' fees under the bad faith exception to the American Rule, which

generally requires each party to pay its own attorneys' fees.  See id. at 2-8.  Third, the Gaurino Defendants argue that they are entitled to an award of attorneys' fees pursuant to the Hawaii Revised Statutes Section 607-14.  See id. at 9-10.  The Court addresses these three arguments below.

### A.  The Gaurino Defendants Are Entitled to An Award of Attorneys' Fees and Costs Against Plaintiff Andrade Pursuant to the District Court's Dismissal Order

On July 16, 2019, the district court issued its written order granting Plaintiff Andrade's motion to dismiss the First Amended Complaint "subject to certain conditions."  ECF No. 480 at 1.  Specifically, the district court held that the dismissal was subject "to a condition entitling Defendants to their reasonable attorneys' fees and costs."  Id. at 10.  The district court noted that Defendants had "prepared the defense of this case for over five years" and "conducted extensive discovery and endured Plaintiff's pattern of delay tactics and gamesmanship."  Id.  The district court also noted that several Defendants travelled to Hawaii for trial and one of defense counsel had interrupted his retirement for trial.  See id.  Based on the district court's order, the Gaurino Defendants are entitled to an award of her reasonable attorneys' fees and costs against Plaintiff Andrade.  See id.  Accordingly, the Court RECOMMENDS that the district court GRANT the Gaurino Defendants' request that the Court award attorneys' fees against Plaintiff

Andrade based on the district court's order granting Plaintiff Andrade's motion to dismiss.

## B. The Gaurino Defendants Are Not Entitled to An Award of Attorneys' Fees and Costs Against Plaintiffs Under the Bad Faith Exception to the American Rule

Under the "American Rule," the prevailing party generally cannot recover its attorneys' fees "unless an independent basis exists for the award." Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1225 (9th Cir. 2002) (citation omitted). One exception to the American Rule is an opposing party's bad faith conduct of litigation. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59 (1975); Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980); see also Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (a district court may award attorneys' fees against a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"). A court must specifically make a finding of bad faith or conduct tantamount to bad faith in order to assess attorneys' fees. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Conduct is "tantamount to bad faith" if there is "recklessness . . . combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id.

Here, the district court did not make a finding of bad faith in this case.

6

Although the district court dismissed the Stanley Plaintiffs' claims for failure to comply with court orders and failure to prosecute and granted Plaintiff Andrade's motion to voluntarily dismiss her claims, the district court did not find or otherwise state that Plaintiffs' legal claims were frivolous or that Plaintiffs' actions were vexatious.  See ECF Nos. 476, 478, 480.  Based on the record before the Court, it does not appear that Plaintiffs filed this action in bad faith.  See, e.g., ECF No. 238 (order denying Defendant Owan's motion for summary judgment because "obvious questions of fact exist"); ECF No. 299 (order granting in part and denying in part the Gaurino Defendants' Motion for Summary Judgment).  Accordingly, the Court RECOMMENDS that the district court DENY the Gaurino Defendants' request that the Court award attorneys' fees against Plaintiffs pursuant to the Court's inherent powers and the bad faith exception to the American Rule.

**C.  The Gaurino Defendants Are Not Entitled to An Award of Attorneys' Fees and Costs Against Plaintiffs Under Hawaii Revised Statutes Section 607-14**

A federal court sitting in diversity applies state law in determining whether the prevailing party is entitled to attorney's fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev.

Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation omitted).

Here, the Gaurino Defendants seek an award of fees under Hawaii Revised Statutes Section 607-14. Section 607-14 provides that attorneys' fees shall be awarded "in all actions in the nature of assumpsit." Haw. Rev. Stat. § 607-14. To award attorneys' fees under Section 607-14, the Court must first determine whether the action is in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006) (citation omitted). However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999). The court must examine "the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought" to determine whether an action is in the nature of assumpsit. Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001)

The Gaurino Defendants assert that this action is in the nature of assumpsit because Plaintiffs, in their prayer for relief, sought rescission of the contract for the sale of certain real property and "the essence" of Plaintiffs' claim are that the contract for the sale of the property was breached even though Plaintiffs' claims are "couched in terms of fraud." ECF No. 488-1 at 9.

The Court has reviewed the facts and issues raised in this action and finds that this action is not in the nature of assumpsit. Plaintiffs' claims against the Gaurino Defendants for various violations of federal securities laws are statutory and not in the nature of assumpsit. Plaintiffs' claims for common law fraud, fraudulent transfer, and real estate fraud are torts and, similarly, are not in the nature of assumpsit. See, e.g., Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1272 (D. Haw. 2013) (finding that the plaintiff's fraud claims related to a mortgage were not in the nature of assumpsit under Hawaii law); TSA Int'l Ltd., 990 P.2d at 734 (holding that fraud claims related to a contract sound in tort, not in assumpsit). Plaintiffs' claim for constructive trust is not in the nature of assumpsit. See Fujimoto v. Au, 19 P.3d 699, 706 (Haw. 2001) (holding that litigation related to investors involved in the purchase and development of real estate that included a claim for the imposition of constructive trust was "not in the nature of assumpsit"). Finally, Plaintiffs' claim for quiet title is not in the nature of assumpsit. See Benoist v. U.S. Bank Nat. Ass'n, No. CIV. 10-00350 JMS, 2013 WL 704865, at *5 (D. Haw.), *adopted by*, 2013 WL 705100 (D. Haw.) ("The Court finds that a quiet title claim is not in the nature of assumpsit."). Having evaluated each claim, the Court finds that the essential character of the action is not in the nature of assumpsit. Because this action is not in the nature of assumpsit, the Court FINDS that the Gaurino Defendants are not entitled to an award of attorneys' fees against

9

Plaintiffs under Section 607-14. Accordingly, the Court RECOMMENDS that the district court DENY the Gaurino Defendants request for an award attorneys' fees against Plaintiffs under Hawaii law.

## II. Calculation of Attorneys' Fees

A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). However, a court may decide to adjust the lodestar figure based on an evaluation of several factors: the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

Here, the Gaurino Defendants request an award for 534.95 hours at the rate of $250 per hour for work completed by both John R. Remis, Jr., and

Robert D. Eheler, Jr., plus general excise tax. See ECF No. 488-2, Decl. of Counsel in Supp. of Mot., ¶ 4.

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.

### 1. Mr. Remis' and Mr. Ehler's Hourly Rates

Mr. Remis has fifty years of legal experience, and Mr. Eheler has twenty-seven years of legal experience. See ECF No. 488-2, Decl. of Counsel in Supp. of Mot., ¶ 2. The Gaurino Defendants request a rate of $250 per hour for the work performed by both Mr. Remis and Mr. Eheler. Id. ¶ 3. Counsel's declaration states that the hourly rate requested is below market rates and that attorneys with similar experience charge between $350 to $750 per hour. Id. ¶ 3. Based on counsel's declaration regarding the rates for attorneys with comparable experience in this community, the Court finds that the requested rate is reasonable. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037,

11

1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).[3]

### B.  Reasonable Hours Spent

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged.  See Gates, 987 F.2d at 1397-98.

The court is required to explain how it made its fee determination in a comprehensible, but not elaborate, fashion.  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); see also Hensley, 461 U.S. at 437 (stating that the court's explanation may be "concise," but must also be "clear").  Although

---

[3] The Ninth Circuit recently reiterated that the declarations of counsel submitted in support of the Motion regarding their education, experience, and hourly rates in the community should be considered by the district court as sufficient evidence to establish the prevailing market rates.  See Roberts v. City of Honolulu, No. 16-16179, 2019 WL 4308874, at *3-*4 (Sept. 12, 2019).

Plaintiffs did not file an opposition to the Gaurino Defendants' Motion, "the court has its own 'independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case.'" De-Occupy Honolulu v. City & Cty. of Honolulu, No. CIV. 12-00668 JMS, 2015 WL 1013834, at *12 (D. Haw.) (quoting Irwin v. Astrue, 2012 WL 707090, at *1 (D. Or.)).

The Gaurino Defendants request 534.95 hours for work performed by their counsel. See ECF No. 488-3. The Court has carefully reviewed the time entries submitted by counsel and finds that reductions are appropriate for insufficient information regarding telephone calls, clerical tasks, and block billing.

First, a reduction is appropriate because several of counsel's time entries involving telephone calls do not contain sufficient information for the Court to determine whether the hours were reasonably necessary. The party seeking an award of fees "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2). [4] Additionally, Local Rule 54.3(d)(2) states that "time entries for telephone

---

[4] The Local Rules were amended effective September 1, 2019. Because this Motion was filed prior to that date, the Court applies the Local Rules in effect at the time of filing. However, the amended Local Rules contain an identical provision. See LR54.2(f)(3) ("The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.").

conferences must include an identification of all participants and the reason for the call." LR54.3(d)(2).[5]  The Court finds that several time entries about telephone calls do not contain enough information to allow the Court to determine the reasonableness of the hours expended.  Accordingly, the Court deducts 3.9 hours from the requested time.[6]

Second, a reduction is appropriate for the time entries for clerical tasks.  Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See Jeremiah B. v. Dep't of Educ., Civil No. 09–00262 DAE–LEK, 2010 WL 346454, at *5 (D. Haw.) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  The Court finds that the time requested for communications with the Court, preparing and delivering courtesy copies to the Court, and reviewing ministerial court notices are clerical in nature.  Accordingly, the Court deducts 4.5 hours from the requested time.[7]

---

[5] The newly amended Local Rules contain an identical provision.  See LR54.2(f)(3) (amended 9/1/2019) (providing that "time entries for telephone conferences must include an identification of all participants and the reason for the call").

[6] Counsel's time entries for telephone calls that do not contain sufficient information were on 9/28/2016 (0.5 hours), 3/13/2017 (0.3 hours), 3/17/2017 (0.4 hours), 8/17/2017 (0.2 hours), 8/28/2017 (0.2 hours), 11/9/2017 (0.5 hours), 7/10/2018 (0.5 hours), 6/28/2019 (1.1 hours), and 6/29/2019 (0.2 hours) for a total of 3.9 hours.  See ECF No. 488-3 at 2, 4-6.

[7] Counsel's time entries for clerical tasks were on 7/11/2016 (0.1 hours), 7/12/2017 (0.4 hours), 6/1/2017 (0.5 hours), 7/3/2017 (1.0 hours), and 6/27/2019 (2.5 hours) for a total of 4.5 hours.  See ECF No. 488-3 at 1, 3, 9.

Third, a reduction is appropriate because a significant portion of counsel time is block billed. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (D. Haw.) (citation omitted). Courts may reduce hours that are block billed because it is difficult to determine the reasonableness of the time counsel expended on each task. See Welch v. Metro Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). If the court makes a reduction for block filling, "it should 'explain how or why. . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Id. (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)). Although many of the Gaurino Defendants' counsel's time entries are for one task or provide a breakdown of the time spent on each task, several entries for longer time periods are block billed. See, e.g., ECF No. 488-3 at 7-10. Based on the Court's review of the time entries, a total of 125.3 hours were block-billed,[8] which is nearly one-fourth of the total time requested by counsel.

---

[8] Counsel's time entries that were block billed were on 2/2/2017 (0.5 hours), 6/21/2017 (6.0 hours); 8/17/2017 (2.5 hours); 2/3/2018 (2.5 hours), 4/4/2018 (1.5 hours), 9/21/2018 (0.9 hours), 9/28/2018 (3.6 hours), 10/9/2018 (2.6 hours), 11/27/2018 (0.3 hours), 1/31/2019 (0.4 hours), 6/3/2019 (2.9 hours), 6/6/2019 (2.5 hours), 6/7/2019 (2.0 hours), 6/11/2019 (1.2 hours), 6/12/2019 (3.0 hours), 6/17/2019 (8.2 hours), 6/18/2019 (10.0 hours), 6/19/2019 (3.8 hours), 6/20/2019 (4.1 hours), 6/21/2019 (6.5 hours), 6/23/2019 (6.5 hours), 6/25/2019 (14.0 hours),

The Court finds that a reduction of 30% of the block-billed hours is appropriate. See Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1223 (9th Cir. 2010) (finding a reduction of 30% appropriate for block billed hours). Accordingly, the Court deducts 37.6[9] hours from the time requested.

The Court has carefully reviewed the remaining time entries submitted by the Gaurino Defendants' counsel and finds that the remaining hours requested are reasonable.

As detailed above, the Court finds that the following rates and hours are reasonable: $250 per hour for 488.95[10] hours of work, for an award of $122,237.50 in attorney's fees.[11] The Court finds that the Gaurino Defendants' request for Hawaii General Excise Tax of 4.712% on these fees[12] is also reasonable, for an additional award of $5,759.83.

---

6/30/2019 (11.5 hours), 7/2/2019 (2.3 hours), 7/6/2019 (9.5 hours), 7/7/2019 (14.0 hours), and 7/17/2019 (2.5 hours) for a total of 125.3 hours. See ECF No. 488-3 at 2, 3, 5, 6-10.

[9] 125.3 block-billed hours x 0.30 reduction for block billing = 37.6 hours to be deducted.

[10] 534.95 hours requested - 3.9 hours for insufficient descriptions of telephone calls - 4.5 hours for clerical tasks - 37.6 hours for block billing = 488.95 hours.

[11] $250 per hour x 448.95 hours = $122,237.50.

[12] $122,237.50 x 0.04712 = $5,759.83.

CONCLUSION

In total, the Court FINDS AND RECOMMENDS that the district court AWARD the Gaurino Defendants $127,997.33[13] in fees and taxes against Plaintiff Andrade.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 16, 2019.



Wes Reber Porter
United States Magistrate Judge

**ATOOI ALOHA LLC V. GUARINO, ET AL.; CIVIL NO. 16-00347 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART THE GAURINO DEFENDANTS' MOTION FOR ATTORNEY FEES**

---

[13] $122,237.50 + $5,759.83 = $127,997.33.