IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILLICENT ANDRADE, ET AL., | ) CIVIL NO. 16-00347 JAO-WRP |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) THIRD PARTY DEFENDANT |
| | ) ASSOCIATION OF APARTMENT |
| ABNER GAURINO, ET AL., | ) OWNERS OF DIAMOND HEAD |
| | ) SANDS MOTION FOR |
| Defendants. | ) SUPPLEMENTAL AWARD OF |
| | ) ATTORNEYS' FEES AND COSTS |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT THIRD
PARTY DEFENDANT ASSOCIATION OF APARTMENT OWNERS
OF DIAMOND HEAD SANDS MOTION FOR SUPPLEMENTAL
AWARD OF ATTORNEYS' FEES AND COSTS

Before the Court is Third Party Defendant Association of Apartment Owners of Diamond Head Sands (Association) Motion for Supplemental Award of Attorneys' Fees and Costs, filed on August 2, 2019 (Motion). See ECF No. 501. The Association requests a supplemental award of attorneys' fees against Defendant Abigail Gaurino. See id. The Association filed a Statement of Consultation on August 15, 2019. See ECF No. 510. Defendant Abigail Gaurino did not file an opposition or other response to the Motion.

After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Association's Motion be GRANTED IN PART AND DENIED IN PART.[1]

## BACKGROUND

Because the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the present Motion.

Plaintiff Atooi Aloha, LLC entered into an agreement to purchase shares in exchange for the conveyance of certain real property (the Property). See ECF No. 30, First Amended Complaint, ¶ 37. The Property was conveyed to Defendant Abigail Gaurino. See id. The Association administers and operates the condominium project where the Property is located. See ECF No. 169-2, Crossclaim Against Defendant Abigail Lee Garuino, ¶ 3.

In this action, Plaintiffs brought suit against Defendant Abigail Gaurino, APT-320 LLC, the holder of the Note and Mortgage on the Property, and others related, in part, to the conveyance of the Property. See ECF Nos. 1, 30. Defendant APT-320 LLC filed a Third-Party Complaint against the Association. See ECF No. 145. The Association then filed a Crossclaim against Defendant Abigail Gaurino asserting a claim for unpaid assessments and attorneys' fees and costs incurred by the Association. See ECF No. 169-2. On October 3, 2018, a

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

stipulation resolving the Association's Crossclaim against Defendant Abigail Gaurino was approved and ordered by the district court (Stipulation and Order). See ECF No. 334.  Pursuant to the Stipulation and Order, the Association is entitled to judgment against Defendant Abigail Gaurino on its crossclaim, including attorneys' fees and costs incurred by the Association.  See id. at 6-7.  The Stipulation and Order states that the Association had incurred through September 12, 2018, attorneys' fees and costs of $24,995.89.  See id. at 7.

      Judgment was entered based, in part, on the Stipulation and Order, by the Clerk on July 19, 2019.  See ECF No. 484.  The present Motion followed.  See ECF No. 501.  In the present Motion, the Association ask the Court to award additional attorneys' fees and costs against Defendant Abigail Gaurino that the Association has incurred since September 13, 2018.  See id.

## DISCUSSION

      A federal court sitting in diversity applies state law in determining whether the prevailing party is entitled to attorney's fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation omitted).

      As detailed above, the Stipulation and Order provides that the

Association is entitled to an award against Defendant Abigail Gaurino for attorneys' fees and costs incurred by the Association.  See ECF No. 334 ¶ 5.  Based on the Stipulation and Order, the Court finds that the Association is entitled to an award of attorneys' fees and costs.

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).

### A.  Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009).  The Court finds that federal case law regarding the determination of a reasonable

hourly rate is instructive in this case. In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.

The Association requests rate between $245 – $260 per hour for the work performed its counsel. See ECF No. 501-6. Counsel's declaration states that the hourly rate requested is at or below market rates for work by attorneys with similar experience. See ECF No. 501-1, Decl. of Pamela Schell, ¶ 4. Based on counsel's declaration regarding the rates for attorneys with comparable experience in this community, the Court finds that the requested rates are reasonable. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).[2]

---

[2] The Ninth Circuit recently reiterated that the declarations of counsel submitted in support of the Motion regarding their education, experience, and hourly rates in the community should be considered by the district court as

## B. Reasonable Hours Spent

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case. The Association bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred). The court must guard against awarding fees and costs that are excessive and must determine which fees and costs were self-imposed and avoidable. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 637 (D. Haw. 1993) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34).

The Court has carefully reviewed the time entries submitted by counsel and finds that limited reductions are appropriate for time spent on clerical tasks. Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. See Jeremiah B. v. Dep't of Educ., Civil No. 09–00262

---

sufficient evidence to establish the prevailing market rates. See Roberts v. City of Honolulu, No. 16-16179, 2019 WL 4308874, at *3-*4 (Sept. 12, 2019).

6

DAE–LEK, 2010 WL 346454, at *5 (D. Haw.) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  The Court finds that the time entries for reviewing ministerial court notices and for formatting and filing documents are clerical in nature.  Accordingly, the Court deducts 1.2 hours from the time requested for work completed by Ms. Schell.[3]

### C. Total Attorneys' Fees and Taxes

The Court has reviewed in detail the remaining time entries, including the estimated time for finalizing the present Motion and recording the final judgment, and finds that the remaining hours requested are reasonable.  The Court finds that the Association's request for an award of $8,855.62 in fees is reasonable.[4]  The Court finds that the Association's request for Hawaii General Excise Tax of 4.712% on these fees is also reasonable, for an additional award of $417.28.[5]

### D. Costs

The Association also seeks an award of costs in the amount of $327.74 including taxes.  See ECF No. 501-7.  The Court has reviewed the

---

[3] Counsel's time entries for clerical tasks were on 1/11/2019 (0.1 hours), 1/16/2019 (0.1 hours), 2/14/2019 (0.1 hours), 10/4/2018 (0.1 hours), and 10/1/2018 (0.8 hours) for a total of 1.2 hours, which is $312.00 in fees.  See ECF No. 501-6 at 1, 3, 6.

[4] $9,167.62 requested - $312.00 for clerical work = $8,855.62.

[5] $8,855.62 x 0.04712 = $417.28.

itemized costs requested for postage, copies, and recording fees and finds them to be reasonable. See ECF No. 501-7. The Court RECOMMENDS that the district court award the Association $327.74 in costs and taxes.

## CONCLUSION

In total, the Court FINDS AND RECOMMENDS that the district court AWARD Third Party Defendant Association of Apartment Owners of Diamond Head Sands $9,600.64[6] in attorneys' fees, costs, and taxes against Defendant Abigail Gaurino.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 19, 2019.



_____
Wes Reber Porter
United States Magistrate Judge

**ATOOI ALOHA LLC V. GUARINO, ET AL .; CIVIL NO. 16-00347 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT THIRD PARTY DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD SANDS MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES AND COSTS**

---

[6] $8,855.62 in fees + $417.28 in taxes + $327.74 in costs and taxes = $9,600.64.