IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATOOI ALOHA, LLC, by Millicent Andrade and Craig B. Stanley, its Managing Members, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ABNER GAURINO, et al., <br><br> Defendants. | CIVIL NO. 16-00347 JAO-WRP <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRISTETA C. OWAN'S MOTION TO UNSEAL DOCUMENT |

## **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRISTETA C. OWAN'S MOTION TO UNSEAL DOCUMENT**

Before the Court is Defendant Cristeta Owan's ("Defendant") Motion to Unseal Document, filed January 29, 2020. ECF No. 534. The Court finds this Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c).[1] For the reasons articulated below, the Court GRANTS in part and DENIES in part the Motion.

---

[1] By letter dated February 20, 2020, defense counsel requested an expedited decision and/or hearing date in order to adhere to the Ninth Circuit's March 4, 2020 deadline to file supplemental transcripts. Requests for expedited adjudication should be raised at the time a motion is filed, not days before counsel wishes to obtain a ruling.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court need not recount it here. The Court includes only those facts necessary to address Defendant's Motion.

On July 8, 2019, the scheduled trial date, the Court held a status conference, at which Plaintiffs' counsel orally moved to withdraw as counsel. ECF No. 476. The Court cleared the courtroom and sealed the portion of the proceeding concerning with withdrawal of counsel to allow counsel and the parties to address their relationship and communications. During the proceedings, Plaintiff Craig Stanley ("Stanley") had an outburst, stormed out of the courtroom, and elected not to return. *Id.* After granting counsel's motion to withdraw, the Court dismissed Plaintiff Atooi Aloha, LLC because it could not appear pro se as a corporate entity. *Id.* Plaintiff Millicent Andrade ("Andrade") moved to dismiss the case following a discussion with the Court. *Id.* The Court granted her motion and dismissed all of her claims with prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a). *Id.* Due to Stanley's failure to return to the proceedings—despite having been given the opportunity to do so—the Court dismissed his claims with prejudice pursuant to FRCP 41(b). *Id.*

On July 15 and 16, 2019, the Court issued written orders memorializing its oral rulings. ECF Nos. 478, 480.

DISCUSSION

Defendant asks the Court to: (1) authorize disclosure of the sealed portions of the transcript from proceedings on July 8, 2019; (2) order the transcript to be filed/transmitted to the Ninth Circuit on or before March 4, 2020; (3) forward the transcript to the Ninth Circuit under seal, unseal it altogether, or provide Andrade with an appropriate period of time to file a motion to seal the transcript; and (4) tax court reporter costs against Andrade upon proof of payment by Defendant. Andrade did not file a response.

Defendant argues that Andrade has waived confidentiality with respect to the sealed portion of the July 8, 2019 proceedings because of the claims Andrade raised on appeal.[2] Defendant contends that she cannot meaningfully respond to Andrade's arguments without reviewing the sealed portion of the proceedings. The Court agrees.

"[P]arties in litigation may not abuse the [attorney-client] privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). By asserting such claims, a party is deemed to have implicitly waived the privilege. *See id.* The attorney-client privilege cannot be used as both a shield and

---

[2] For example, in her Opening Brief, Andrade states that either she or the Court dismissed counsel, but Defendant was under the impression that counsel moved to withdraw. *See* ECF No. 534-3.

a sword.  *See id.*; *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).  Because the issues raised by Andrade pertain in part to the sealed portion of the hearing, Andrade has implicitly waived any attorney-client privilege implicated during that portion of the hearing.  Having presided over the proceeding and reviewed the subject transcript, the Court finds that Defendant is entitled to access the transcript to respond to Andrade's arguments on appeal.  Accordingly, the Court UNSEALS the sealed portion of the July 8, 2019 hearing.  A certified copy of the transcript shall be filed with the Clerk.  Defendant is directed to take the necessary steps to ensure that the Ninth Circuit timely receives the transcript.

As for Defendant's request to tax transcript costs against Andrade, the Court denies the request without prejudice.  Defendant's bare reliance on Federal Rules of Appellate Procedure 10 and 11 is insufficient.  Notably, neither of the parties complied with Circuit Rule 10-3.1, which in part addresses the payment of additional portions of the transcript.  If Defendant wishes to recover transcript costs, she must file an adequately supported motion setting forth the factual and legal bases entitling her to relief.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS in part and DENIES in part Defendant's Motion to Unseal Document.  ECF No. 534.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, February 28, 2020.



Jill A. Otake
United States District Judge

CV 16-00347 JAO-WRP; *Atooi Aloha, et al. v. Gaurino, et al.*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRISTETA C. OWAN'S MOTION TO UNSEAL DOCUMENT